**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division**

| | |
|---|---|
| L.W., by and through her parents and next friends, Samantha Williams and Brian Williams; SAMANTHA WILLIAMS; BRIAN WILLIAMS; JOHN DOE, by and through his parents and next friends, Jane Doe and James Doe; JANE DOE; JAMES DOE; RYAN ROE, by and through his parent and next friend, Rebecca Roe; REBECCA ROE; and SUSAN N. LACY, on behalf of herself and her patients, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter; TENNESSEE DEPARTMENT OF HEALTH; RALPH ALVARADO, in his official capacity as the Commissioner of the Tennessee Department of Health; TENNESSEE BOARD OF MEDICAL EXAMINERS; MELANIE BLAKE, in her official capacity as the President of the Tennessee Board of Medical Examiners; STEPHEN LOYD, in his official capacity as Vice President of the Tennessee Board of Medical Examiners; RANDALL E. PEARSON, PHYLLIS E. MILLER, SAMANTHA MCLERRAN, KEITH G. ANDERSON, DEBORAH CHRISTIANSEN, JOHN W. HALE, JOHN J. MCGRAW, ROBERT ELLIS, JAMES DIAZ-BARRIGA, and JENNIFER CLAXTON, in their official capacities as members of the Tennessee Board of Medical Examiners; and LOGAN GRANT, in his official capacity as the Executive Director of the Tennessee Health Facilities Commission, <br><br> Defendants. | Civil Action No. 3:23-cv-00376 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED
PSEUDONYMOUSLY**

1

Pursuant to Federal Rule of Civil Procedure 5.2, Plaintiff John Doe, by and through his parents and next friends, Jane Doe and James Doe; Jane Doe; James Doe; Ryan Roe, by and through his parent and next friend, Rebecca Roe; and Rebecca Roe (collectively, "Movants") respectfully move this Court for an order permitting the minor Movants to bring this action pseudonymously to protect their identities from public disclosure and permitting their parents and next friends also to proceed pseudonymously for the same reason.[1]  Movants respectfully submit the following brief in support of their motion.

## INTRODUCTION

By this motion, Movants – two of the three transgender minor Plaintiffs in this action (ages 12 and 15) and their parents – seek permission to proceed under pseudonym.  A third transgender minor Plaintiff and her parents do not seek this relief.

Movants John Doe and Ryan Roe ("Minor Movants") are transgender minors who are residents of Tennessee.  They, together with all the other Movants, bring this action to challenge the legality of recently enacted Tennessee Senate Bill 1, codified in Tennessee Code Annotated § 68-33-101 *et seq.* (hereinafter the "Health Care Ban" or "Ban").  Specifically, the Health Care Ban violates the Equal Protection Clause of the Fourteenth Amendment because it discriminates on the basis of sex and transgender status by prohibiting certain medical treatments only for transgender patients and only when those treatments are performed "for the purpose of…[e]nabling a minor to identify with, or live as," a gender identity other than the sex designated at birth, and violates the Due Process Clause of the Fourteenth Amendment's right to parental autonomy by preventing

---

[1] To protect their privacy pending consideration of this motion, Minor Movants have used in their Complaint and in this motion the pseudonyms for themselves and their parents and next friends that they seek permission to use in this action.  Should the Court deny this motion, Minor Movants will consider dismissing their claims, as proceeding publicly is too great a risk for them.

2

parents from seeking appropriate medical care for their children when the course of treatment is supported by the child and their doctor. The Ban also directly conflicts with and is pre-empted by section 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116 ("Section 1557"), which bars those engaged in a "health program or activity" and in receipt of federal financial assistance from discriminating on the basis of sex. Since the Tennessee Department of Health (and its sub-agencies, including the Tennessee Board of Medical Examiners), is a "health program or activity" within the meaning of Section 1557 and receives federal financial assistance, the Ban wrongfully requires it to violate federal law.

