# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| L.W., by and through her parents and next friends, Samantha Williams and Brian Williams; SAMANTHA WILLIAMS; BRIAN WILLIAMS; JOHN DOE, by and through his parents and next friends, Jane Doe and James Doe; JANE DOE; JAMES DOE; RYAN ROE, by and through his parent and next friend, Rebecca Roe; REBECCA ROE; and SUSAN N. LACY, on behalf of herself and her patients, | Case No. 3:23-cv-00376<br><br>District Judge Richardson<br><br>Magistrate Judge Newbern |
|                     Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Intervenor,<br><br>    v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter; TENNESSEE DEPARTMENT OF HEALTH; RALPH ALVARADO, in his official capacity as the Commissioner of the Tennessee Department of Health; TENNESSEE BOARD OF MEDICAL EXAMINERS; MELANIE BLAKE, in her official capacity as the President of the Tennessee Board of Medical Examiners; STEPHEN LOYD, in his official capacity as Vice President of the Tennessee Board of Medical Examiners; RANDALL E. PEARSON, PHYLLIS E. MILLER, SAMANTHA MCLERRAN, KEITH G. ANDERSON, DEBORAH CHRISTIANSEN, JOHN W. HALE, JOHN J. MCGRAW, ROBERT ELLIS, JAMES DIAZ-BARRIGA, and JENNIFER CLAXTON, in their official capacities as members of the Tennessee Board of Medical Examiners; and LOGAN GRANT, in his official capacity as the Executive Director of the Tennessee Health Facilities Commission,<br><br>                    Defendants. | |

# MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION TO INTERVENE

Under Federal Rule of Civil Procedure ("Rule") 24, the United States respectfully submits this brief in support of its motion to intervene in this lawsuit as Plaintiff-Intervenor. This lawsuit challenges the prohibition on certain types of gender-affirming medical care for transgender youth diagnosed with gender dysphoria contained in Section 68-33-103 of Act No. 2023-SB0001, Senate Bill 1, codified at Tenn. Pub. Acts § 68-33-101, *et seq.* (2023) ("SB 1").

Rule 24 provides for intervention either as of right or by permission, and the Sixth Circuit has repeatedly held that Rule 24 is to be broadly construed in favor of the potential intervenors. *See*, *e.g.*, *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000); *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). Here, the United States has a statutory right to intervene in this litigation under Rule 24(a). *See* Fed. R. Civ. P. 24(a)(1). Section 902 of the Civil Rights Act of 1964, as amended, grants the United States an unconditional right to intervene in certain cases seeking relief from the alleged denial of equal protection of the laws under the Fourteenth Amendment if the Attorney General certifies that the case is one of general public importance. 42 U.S.C. § 2000h-2. In its proposed Complaint in Intervention, the United States alleges that SB 1's ban on certain types of gender-affirming medical care for transgender youth diagnosed with gender dysphoria violates the Equal Protection Clause of the Fourteenth Amendment. Less than a year ago, the United States intervened in a similar matter challenging another state's ban on certain types of gender-affirming medical care for transgender youth. Further, the Attorney General has certified that this case is one of general public importance and the United States' motion to intervene is timely.

For these reasons, the Court should grant the United States' motion to intervene.

## BACKGROUND

SB 1 was signed into law by Governor Bill Lee on March 2, 2023. The law will become effective on July 1, 2023. Section 68-33-103 of SB 1 provides that

> A healthcare provider shall not knowingly perform or offer to perform on a minor, or administer or offer to administer to a minor, a medical procedure if the performance or administration of the procedure is for the purpose of: (A) Enabling a minor to identify with, or live as, a purported identity inconsistent with the minor's sex; or (B) Treating purported discomfort or distress from a discordance between the minor's sex and asserted identity.

SB 1, § 68-33-103. The prohibited medical procedures include prescribing, administering, or dispensing any puberty blocker or hormone. *Id.* § 68-33-102(5). SB 1 also prohibits anyone, not just a health care provider, from "knowingly provid[ing]" a hormone or puberty blocker "by any means" to a minor if the provision is not in compliance with SB 1. *Id.* § 68-33-104.

SB 1 permits the same medical procedure when it is "to treat a minor's congenital defect, precocious puberty, disease, or physical injury." *Id.* § 68-33-103(b)(1). It also allows any medical procedure otherwise prohibited by SB 1, if it began before the effective date of SB 1 and concludes by March 31, 2024. *Id.*

SB 1 creates three enforcement mechanisms. First, SB 1 requires the Tennessee Attorney General and Reporter ("TN AG" or "TN Attorney General") to create a process for reporting violations of the statute and authorizes the TN AG to bring an action against a health care provider or "any person" that knowingly commits a violation. *Id.* § 68-33-106. The TN AG may bring such action within 20 years of the purported violation, and may seek an injunction, disgorgement of profits, and a civil penalty of $25,000 per violation. *Id.* § 68-33-106(b).

