IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W. et al., ) | |
| *by and through her parents and next friends,* ) | |
| *Samantha Williams and Brian Williams*, ) | |
| ) | No. 3:23-cv-00376 |
| Plaintiffs, ) | JUDGE RICHARDSON |
| ) | |
| v. ) | |
| ) | |
| JONATHAN SKRMETTI et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO RESET BRIEFING SCHEDULE AND CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS**

Defendants Jonathan Skrmetti, in his official capacity as Tennessee Attorney General and Reporter, Tennessee Department of Health ("TDH"), Ralph Alvarado, in his official capacity as Commissioner of TDH, Tennessee Board of Medical Examiners ("BME"), Melanie Blake, in her official capacity as President of BME, Stephen Lloyd, in his official capacity as Vice President of BME, Randall E. Pearson, Phyllis e. Miller, Samantha McLerran, Keith G. Anderson, Deborah Christiansen, John W. Hale, John J. McGraw, Robert Ellis, James Diaz-Barriga, and Jennifer Claxton, all in their official capacities as members of BME, and Logan Grant, in his official capacity as Executive Director of the Tennessee Health Facilities Commission (collectively "Defendants"), by and through counsel, and pursuant to Fed. R. Civ. P. 6(b)(1)(A) and 65(a)(2), respectfully request the Court to reset the briefing schedule related to Plaintiff's Motion for

1

Preliminary Injunction and to consolidate the preliminary injunction hearing with the trial on the merits.[1]

**INTRODUCTION**

Plaintiffs are attempting to rush this Court into a premature decision on their preliminary injunction motion based on a false premise. It is true that on July 1, 2023, Tennessee law regarding medical interventions for gender dysphoria will change. It is not true that it will change for the Plaintiff patients or the current patients of the Plaintiff physician. Plaintiffs' urgency rests on a misreading of a straightforward statute and, after waiting seven weeks to file this lawsuit, their desire for speed at the expense of deliberation should be rejected. It is on *April 1, 2024*, that the treatments the Plaintiffs currently receive or prescribe will no longer be lawful. Acknowledging that, and as a significant concession in light of the novelty and weakness of Plaintiffs' constitutional claims, Defendants propose an accelerated trial on the merits consolidated with the preliminary injunction hearing in January 2024.

Plaintiffs brought this action challenging on constitutional and statutory grounds Tennessee Public Chapter No. 1, 113th General Assembly (2023), Tenn. Code Ann. §§ 68-33-101, *et seq*. (ECF No. 33-1) ("the Act"), which prohibits certain medical procedures from being performed on or administered to minors "for the purpose of (A) [e]nabling a minor to identify with, or live as, a purported identity inconsistent with the minor's sex; or (B) [t]reating purported discomfort or distress from a discordance between the minor's sex and asserted identity." ECF No. 33-1, § 68-33-103(a)(1).

---

[1] Counsel for Defendants have conferred with Plaintiffs' counsel regarding the relief requested herein, and the parties have been unable to reach agreement as to the same as of the filing of this motion.

The new law takes effect July 1, 2023. ECF No. 33-1 at 449.[2] But it allows for the continuation of any covered treatment that began prior to the law's effective date to continue until March 31, 2024, assuming the patient's provider certifies that is necessary. *Id*. at 446-47, § 63-33-103(b)(1)(B), -(b)(3).

Shortly after filing their Complaint, Plaintiffs moved for a preliminary injunction to restrain Defendants from enforcing any provision of the new law (presumably as to the patient Plaintiffs' physician related to their care and the Plaintiff physician as to her practice, as this Court cannot enjoin enforcement unrelated to the parties), arguing that "a preliminary injunction is necessary to prevent irreparable harm to Plaintiffs," ECF No. 21 at 192, and suggesting that the Court consider their motion on an expedited basis, ECF No. 21 at 192-93 ("briefing should be concluded within twenty-one days after service of the motion papers" and "Plaintiffs are mindful that the [new law] is effective as of July 1, 2023").

