IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W. et al.,<br>*By and through her parents and next friends,*<br>*Samantha Williams and Brian Williams*,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN SKRMETTI et al.,<br><br>Defendants. | No. 3:23-cv-00376 |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
### FOR LEAVE TO PROCEED PSEUDONYMOUSLY

Of the nine plaintiffs, minors John Doe and Ryan Roe and each's parent—Jane and James Doe and Rebecca Roe—have moved for leave to proceed pseudonymously. (D.E. 20, Plfs. Memo. at 178.)[1] Defendants do not oppose this motion, subject to certain conditions. Otherwise, Defendants object to the motion as improper.

### ARGUMENT

"Litigating under a pseudonym is generally disfavored." *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1026 (S.D. Ohio 2021) (citing Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.")); *see Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing same). Only "[i]n exceptional cases," *Doe v. Lee*, 599 F. Supp. 3d 701, 703 (M.D. Tenn. 2022), do courts ever allow it and, even then, only after showing that their "privacy interests

---

[1] Pincites to record materials reference the "Page ID" numbers in the ECF file stamps.

substantially outweigh the presumption of open judicial proceedings," *Porter*, 370 F.3d at 560. That weighing considers "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law . . . ;[2] and (4) whether the plaintiffs are children." *Porter*, 370 F.3d at 560 (internal quotations omitted). Defendants concede that these plaintiffs are "challeng[ing] governmental activity," *id.*, by arguing that Tennessee's new law regulating the performance of certain medical procedures on minors violates various federal laws, (*see generally* D.E. 1, Compl.) and that at least John Doe and Ryan Roe "are children," *Porter*, 370 F.3d at 560; (Compl. at 26, 29).

As to "information of the utmost intimacy," *Porter*, 370 F.3d at 560, these minor plaintiffs move "to protect their privacy" and "to control dissemination of information about their transgender status," (Plfs.' Memo. at 181). Their parents moved, too, because "[i]dentifying [John and Ryan's] parents by name would effectively identify [John and Ryan] themselves." (*Id.* at 182.) If the public discovered "[minor-plaintiffs'] transgender status," these plaintiffs urge that it is "eminently reasonable" that "[minor-plaintiffs] will be exposed to an increased risk of discrimination, harassment, and even violence"—the injury "they seek to prevent through [this] litigation." (*Id.* at 186-87.)

Simultaneously, these plaintiffs offer to not "withhold their identity from Defendants or the Court where appropriate" and that "Defendants will know each Movant's identity to the full extent necessary to defend the law being challenged." (*Id.* at 188.) Considering that offer, and

---

[2] Plaintiffs do not argue this as an applicable factor, (*see generally* Plfs.' Mem.), and neither do Defendants here.

reserving all defenses, Defendants do not oppose these plaintiffs' motion *if* this Court, in granting it, also orders that:

> (1) These movant-plaintiffs shall identify themselves to Defendants immediately following the Court's order;
>
> (2) During this litigation, Defendants shall not publicly or privately disclose or identify for any purpose that these movant-plaintiffs are parties to this case, except "to the full extent necessary to defend the law being challenged," (*id.*); and
>
> (3) During this litigation, Plaintiffs shall not publicly disclose or identify that these movant-plaintiffs are parties to this case for any purpose, including publicity.

As to the first condition, Defendants reasonably need to know all plaintiffs' identities for discovery purposes, including for issuing third-party subpoenas without undermining those tools' value. As to the last two, such an order would reasonably preserve the anonymity these plaintiffs seek. Any staunch opposition from them on the last point casts doubt on their asserted "well-founded fears" of harassment that publicity could bring and, thus, also questions the need for this motion at all. (*Id.* at 186.)

## CONCLUSION

For the foregoing reasons, this Court should only grant these plaintiffs' motion if the Court also orders that (1) these movant-plaintiffs shall identify themselves to Defendants immediately upon this Court entering the order; (2) during this litigation, Defendants shall not publicly or privately disclose or identify for any purpose that these movant-plaintiffs are parties to this case, except to the full extent necessary to defend the law being challenged; and (3) during this litigation, Plaintiffs shall not publicly disclose or identify that these movant-plaintiffs are parties to this case for any reason, including publicity. Otherwise, this Court should deny their motion as unnecessary.