Movants John Doe and Ryan Roe seek leave to proceed pseudonymously in this action to protect their privacy and safety and avoid exposure to discrimination and harassment, and because of their age. In particular, John Doe and Ryan Roe have not disclosed their transgender status to some people in their lives, including people at school, in community activities, and in other activities and engagements, and they fear for their personal safety were their identity to become widely known. John Doe and Ryan Roe's parents and next friends also seek to proceed pseudonymously to further protect the identity of their minor children, as disclosure of the parents' identity would necessarily disclose the identity of their children. As transgender adolescents, John Doe and Ryan Roe are members of a group subject to frequent discrimination, harassment, and violence on account of their transgender status. Moreover, this case not only involves John Doe and Ryan Roe's transgender status but also their private medical information.

Accordingly, Movants respectfully ask this Court for permission to bring this action using assumed names for themselves and their next friends and parents for the purpose of protecting their identity from public disclosure. Movants have no objection, however, to providing their legal names to Defendants and the Court where appropriate. Finally, in moving to proceed under

pseudonyms, Movants do not intend to prevent the public from observing the proceedings or rulings of this Court under adequate protections, but only to prevent public disclosure of their identity and private medical information.

## ARGUMENT

Although, as a general matter, a complaint must state the names of all parties, under Fed. R. Civ. P. 10(a), "under certain circumstances…the district court may allow a plaintiff to proceed under a pseudonym." *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016). In particular, Rule 5.2 of the Federal Rules of Civil Procedure specifically recognizes the need to protect a minor's identity. *See* Fed. R. Civ. P. 5.2(a)(3). A plaintiff may proceed under a pseudonym if the Court concludes the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* (citations omitted). These factors, along with other circumstances unique to this case, such as the stigma of transgender identity, particularly in Tennessee, weigh heavily in favor of the requested relief.

## I.    Minor Movants Should Be Permitted To Proceed Under Pseudonyms Because Of Their Age.

As a rule, minors' identities are protected in court filings by the required use of their initials unless they affirmatively waive that protection. *See* Fed. R. Civ. P. 5.2(a)(3), (h). Courts can also enter an order requiring the redaction of "additional information," including initials, upon a

4

showing of "good cause."  *See* Fed. R. Civ. P. 5.2(e).  Recognizing the "heightened protection" appropriate for minor plaintiffs, courts frequently allow them to proceed under pseudonyms. *Porter*, 370 F.3d at 561; *see also Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children…"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (explaining that "the youth" of plaintiffs is often "a significant factor in the matrix of considerations arguing for anonymity" and finding the plaintiffs' youth to be an "especially persuasive" factor justifying anonymity); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *5 (S.D. Cal. Dec. 20, 2017) ("'[C]hild-plaintiffs' are deemed to be especially vulnerable, warranting their anonymity.").

Requiring John Doe and Ryan Roe to proceed under their real names, or even under their initials, will effectively disclose their identities and therefore other highly personal information. While one of the three transgender minor Plaintiffs and her parents are comfortable proceeding using the minor's initials, the other two transgender minor Plaintiffs, John Doe and Ryan Roe (and their parents), strongly desire to proceed under pseudonym.  Given the highly detailed—albeit non-identifying—information pled in the Complaint about Minor Movants, their families, and their medical histories, the use of pseudonyms is essential to protect their privacy.  Proceeding with pseudonyms is also necessary to ensure the ability of Minor Movants and their parents to control dissemination of information about their transgender status.  Given that Minor Movants are not known as transgender to everyone with whom they routinely interact, and that they fear for their safety should that information become suddenly and widely known, pseudonyms are critical to ensure that they can continue to control that information in a manner that ensures their safety.

Other courts have permitted transgender minors and their parents or guardians to use pseudonyms for precisely these reasons.  *See, e.g.*, *Ray v. Director, Ohio Dept. of Health*, No.

2:18-cv-272, 2018 WL 8804858, at *1 (S.D. Ohio Apr. 5, 2018) (allowing minor transgender plaintiff to proceed anonymously because of the social stigma associated with non-conforming gender identities).