Second, SB 1 provides for a private right of action against the health care provider or other person who violates SB 1 that can be brought by any minor or parent of a minor (unless the

parent consented to the conduct constituting the violation) who received a medical procedure prohibited under SB 1. The statute allows for such cause of action for an extended period—30 years from when the minor reaches 18 or 10 years of the minor's death, if the minor dies. *Id.* § 68-33-105.

Third, SB 1 provides for "Healthcare Provider Licensing Sanctions," requiring "appropriate regulatory authorities" to take unspecified "emergency action" whenever (1) a court renders a final judgment in a private civil action finding a violation of SB 1, and therefore notifies—as required by SB 1—the appropriate regulatory authority and the TN Attorney General and (2) the regulatory authority "otherwise becom[es] aware of an alleged violation." *Id.* §§ 68-33-105(c); 68-33-107.

The *L.W.* Plaintiffs, who include three transgender minors and their parents and Dr. Susan Lacy, a health care provider, initiated this lawsuit on April 20, 2023 against TN AG Jonathan Skrmetti; the Tennessee Department of Health; Ralph Alvarado, the Commissioner of the Tennessee Department of Health; the Tennessee Board of Medical Examiners; Melanie Black, the President of the Tennessee Board of Medical Examiners; Stephen Loyd, Vice President of the Tennessee Board of Medical Examiners; Randall Pearson, Phyllis E. Miller, Samantha McLerran, Keith G. Anderson, Deborah Christiansen, John W. Hale, John J. McGraw, Robert Ellis, James Diaz-Barriga, and Jennifer Claxton, each of whom are members of the Tennessee Board of Medical Examiners, and Logan Grant, the Executive Director of the Tennessee Health Facilities Commission. In their lawsuit, the *L.W.* Plaintiffs allege, *inter alia*, that SB 1 discriminates on the basis of sex and transgender status in violation of the Equal Protection Clause of the Fourteenth Amendment; violates Plaintiff parents' fundamental rights to make decisions concerning the care of their children, including the ability to seek and follow

medical advice to protect the health and well-being of their children in violation of the Plaintiff parents' substantive Due Process rights under the Fourteenth Amendment; that SB 1 is preempted by Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116 ("Section 1557") because Section 1557 requires that health care providers who receive federal financial assistance not discriminate on the basis of sex while SB 1 requires health care providers to discriminate against adolescents on the basis of their sex and refuse to provide medically approved care to transgender adolescents, and discriminates on the basis of sex in violation of Section 1557.

The United States' Complaint in Intervention challenges SB 1's ban on certain forms of medically necessary gender-affirming care for transgender minors diagnosed with gender dysphoria on the basis that it discriminates on the basis of both sex and transgender status in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Specifically, the United States challenges four sections of SB 1: §§ 68-33-103; 104; 106; and 107.

## THE UNITED STATES HAS A RIGHT TO INTERVENE UNDER RULE 24(a)(1)

The United States' motion to intervene should be granted under Rule 24(a)(1) because the United States satisfies the requirements for intervention as of right. Under that rule on timely motion, a court must permit anyone to intervene who "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Where an intervenor timely files a motion to intervene and has an unconditional statutory right to intervene in the lawsuit, a court has no discretion to deny the intervention. *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019); *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 269 (E.D. Mich. 1997) (finding that the Fair Housing Act created an unconditional right of

intervention for aggrieved parties, and if an aggrieved party exercises such right, the court had no discretion to deny intervention).

The United States is given an unconditional right to intervene in this lawsuit by a federal statute. Section 902 of the Civil Rights Act of 1964 ("Section 902"), as amended, explicitly states that:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C. § 2000h-2. Numerous courts, including the Supreme Court, have recognized that this statute entitles the United States to intervene in equal protection cases. *See, e.g.*, *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 247-48 (2009) (acknowledging that Section 902 allows the Attorney General to intervene in private equal protection suits alleging sex discrimination); *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 430-31 (1976) (Section 902 authorizes the United States to continue as a party plaintiff despite the disappearance of the original plaintiffs); *Canterino v. Wilson*; 538 F. Supp. 62, 64 (W.D. Ky. 1982) (finding intervention pursuant to Section 902 was proper in a matter alleging denial of equal protection under the Fourteenth amendment on account of sex, the Attorney General certified the case is of general public importance, and the timing analysis weighed in favor of the United States' intervention even where trial was less than six weeks away).