There is no actual emergency. The Act allows each of the minor Plaintiffs to continue their current treatment regimen through March 31, 2024, if that is what their doctor thinks is best (a doctor who very tellingly is not a declarant in support of Plaintiffs' motion). Likewise, the provider Plaintiff, Dr. Lacy, may continue treatment of her minor patients through March 31, 2024 (also assuming she prepares the required certification). Dr. Lacy's assertion that her unknown future patients might need something after the law's effective date is too speculative and hypothetical to warrant preliminary injunctive relief. Good circumstantial proof that there is no real emergency is provided by the timing of this suit. Plaintiffs chose to wait until more than seven weeks after the law was enacted to bring this action—and their motion for preliminary injunctive relief with

---

[2] Pincites to docket materials reference the "Page ID" numbers in the ECF file stamps.

numerous fact and expert declarations attached—leaving the Court little time to consider the complex scientific and legal issues involved.

Because Plaintiffs have failed to demonstrate that the new law presents them with any threat of imminent harm, there is no reason for the Court to expedite its consideration of Plaintiff's request for preliminary injunctive relief. Instead, the Court should consolidate the preliminary injunction hearing with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2), and it should reset the briefing schedule for trial in January 2024, or as the Court is available, such that the Court has sufficient time to issue a ruling before the law's cutoff date of March 31, 2024.

Alternatively, should the Court disagree and elect to hold an evidentiary hearing prior to July 1, 2023, Defendants request an extension of time to respond to Plaintiff's motion.

## ARGUMENT

An injunction is a "drastic and extraordinary" order that "should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). A plaintiff seeking a preliminary injunction must establish, *inter alia*, that "he is likely to suffer irreparable harm in the absence of preliminary relief." *Sunless, Inc. v. Palm Beach Tan, Inc*., 33 F.4th 866, 868 (6th Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008)). The irreparable harm prong requires the injury to be "imminent," meaning that the plaintiffs' injury be "both certain and immediate, not speculative or theoretical." *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020) (quoting *D.T. v. Sumner Cnty. Sch.,* 942 F.3d 324, 327 (6th Cir. 2019) (internal quotations omitted)).

Plaintiffs have failed to present any facts whatsoever to demonstrate that the Act poses them any threat of "imminent," irreparable harm. The Act does not require that their current treatments cease on July 1 in any way, shape, or form. The patient Plaintiffs' real problem is with

VUMC and its apparent decision to stop treating them for its own reasons unrelated to the statute. As for Dr. Lacy, she admits she can continue treating her current patients through next March. So she resorts to evidence-free speculation about putative future minor patients who might want her to be their doctor.

I. **The Act presents no threat of imminent irreparable harm to Plaintiffs because it allows Plaintiffs to continue their current treatment through March 2024.**

The patient Plaintiffs' request for preliminary injunctive relief is based on their assertion that the new law's effective date of July 1, 2023, represents the date their ongoing treatment must end. But that assertion is based on a mischaracterization of the law.

As discussed, the prohibition on certain medical procedures for minors set forth in the new § 68-33-103(a), does not apply if "[t]he performance or administration of the medical procedure on the minor began prior to the effective date of this act and concludes on or before March 31, 2024." ECF 33-1 at 446, § 68-33-103(b)(1)(A). For this exception to apply, "the minor's treating physician must certify in writing that, in the physician's good-faith medical judgment, based on the facts known to the physician at the time, ending the medical procedure would be harmful to the minor." *Id*. at 447, § 68-33-103(b)(3). In other words, a minor currently receiving treatment prohibited by § 68-33-103(a)(1) may continue to do so through March 31, 2024, as long as the patient's provider completes the required certification. That exception applies to each of the minor Plaintiffs here, who are all receiving treatment from Dr. Cassandra Brady at Vanderbilt University Medical Center ("VUMC").

Plaintiff John Doe,[3] a 12-year-old, started taking puberty-blocking medication in February 2021 at the direction of Dr. Brady. ECF No. 25 at ¶17. Although John has expressed interest in

---

[3] Plaintiffs John Doe, Jane Doe, James Doe, Ryan Roe, and Rebecca Roe identify themselves in the Complaint and in their Motion for Preliminary Injunction using pseudonyms.

receiving cross-sex hormones (testosterone), John's mother says that "Dr. Brady has made clear that he will not qualify for this treatment for another year or two." *Id*. at ¶21. Dr. Brady also told John's mother that "despite the grandfather clause in the law, she cannot continue providing the same puberty-delaying care after July 1, 2023." *Id*., at ¶23. Dr. Brady apparently believes the law "allows her to do nothing more than wean patients off their care after July 1, 2023, and because that would be inappropriate and harmful to John, she will not continue to treat him." *Id*. In other words, instead of "weaning" John off the current puberty-blocking medication, Dr. Brady told John's mother it is safer and more appropriate to abruptly cut off John's medication. The new law says nothing about providers being required to "wean" patients off medication after the law takes effect; instead, it simply permits minors who were already receiving the treatment at issue prior to the law's effective date to continue receiving that treatment until March 2024 (assuming the provider completes the required certification). ECF 33-1, § 68-33-103(b). To be clear, if Dr. Brady cuts off John's current medication at any point prior to March 31, 2024, it will have nothing to do with the requirements of the Act.