Dated: May 2, 2023

Adam K. Mortara* (BPR# 40089)
Lawfair LLC
40 Burton Hills Blvd., Suite 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

Cameron T. Norris (BPR# 33467)
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com
*Counsel for Defendants*

Respectfully submitted,

*/s/ Trenton Meriwether*
TRENTON MERIWETHER (BPR# 38577)
Assistant Attorney General
STEVEN J. GRIFFIN (BPR# 40708)
Assistant Attorney General
CLARK L. HILDABRAND (BPR# 38199)
Deputy Chief of Staff & Senior Counsel
RYAN N. HENRY (BPR# 40028)
Assistant Attorney General
BROOKE A. HUPPENTHAL* (BPR# 40276)
Assistant Attorney General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 3720
(615) 741-959
steven.griffin@ag.tn.gov
clark.hildabrand@ag.tn.gov
trenton.meriwether@ag.tn.gov
ryan.henry@ag.tn.gov
brooke.huppenthal@ag.tn.gov

*Application for admission pending*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2023, the undersigned filed the foregoing document via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Stella Yarbrough<br>Lucas Cameron-Vaughn<br>Jeff Preptit<br>ACLU Foundation of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>Tel.: 615-320-7142<br>syarbrough@aclu-tn.org<br>lucas@aclu-tn.org<br>jpreptit@aclu-tn.org<br><br>Joshua A. Block<br>Chase Strangio<br>American Civil Liberties Union Foundation<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>Tel.: 212-549-2593<br>jblock@aclu.org<br>cstrangio@aclu.org<br><br>Sruti J. Swaminathan<br>Lambda Legal Defense and Education Fund, Inc.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Tel.: 212-809-8585<br>sswaminathan@lambdalegal.org<br><br>Avatara A. Smith-Carrington<br>Lambda Legal Defense and Education Fund, Inc.<br>1776 K Street N.W., 8th Floor<br>Washington DC 20006<br>Tel.: 202-804-6245<br>asmithcarrington@lambdalegal.org<br><br>Tara Borelli<br>Lambda Legal Defense and Education Fund, Inc. | Plaintiffs L.W., Samantha Williams, Brian Williams, John Doe, Jane Doe, James Doe, Ryan Doe, Rebecca Doe, and Susan N. Lacy |

| | |
|---|---|
| 1 West Court Square, Ste. 105<br>Decatur, GA 30030<br>Tel.: 404-897-1880<br>tborelli@lambdalegal.org<br><br>Joseph L. Sorkin<br>Dean L. Chapman, Jr.<br>Kristen W. Chin<br>Richard J. D'Amato<br>Theodore James Salwen<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Tel.: 212-872-1000<br>jsorkin@akingump.com<br>dchapman@akingump.com<br>kristen.chin@akingump.com<br>rdamato@akingump.com<br>jsalwen@akingump.com<br><br>Elizabeth D. Scott<br>Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Tel.: 214-969-2800<br>edscott@akingump.com<br><br>Christopher J. Gessner<br>David Bethea<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Tower<br>2001 K Street N.W.<br>Washington, DC 20006<br>Tel.: 202-887-4000<br>cgessner@akingump.com<br>dbethea@akingump.com | |
| Ellen B. McIntyre<br>U.S. Attorney's Office for the Middle District of Tennessee<br>719 Church Street, Suite 300<br>Nashville, TN 37203<br>ellen.bowden2@usdoj.gov<br><br>Alyssa C. Lareau<br>United States Department of Justice<br>Federal Coordination and Compliance Section | Proposed Intervenor-Plaintiff United States of America |

| | |
|---|---|
| 950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 305-2994<br>Alyssa.Lareau@usdoj.gov<br><br>Coty Montag<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 305-2222<br>Coty.Montag@usdoj.gov<br><br>Gloria Yi<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 616-3975<br>Gloria.Yi@usdoj.gov<br><br>Tamica Daniel<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 598-9636<br>Tamica.Daniel@usdoj.gov | |
| | */s/ Trenton Meriwether*<br>TRENTON MERIWETHER (BPR #38577)<br>Assistant Attorney General<br><br>*Counsel for Defendants* |