Likewise, John Doe's and Ryan Roe's next friends and parents should be allowed to proceed using pseudonyms. Identifying their parents by name would effectively identify John Doe and Ryan Roe themselves. John Doe's and Ryan Roe's next friends and parents should remain anonymous for the same reasons that they themselves deserve the protection of a pseudonym: the Complaint necessarily pleads highly detailed—albeit non-identifying—information which, given the relatively small number of transgender youth, could be used to identify John Doe and Ryan Roe, especially when combined with their parents' legal names. *See Porter*, 370 F.3d at 560-61; *Stegall*, 653 F.2d at 186; *K.K. v. Comer*, No. 3:20-CV-96-PLR-DCP, 2020 WL 8459142, at *2 (E.D. Tenn. Sept. 14, 2020); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (permitting plaintiffs to proceed anonymously because the parents and child "share common privacy interests based on their inseparable relationship to one another" and "[o]rdering disclosure of the parents' identities would place—in effect—personally identifiable and confidential information about" the child "in the public record"). Courts regularly extend this protection to guardians in cases involving transgender youth. *See, e.g.*, *Doe v. Volusia Cty. Sch. Bd.*, No. 18-102 (M.D. Fla. Jan. 30, 2018), ECF No. 8; *Bd. of Educ. of Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Doe v. United States*, No. 16-cv-0640-SMY-DGW, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016).

6

II.     **Additional Relevant Factors Weigh Strongly In Favor Of Permitting Movants To Proceed Pseudonymously**.

A.     **Denial of the Motion To Proceed Pseudonymously Would Necessarily Require The Disclosure Of Highly Sensitive And Personal Information.**

Courts have recognized that a person's transgender status is of a very private and intimate nature that "may expose the [individual] to hostility, intolerance, and discrimination from others." *Pullum v. Elola*, No. 3:14-cv-1233, 2016 WL 749204, at *2 (M.D. Tenn. Feb. 25, 2016) (citing *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999)); *cf. Bloch v. Ribar*, 156 F.3d 673, 685 (6th Cir. 1998) (noting that "[o]ur sexuality…[is an] interest[] of an intimate nature which define[s] significant portions of our personhood"); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that "requiring Plaintiffs to disclose their transgender status…directly implicates their fundamental right of privacy"); *K.L. v. State*, No. 3AN-11-05431 CI., 2012 WL 2685183, at *6 (Alaska Super. Ct. Mar. 12, 2012) (finding "that one's transgender[] status is private, sensitive personal information" and "is entitled to protection").  Simply put, one's gender identity is "among the most intimate parts of one's life."  *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992).  "Disclosing that one is transgender involves a deep personal choice which the government cannot compel, unless disclosure furthers a valid public interest."  *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018).

Recognizing the highly personal and sensitive nature of a person's transgender status, courts have routinely allowed transgender litigants to proceed under pseudonyms.  *See, e.g.*, *Meriwether v. Trs. of Shawnee State Univ.*, No. 1:18-cv-753, 2019 WL 2392958 (S.D. Ohio Jan. 30, 2019); *Ray*, 2018 WL 8804858; *Highland*, 2016 WL 4269080; *Love*, 146 F. Supp. 3d 848; *Doe v. United Consumer Fin. Servs.*, No. 1:01 CV 1112, 2001 WL 34350174 (N.D. Ohio Nov. 9, 2001); *Blue Cross*, 794 F. Supp. at 74 (allowing transgender plaintiff to proceed pseudonymously because

7

"[a]s a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion").

Furthermore, John Doe's and Ryan Roe's gender dysphoria and related gender-affirming medical care would be broadly released to the public at large if this motion is not granted. The Sixth Circuit has held that "private health information" is entitled to constitutional privacy protection. *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 602 (6th Cir. 2013). Indeed, it has repeatedly interpreted the Supreme Court's decision in *Whalen v. Roe*, 429 U.S. 589 (1977), as creating a right to privacy in "avoiding disclosure of personal matters." *Moore v. Prevo*, 379 Fed. Appx. 425, 427 (6th Cir. 2010) (holding that individuals have a constitutionally protected interest in avoiding disclosure of their HIV-positive status); *see also Kallstrom v. City of Columbus*, 136 F.3d 1055, 1064 (6th Cir. 1998) (holding that when "the release of private information places an individual at substantial risk of serious bodily harm, possibly even death, from a perceived likely threat," the act triggers constitutional scrutiny). Accordingly, a medical diagnosis such as gender dysphoria, along with related gender-affirming medical care, is all highly private information and warrants protection from disclosure. *See Powell*, 175 F.3d at 112 (transgender people "are among those who possess a constitutional right to maintain medical confidentiality").

Based on the above, the Court should find Movants' privacy interests sufficient to proceed pseudonymously.