Section 902 applies here. The United States alleges that SB 1 discriminates on the basis of sex and transgender status in violation of the Equal Protection Clause of Fourteenth Amendment to the United States Constitution—one of the claims brought in this matter by the

*L.W.* Plaintiffs. As required by Section 902, the Attorney General has certified that this is a case of public importance. U.S. Mot. to Intervene, Ex. 1.

The United States' motion is timely. The Sixth Circuit considers five factors to determine whether a motion to intervene has been timely filed: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the motion during which the proposed intervenor knew or reasonably should have known of their interest in the case; (4) prejudice to the original parties because of the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of any unusual circumstances that militate against or in favor of intervention. *Davis v. Lifetime Cap., Inc.*, 560 F. App'x 477, 490 (6th Cir. 2014) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *Jansen*, 904 F.2d at 340 (same). "The determination of whether a motion to intervene is timely "should be evaluated in the context of all relevant circumstances." *Stupak-Thrall*, 226 F.3d at 472-73 (quoting *Jansen*, 904 F.2d at 340).

Here, the United States satisfies all of the factors to make its motion for intervention timely. First, the United States is moving to intervene only six days after Plaintiffs initiated their lawsuit and less than 8 weeks after SB 1 was signed into law. SB 1 will not go into effect for more than two months. Second, the purpose of the United States' intervention is to properly exercise its unconditional right under Section 902 of the Civil Rights Act of 1964. Third, the United States is petitioning the Court for leave to intervene as quickly as possible after learning of its interest in this case. Fourth, the existing parties to the litigation will not suffer any prejudice if the United States' motion is granted and granting intervention will not have any

negative effect on the proceedings. The *L.W.* Plaintiffs filed their complaint on April 20, 2023, Defendants have not yet responded, and discovery has not yet commenced. As such, granting intervention to the United States here will not prejudice any party. And finally, there are no unusual circumstances that militate against granting intervention. *See* Procedural Order & Status of Forthcoming Opinion, *Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131 (M.D. Ala. 2022) (No. 2:22-cv-00184-LCB), ECF No. 94 (granting United States' motion to intervene in case challenging state's ban on gender-affirming medical care for transgender minors where motion was filed ten days after complaint and less than two weeks before law was to take effect).

Conversely, the United States will suffer prejudice if its motion to intervene is denied. This case implicates the United States' ability to protect its sovereign interest in ensuring that all persons, including transgender youth, are afforded equal protection of the laws in accordance with the Fourteenth Amendment to the U.S. Constitution. Granting intervention here will conserve resources and best serve judicial economy. It will ensure that the United States' interests are protected without requiring the filing of a separate lawsuit that would delay the adjudication of this matter and, ultimately, the constitutionality of SB 1. Such efficiency is particularly critical here given that SB 1 goes into effect on July 1, 2023.

Thus, the United States has met the requirements for intervention as of right under Rule 24(a)(1).[1]

---

[1] In the alternative, the Court should permit the United States to intervene in this litigation because the requirements for permissive intervention under Rule 24(b)(1)(B) are met here. First, the United States' putative claim shares common questions of law and fact with the *L.W.* Plaintiffs' Equal Protection claim. *See* Fed. R. Civ. P. 24(b)(1)(B). Both Plaintiffs and the United States claim violations of the Equal Protection Clause of the Fourteenth Amendment and these claims are based on the same facts. Both lawsuits challenge SB 1's ban on certain types of gender-affirming care for transgender youth diagnosed with gender dysphoria. Second, because the United States' motion is timely, intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Id.* at (b)(3). Given that the United States has

# CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion to intervene and order its intervention in this action.

Dated: April 26, 2023

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

s/*Ellen Bowden McIntyre*
ELLEN BOWDEN MCINTYRE
B.P.R. #023133
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
Facsimile: (615) 401-6626
Email: Ellen.Bowden2@usdoj.gov

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

CHRISTINE STONEMAN
Chief, Federal Coordination and
Compliance Section

COTY MONTAG (DC Bar No. 498357)*
Deputy Chief, Federal Coordination and
Compliance Section

s/*Tamica Daniel*
TAMICA DANIEL (DC Bar No. 995891)*
Trial Attorney
Housing and Civil Enforcement Section
GLORIA YI (NY Bar No. 4873824)*
ALYSSA LAREAU (DC Bar No. 494881)*
Trial Attorneys
Federal Coordination and Compliance
Section
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 514-4721
Tamica.Daniel@usdoj.gov
Gloria.Yi@usdoj.gov
Alyssa.Lareau@usdoj.gov

*Attorneys for Plaintiff-Intervenor United States of America*

*Pro hac vice motions pending

---

promptly moved to intervene, intervention will not unduly delay or prejudice the original parties' rights.