Plaintiff Ryan Roe, a 15-year-old, began taking cross-sex hormones (testosterone) in January 2022 at the direction of Dr. Brady at VUMC. ECF No. 26 at ¶21; ECF No. 27 at ¶24-25. According to Ryan's mother, Rebecca Roe, VUMC informed her in March 2023 that "Vanderbilt will not be allowed to provide gender affirming care after July 1st for patients under 18." ECF No. 27 at ¶ 31. But Ryan's mother, Rebecca Roe, correctly read the statutory text and understands that the Act "allow[s] [treatment] to continue until March of 2024 for people like Ryan who had started on treatment." ECF No. 27 at ¶31. Again, whatever VUMC's reason for cutting Ryan off prior to March 31, 2024, it is not in any way traceable to the provisions of the Act that are the

subject of the requested preliminary injunction. Additionally, there is no allegation that Ryan plans to change treatment.

Plaintiff L.W. presents the same story. L.W., a 15-year-old, started puberty blockers in August 2021 at the age of 13 under the direction of Dr. Brady at VUMC. ECF No. 22 at ¶15; ECF No. 23 at ¶17-18. L.W. began taking cross-sex hormones (estrogen) in September 2022. ECF No. 22 at ¶18; ECF No. 23 at ¶22. However, L.W.'s providers at VUMC advised L.W.'s mother that L.W. "will no longer be able to receive treatment beginning July 1, 2023." ECF No. 23 at ¶26. Again, the new law does not require L.W.'s cross-sex hormone treatment to be cut off until March 31, 2024 (assuming L.W.'s provider completes the required certification). Furthermore, there is no allegation that L.W. intends to change treatment within the next year.

The patient Plaintiffs notably do not even say they are unable to get their desired treatments elsewhere in Tennessee (or in nearby states) through reasonable efforts. Cursory research shows that other providers in Tennessee are continuing to take on new patients through June 30, and planning to treat them through next March, further demonstrating the mischaracterization of the Act by the minor Plaintiffs' and/or Dr. Brady. *See* Ex. A, Choices Center for Reproductive Health, https://yourchoices.org/lgbtq-health-services/ ("Based on the new Tennessee ban on gender-affirming care for minors, if you start receiving gender-affirming hormone therapy with us by July 1st, 2023, you can continue that care through March 30, 2024.") (last accessed May 1, 2023).

To alleviate any confusion on the part of the minor Plaintiffs, their parents, their provider, or their counsel, Defendants formally represent what a simple reading of the law should have told them (and indeed Rebecca Roe already understands): <u>Defendants will not assert in any forum that the continuation of their current treatment through March 31, 2024, constitutes a violation of § 68-33-103(a).</u> This is, of course, provided that the requirements of § 68-33-103(b)(3) are met—i.e.,

<u>the minor's treating physician (the same for all three minor Plaintiffs) must "certify in writing that, in the physician's good-faith medical judgment, based upon the facts known to the physician at the time, ending the medical procedure would be harmful to the minor."</u> The patient Plaintiffs' assertions of imminent harm lack any supporting declaration from their physician substantiating that harm, and should their provider be unwilling to provide the certification required by § 68-33-103(b)(3), that fact would only underscore the lack of a "July 1" emergency.

The record likewise fails to demonstrate that the Act poses any threat of imminent irreparable harm to the provider Plaintiff, Dr. Susan Lacy, an OBGYN who provides hormone therapy to those ages 16 and up. ECF No. 28 at ¶12. Dr. Lacy (like Rebecca Roe) admits that for patients already receiving hormone therapy when the law takes effect, treatment may continue until March 31, 2024. *Id.* at ¶19. Her concern that she would not be able to provide hormone therapy to some unknown future patients who may request it after July 1, *see id.*, is too speculative and hypothetical to warrant preliminary injunctive relief. *See Hargett*, 978 F.3d at 391 (plaintiff's "irreparable injury" must be "both certain and immediate, not speculative or theoretical"); *Sumner Cty. Schs.*, 942 F.3d at 327 (unsubstantiated "fear" or purely "hypothetical threat of prosecution is not an immediate, irreparable injury that warrants the extraordinary remedy of" injunctive relief).