**B.    Disclosure Of Movants' Identities Would Expose Them To The Risk Of Stigmatization, Discrimination, Harassment, And Violence.**

Courts have recognized that "circumstances that pose a real danger of physical harm" warrant some form of anonymity in judicial proceedings. *Meriwether*, 2019 WL 2392958, at *2; *see also John Does 1-4 v. Snyder*, No. 12–11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012). Although risk to one's personal or professional reputation may not, standing alone,

8

constitute sufficient injury to permit a plaintiff to proceed pseudonymously, *see Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979), involuntary disclosure of a person's transgender status "exposes transgender individuals to a substantial risk of stigma, discrimination, intimidation, violence, and danger," *Arroyo Gonzalez*, 305 F. Supp. 3d at 333; *see also Ray*, 2018 WL 8804858, at *1. As numerous courts have recognized, "[t]he hostility and discrimination that transgender individuals face in our society today is well documented." *Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. 2014); *see also Love*, 146 F. Supp. at 856 (noting "there is a great deal of animosity towards the transgender community"); *Adkins v. N.Y.C*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015) ("[T]ransgender people have suffered a history of persecution and discrimination…this is 'not much in debate.'") (citation omitted).

These generally recognized dangers are present in Tennessee. Indeed, numerous individuals have been murdered in Tennessee because they are transgender. *See, e.g.*, Madeleine Roberts, *HRC Mourns Angel Unique, Black Trans Woman Killed in Memphis, Tenn.*, Human Rights Campaign (Nov. 2, 2020), https://www.hrc.org/news/hrc-mourns-angel-unique-black-trans-woman-killed-in-memphis-tenn; Jose Soto, *Remembering Danyale Thompson, Black Trans Woman Tragically Killed*, Human Rights Campaign (Nov. 22, 2021), https://www.hrc.org/news/remembering-danyale-thompson-black-trans-woman-tragically-killed.

Because of the tremendous risks of discrimination, harassment, and violence transgender people face on account of their transgender status, courts regularly have allowed transgender plaintiffs to proceed under pseudonyms. *See, e.g., Blue Cross*, 794 F. Supp. at 73 (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure"); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (N.Y. Sup. Ct. 2009) (shielding the publication of a transgender

9

individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public"). Indeed, the "most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Blue Cross*, 794 F. Supp. at 74 (citation omitted).

Movants' well-founded fears are based on the widespread misunderstanding of, and hostility towards, transgender persons, which has resulted in discrimination and harassment, as well as the prevalence of violence against transgender individuals. The threat of physical harm to transgender individuals due to the disclosure of their transgender status is real. As one court recognized, "there exist numerous documented instances of those targeted for violence based on their…gender identity." *In re E.P.L.*, 891 N.Y.S.2d at 621. Based on the above, Movants' fears that they will be exposed to an increased risk of discrimination, harassment, and even violence should their transgender status become publicly known are eminently reasonable, especially because the harm threatened is particularly severe.

## C. Denial of the Motion to Proceed Pseudonymously Would Cause the Injury This Litigation Seeks To Avoid.

It would be paradoxical and unjust to require the Movants, especially John Doe and Ryan Roe, to subject themselves to the very harms of discrimination and harassment they seek to prevent through litigation by requiring them to disclose their identity publicly against their will. *See Lindsey*, 592 F.2d at 1125 (explaining "if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid") (citation omitted); *see also M.T. v. Olathe Pub. Schs. USD 233*, No. 17-2710-JAR-GEB, 2018 WL 806210, at *3 (D. Kan. Feb. 9, 2018) (finding that "the

10

real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure" of the plaintiff's identity). "Justice should not carry such a high price." *Plaintiff B v. Francis*, 631 F.3d 1310, 1319 (11th Cir. 2011). The Court should therefore give due consideration to Movants' concerns about being forced to maintain this suit in their own names as the cost of bringing a suit to challenge and prevent discrimination.

## III. Granting Movants' Request To Proceed Pseudonymously Is in the Public's Interest and Would Cause No Prejudice To Defendants.