**CERTIFICATE OF SERVICE**

I certify that on April 26, 2023, a true and correct copy of the foregoing was served via the Court's CM/ECF system, if registered. A service copy also was served via both certified mail and personal service on the parties listed below.

| | |
|---|---|
| Avatara A. Smith-Carrington, Esq.<br>Lambda Legal Defense and Education Fund, Inc.<br>1776 K Street NW, Suite 722<br>Washington, DC 20006<br>Email: asmithcarrington@lambalegal.org | Dean L. Chapman Jr.<br>Joseph L. Sorkin, Esq.<br>Kristen W. Chin, Esq.<br>Richard J. D'Amato, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Email: dchapman@akingump.com<br>Email: jsorkin@akingump.com<br>Email: Kristen.chin@askingump.com<br>Email: rdamato@askingump.com |
| Tara L. Borelli, Esq.<br>Lambda Legal Defense and Education Fund, Inc.<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>Email: tborelli@lambalegal.org | Elizabeth D. Scott<br>Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Email: edscott@askingump.com |
| Chase Strangio, Esq.<br>Joshua A. Block, Esq.<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, New York 10004<br>Email: cstrangio@aclu.org<br>Email: jblock@aclu.org | Jeff Preptit, Esq.<br>Lucas Cameron-Vaughn, Esq.<br>ACLU (Nashville Office)<br>P.O. Box 120160<br>Nashville, TN 37212<br>Email: jpreptit@aclu-tn.org<br>Email: lucas@aclu-tn.org |
| Christopher J. Gessner, Esq.<br>David Bethea, Esq.<br>Akin, Gump, Strauss, Hauer & Feld LLC (DC Office)<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: cgessner@askingump.com<br>Email: dbethea@askingump.com | Stella Yarbrough<br>American Civil Liberties of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>Email: syarbrough@aclu-tn.org |

| | |
|---|---|
| Sruti J. Swaminathan, Esq.<br>Lambda Legal Defense and Education Fund, Inc.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Email: sswaminathan@lamblegal.org | Jonathan Skrmetti, in his official capacity as the Tennessee Attorney General and Reporter<br>General Reporter Attorney and Reporter<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*and*<br>Office of the Tennessee Attorney General<br>John Sevier Building, 4th Floor<br>500 Dr. Martin L. King, Jr. Blvd.,<br>Nashville, TN 37243 |
| Tennessee Department of Health<br>c/o General Reporter Attorney and Reporter<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*and*<br>John Sevier Building, 4th Floor<br>500 Dr. Martin L. King, Jr. Blvd.,<br>Nashville, TN 37243 | Ralph Alvarado, in his capacity as the Commissioner of the Tennessee Department of Health<br>c/o General Reporter Attorney and Reporter<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*and*<br>Office of the Tennessee Attorney General<br>John Sevier Building, 4th Floor<br>500 Dr. Martin L. King, Jr. Blvd.,<br>Nashville, TN 37243 |
| Tennessee Board of Medical Examiners<br>c/o General Reporter Attorney and Reporter<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*and*<br>Office of the Tennessee Attorney General<br>John Sevier Building, 4th Floor<br>500 Dr. Martin L. King, Jr. Blvd.,<br>Nashville, TN 37243 | Melanie Blake, in her official capacity as the President of the Tennessee Board of Medical Examiners<br>c/o General Reporter Attorney and Reporter<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*and*<br>Office of the Tennessee Attorney General<br>John Sevier Building, 4th Floor<br>500 Dr. Martin L. King, Jr. Blvd.,<br>Nashville, TN 37243 |
| Stephen Loyd, in his capacity as Vice President of the Tennessee Board of Medical Examiners<br>c/o General Reporter Attorney and Reporter<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*and* | Phyllis E. Miller, Samantha McLerran, Deborah Christiansen, John W. Hale, Robert Ellis, James Diaz-Barriga, and Jennifer Claxton, in their official capacities as members of the Tennessee Board of Medical Examiners |

| | |
|---|---|
| Office of the Tennessee Attorney General<br>John Sevier Building, 4th Floor<br>500 Dr. Martin L. King, Jr. Blvd.,<br>Nashville, TN 37243 | c/o General Reporter Attorney and Reporter<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*and*<br>Office of the Tennessee Attorney General<br>John Sevier Building, 4th Floor<br>500 Dr. Martin L. King, Jr. Blvd.,<br>Nashville, TN 37243 |
| Logan Grant, in his official capacity as the Executive Director of the Tennessee Health Facilities Commission<br>c/o General Reporter Attorney and Reporter<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>*and*<br>Office of the Tennessee Attorney General<br>John Sevier Building, 4th Floor<br>500 Dr. Martin L. King, Jr. Blvd.,<br>Nashville, TN 37243 | |

s/*Ellen Bowden McIntyre*
Ellen Bowden McIntyre
Assistant United States Attorney