If VUMC or the provider Plaintiff, for their own reasons, refuse to provide continued treatment for current patients through March 31, 2024, that is no reason to rush this litigation through an expedited preliminary injunction hearing before the parties have sufficient time to explore the facts through the discovery process and to flesh out their legal theories through adequate briefing.

8
Case 3:23-cv-00376   Document 74   Filed 05/01/23   Page 8 of 13 PageID #: 674

## II. Plaintiffs' delay in bringing this action further counsels against rushing this preliminary injunction proceeding.

The Act was adopted by the General Assembly on February 23, 2023, and the Governor signed it into law on March 2, 2023. ECF 33-1. But Plaintiff waited more than a month and a half after the law was enacted before filing this action and moving on April 21, 2023, to enjoin Defendants from enforcing the new law. If Plaintiffs believed that the law would cause irreparable harm to them on July 1, they should have filed much earlier. Instead, they attempted to squeeze Defendants (and this Court) with a short schedule that necessarily could not involve the fact and expert discovery this case deserves.

"A party requesting a preliminary injunction must generally show reasonable diligence." *Memphis A. Phillip Randolph Institute v. Hargett*, 473 F. Supp. 3d 789, 795 (M.D. Tenn. July 21, 2020) (quoting *Benisek v. Lamone*, 138 S. Ct. 1942 (2018)); *see also Memphis A. Phillip Randolph Inst. v. Hargett*, 473 F. Supp. 3d 789, 792 (M.D. Tenn. July 21, 2020) Plaintiffs' claim of irreparable harm is contradicted by their decision to "wai[t] more than a month to file their preliminary injunction motion" after the bill was "enacted." *Thompson v. Alabama*, No. 2:16-CV-783-WKW, 2017 WL 3223915, at *11 (M.D. Ala. July 28, 2017). And the delay is even longer and less justifiable than that, since Plaintiffs' experienced counsel knew about the Act before it was passed and have filed similar cases against other States. *See Brandt et al. v. Rutledge, et al.*, No. 21-cv-450 (D. Ark. 2021); *Boe, et al. v. Marshall, et al.*, No. 2:22-cv-184 (M.D. Ala. 2022). *See also A.S. v. Lee*, 2021 WL 3421182, at *5-6 (M.D. Tenn. Aug. 5, 2021). This "delay in seeking injunction, standing alone," justifies denying their motion—much less considering this case on a more deliberate (but still substantially accelerated) timeline. *Tarek ibn Ziyad Acad. v. Islamic Relief USA*, 794 F. Supp. 2d 1044, 1059 (D. Minn. 2011).

**III.  The Court should set a new briefing schedule with a consolidated preliminary injunction hearing and trial on the merits**

Because the record demonstrates that Plaintiffs face no potential threat of having their ongoing treatment terminated due to Senate Bill 1 until March 31, 2024, the Court should consolidate the preliminary injunction hearing with the trial on the merits and set it for January 2024, allowing the parties sufficient time to fully explore the facts through the discovery process and to adequately flesh out the legal theories through briefing.  Accordingly, Defendants suggest following new case management deadlines to govern this matter:

| Deadline | Description |
| --- | --- |
| May 19, 2023 | Initial Disclosures |
| June 1, 2023 | Motions to Amend/Add Parties |
| August 15, 2023 | Complete Fact Discovery |
| September 1, 2023 | Defendants' Expert Designations Due |
| October 6, 2023 | Complete All Discovery |
| October 16, 2023 | Defendants' Response to Plaintiffs' Motion for Preliminary Injunction Due |
| November 13, 2023 | Plaintiffs' Preliminary Injunction Reply Brief Due |
| January 2024 | Trial (5-10 days) |

**IV.  Alternatively, Defendants request an extension of time to respond to Plaintiff's preliminary injunction motion.**

Should the Court disagree and determine that Plaintiffs' preliminary injunction motion should nonetheless proceed in an (even more) expedited manner, with a hearing prior to July 1, 2023, Defendants respectfully request additional time in which to prepare and file their response to Plaintiffs' motion.  Defendants' response is currently due no later than May 8, 2023.  ECF No. 36.  However, Plaintiffs' motion raises complex issues of constitutional law, is based on a complicated and developing field of science, and includes declarations from four retained experts and all but one of the Plaintiffs.  Defendants need additional time to develop expert and fact witness testimony, to conduct at least some discovery, and to prepare their response to Plaintiffs' motion. Accordingly, Defendants alternatively request they be provided an extension up to and including

June 2, 2023, to file their response to Plaintiff's motion for preliminary injunction—which would still be less time than Plaintiffs had to prepare and file their motion after the law was enacted.