Protecting constitutional rights is of the utmost public interest, and lawsuits seeking to vindicate those rights by definition serve the public. The "ultimate test" to determine whether a plaintiff may proceed anonymously is "whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Roe v. Catholic Health Initiatives Colo.*, No. 11–cv–02179–WYD–KMT, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012) (citations omitted). Movants seek to vindicate and protect their constitutional and statutory rights, which apply to all persons in Tennessee. Forcing an individual to disclose such private and personal information would dissuade other similarly-situated individuals from bringing such claims. *Cf. Doe v. Standard Ins. Co.*, No. 1:15–cv–00105–GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) ("To deny Plaintiff's request under the circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but might also discourage others…from asserting their claims…").

Movants do not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case. Movants' request is narrowly tailored to prevent solely the disclosure of John Doe's and Ryan Roe's identity and those of their parents and next friends. "Particularly when the public will have access to the facts relevant to the parties' arguments and the Court's ultimate decision in the case, an order permitting Plaintiff to proceed under a pseudonym will not

11

unreasonably interfere with the public's interest in access to judicial records and will promote the public's interest" by protecting every individual's constitutional rights. *Standard Ins. Co.*, 2015 WL 5778566, at *3.

Furthermore, Movants do not seek to withhold their identity from Defendants or the Court where appropriate but only to proceed pseudonymously to prevent disclosure of Movants' identity in public documents. Allowing Movants to proceed under pseudonyms obviously will not prejudice Defendants; Defendants will know each Movant's identity to the full extent necessary to defend the law being challenged. "[I]t is unclear how [the Court's grant of the requested relief] would…hinder…[Defendants'] preparation" of the case, as Defendants here would still be able "to obtain all the information necessary to address" the issues in this case without public disclosure of Movants' names. *Porter*, 370 F.3d at 561; *see also Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (granting motion to proceed under pseudonym where defendant "already kn[e]w[] Doe's true identity").

## <u>CONCLUSION</u>

John Doe and Ryan Roe's ages, the highly sensitive and private nature of the information at issue; and the history of violence, discrimination, and other harm to transgender individuals (including transgender children) all support granting leave for Movants to proceed pseudonymously in this case.

Granting this motion will not prejudice Defendants or the public. For these and the foregoing reasons, Movants respectfully request that the Court grant their motion to proceed pseudonymously.

12

Dated: April 21, 2023

Respectfully submitted,

s/ Stella Yarbrough
Stella Yarbrough, BPR No. 033637
Lucas Cameron-Vaughn, BPR No. 036284**
Jeff Preptit, BPR No. 038451**
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org
*Attorneys for the Plaintiffs*

Joshua A. Block*
Chase Strangio*
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel.: 212-549-2593
jblock@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Sruti J. Swaminathan*
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
Tel.: 212-809-8585
sswaminathan@lambdalegal.org
*Attorney for the Plaintiffs*

Avatara A. Smith-Carrington*
Lambda Legal Defense and Education Fund, Inc.
1776 K Street N.W., 8th Floor
Washington DC 20006
Tel.: 202-804-6245
asmithcarrington@lambdalegal.org
*Attorney for the Plaintiffs*

*motions to appear pro hac vice pending*
**application for admission pending*

Tara Borelli*
Lambda Legal Defense and Education Fund, Inc.
1 West Court Square, Ste. 105
Decatur, GA 30030
Tel.: 404-897-1880
tborelli@lambdalegal.org
*Attorney for the Plaintiffs*

Joseph L. Sorkin*
Dean L. Chapman, Jr.*
Kristen W. Chin*
Richard J. D'Amato*
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: 212-872-1000
jsorkin@akingump.com
dchapman@akingump.com
kristen.chin@akingump.com
rdamato@akingump.com
*Attorneys for the Plaintiffs*

Elizabeth D. Scott*
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Tel.: 214-969-2800
edscott@akingump.com
*Attorney for the Plaintiffs*

Christopher J. Gessner*
David Bethea*
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street N.W.
Washington, DC 20006
Tel.: 202-887-4000
cgessner@akingump.com
dbethea@akingump.com
*Attorneys for the Plaintiffs*

13

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on April 21, 2023, a true and correct copy of the foregoing has been served on all defendants via in-person service on the Tennessee Attorney General at the following address:

       500 Dr MLK Jr Blvd
       Nashville, TN 37219

                    s/ Stella Yarbrough
                    Stella Yarbrough