## CONCLUSION

The Court should consolidate the hearing on Plaintiffs' motion for preliminary injunction with the trial on the merits pursuant to Fed. R. Civ. P. 65 and set a new briefing schedule as to the same. Alternatively, the Court should extend Defendants' deadline for responding to Plaintiffs' motion for preliminary injunction.

Dated: May 1, 2023

Respectfully submitted,

*/s/ Steven J. Griffin*
STEVEN J. GRIFFIN (BPR# 40708)
Assistant Attorney General

Adam K. Mortara* (BPR# 40089)
Lawfair LLC
40 Burton Hills Blvd., Suite 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

CLARK L. HILDABRAND (BPR# 38199)
Deputy Chief of Staff & Senior Counse
TRENTON MERIWETHER (BPR# 38577)
Assistant Attorney Genera
RYAN N. HENRY (BPR# 40028)
Assistant Attorney General

Cameron T. Norris (BPR# 33467)
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com
*Counsel for Defendants*

BROOKE A. HUPPENTHAL* (BPR# 40276)
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 3720
(615) 741-959
steven.griffin@ag.tn.gov
clark.hildabrand@ag.tn.gov
trenton.meriwether@ag.tn.gov
ryan.henry@ag.tn.gov
brooke.huppenthal@ag.tn.gov

*\*Application for admission pending*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2023, the undersigned filed the foregoing document via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Stella Yarbrough<br>Lucas Cameron-Vaughn<br>Jeff Preptit<br>ACLU Foundation of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>Tel.: 615-320-7142<br>syarbrough@aclu-tn.org<br>lucas@aclu-tn.org<br>jpreptit@aclu-tn.org<br><br>Joshua A. Block<br>Chase Strangio<br>American Civil Liberties Union Foundation<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>Tel.: 212-549-2593<br>jblock@aclu.org<br>cstrangio@aclu.org<br><br>Sruti J. Swaminathan<br>Lambda Legal Defense and Education Fund, Inc.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Tel.: 212-809-8585<br>sswaminathan@lambdalegal.org<br><br>Avatara A. Smith-Carrington<br>Lambda Legal Defense and Education Fund, Inc.<br>1776 K Street N.W., 8th Floor<br>Washington DC 20006<br>Tel.: 202-804-6245<br>asmithcarrington@lambdalegal.org<br><br>Tara Borelli<br>Lambda Legal Defense and Education Fund, Inc. | Plaintiffs L.W., Samantha Williams, Brian Williams, John Doe, Jane Doe, James Doe, Ryan Doe, Rebecca Doe, and Susan N. Lacy |

| | |
|---|---|
| 1 West Court Square, Ste. 105<br>Decatur, GA 30030<br>Tel.: 404-897-1880<br>tborelli@lambdalegal.org<br><br>Joseph L. Sorkin<br>Dean L. Chapman, Jr.<br>Kristen W. Chin<br>Richard J. D'Amato<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Tel.: 212-872-1000<br>jsorkin@akingump.com<br>dchapman@akingump.com<br>kristen.chin@akingump.com<br>rdamato@akingump.com<br><br>Elizabeth D. Scott<br>Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Tel.: 214-969-2800<br>edscott@akingump.com<br><br>Christopher J. Gessner<br>David Bethea<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Tower<br>2001 K Street N.W.<br>Washington, DC 20006<br>Tel.: 202-887-4000<br>cgessner@akingump.com<br>dbethea@akingump.com | |
| Ellen B. McIntyre<br>U.S. Attorney's Office for the Middle District of Tennessee<br>719 Church Street, Suite 300<br>Nashville, TN 37203<br>ellen.bowden2@usdoj.gov | Proposed Intervenor-Plaintiff United States of America |

*/s/ Steven Griffin*
STEVEN J. GRIFFIN (BPR #40708)
Assistant Attorney General

*Counsel for Defendants*