IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W., et al., *by and through parents and next friends, Samantha Williams and Brian Williams,* | ) ) ) ) |
| Plaintiffs, | ) No. 3:23-cv-00376 ) JUDGE RICHARDSON ) |
| v. | ) ) |
| JONATHAN SKRMETTI, et al., | ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO
UNITED STATES' MOTION TO INTERVENE**

The United States seeks to intervene as of right. (D.E. 38, U.S. Mot. to Interv.) Defendants do not oppose the United States intervening in this suit to "seek[] relief from the" purported "denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of . . . sex." 42 U.S.C. § 2000h-2. Defendants' non-opposition does not mean they think the United States has meritorious arguments. To the contrary, the challenged Act is constitutional, and Defendants reserve all defenses.

Further, Defendants' non-opposition to federal intervention is made based on their understanding of three points: First, per the constraints of 42 U.S.C. § 2000h-2, the United States can only intervene to the extent it "seek[s] relief from the" denial of equal protection on account of "sex," not from an independent denial of equal protection on account of transgender status. Second, the United States cannot seek relief broader than what the Plaintiffs are entitled to for their claim alleging that the Defendants have discriminated against them on account of sex in violation of the Equal Protection Clause. Third, Defendants will request that, if the United States' motion

to intervene is granted, Defendants' response to the United States' proposed motion for a preliminary injunction—filed without any advance notice to Defendants—be due no sooner than Defendants' response to Plaintiffs' motion for a preliminary injunction and in no circumstance should Defendants' response to the United States' motion for a preliminary injunction be due sooner than two weeks after this Court grants the United States' motion to intervene.

## ARGUMENT

Under Federal Rule of Civil Procedure 24(a)(1), a court must allow certain parties to intervene, "[o]n timely motion,"[1] if they are "given an unconditional right to intervene by a federal statute." The Civil Rights Act of 1964, as amended by the Education Amendments of 1972, allows the United States such an unconditional right. 42 U.S.C. § 2000h-2. But, despite the name "unconditional," the intervention statute does impose *some* limits: (1) The United States may intervene to "seek[] relief from the denial of equal protection" under the Fourteenth Amendment "on account of race, color, religion, *sex* or national origin," not independently on account of transgender status. 42 U.S.C. § 2000h-2 (emphasis added). And (2) the United States can get only "the same relief as if it had instituted the action," which means for this case that the United States cannot get relief broader than what the Plaintiffs themselves could get for their Equal Protection Clause sex discrimination claim. *Id.*

---

[1] Defendants do not dispute that the motion was timely even though the United States neglected to inform them of its planned motion until *after* filing the motion. To the best of undersigned counsel's knowledge, the United States waited until the day it planned to intervene before attempting to contact anyone in the Tennessee Attorney General's Office. The U.S. Department of Justice was aware that undersigned counsel Clark L. Hildabrand and lead counsel Steven J. Griffin were in Cincinnati that day presenting arguments against the federal government in *Tennessee v. Department of Education*, No. 22-5807 (6th Cir. Apr. 26, 2023). Nevertheless, the United States waited until a couple hours after counsel had left for Tennessee before attempting to call them, did not mention the motion in its messages, and did not email about its planned motion. Counsel for Defendants promptly emailed counsel for the United States, and only after filing its motion did the United States inform Defendants that it was planning on moving to intervene.

2

**I.  The United States can only intervene to seek relief premised on purported denial of equal protection of the laws on account of sex, not on account of transgender status.**

As relevant to this case, the intervention statute limits the United States to seeking relief for a violation of the Equal Protection Clause "on account of . . . sex." 42 U.S.C. § 2000h-2. Congress granted the United States that authority in the Education Amendments of 1972, better known as Title IX. Pub. L. 92-318, title IX, § 906(a), June 23, 1972, 86 Stat. 235, 375. When Congress used the term "sex" in Title IX, "it meant biological sex." *Adams v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 812 (11th Cir. 2022) (en banc). The "overwhelming majority of dictionaries" in 1972 "defin[ed] 'sex' on the basis of biology and reproductive function." *Id.* at 812-13 (collecting dictionaries). Defendants understand the United States might argue that discrimination on account of transgender status is also discrimination on account of sex prohibited by the Equal Protection Clause.[2]

However, Congress has not given the United States authority to intervene to seek relief from the denial of equal protection on account of transgender status *separate* from Plaintiffs' sex discrimination claim. Plaintiffs here seek relief from alleged discrimination "based on sex *and*

---

[2] Transgender status discrimination is not necessarily sex discrimination under Title IX, Section 1557, or the Equal Protection Clause. *Cf. Tennessee v. U.S. Dep't of Educ.*, 615 F. Supp. 3d 807, 839 (E.D. Tenn. 2022) (preliminarily enjoining the U.S. Department of Justice and U.S. Department of Education, among other federal defendants, from implementing documents against Tennessee and 19 other States that attempted to "create[] rights for students and obligations for regulated entities not to discriminate based on . . . gender identity that appear nowhere in *Bostock*, Title IX, or its implementing regulations"). The Sixth Circuit has squarely held that *Bostock*'s hiring-and-firing decision was "narrow" and "limited only to Title VII itself." *Pelcha v. MW Bancorp., Inc.*, 988 F.3d 318, 324 (6th Cir. 2021); *see also Meriwether v. Hartop*, 992 F.3d 492, 510 n.4 (6th Cir. 2021) (distinguishing Title VII and Title IX). Further, the Sixth Circuit has expressly ruled that groups such as homosexuals are not quasi-suspect classes because sexual orientation is not "definitively ascertainable at the moment of birth" as "race or biological gender" are. *Ondo v. City of Cleveland*, 795 F.3d 597, 609 (6th Cir. 2015). Transgender status, like sexual orientation, is not "definitively ascertainable at the moment of birth." *Id.*

transgender status." (*See* D.E. 1, Compl. at 35, 41-42 (emphasis added).)[3]  The United States parroted this claim, challenging the law "on account of *both* sex and transgender status" discrimination.  (U.S. Mot. to Interv. at 462-63 (emphasis added); *see* D.E. 39, U.S. Memo for Mot. to Interv. at 494 (same).)  But Section 2000h-2 ties the United States to intervene "on account of . . . sex," not transgender status.  By distinguishing the two, the United States recognizes the two classifications are not the same.  "[W]here Congress has prescribed a detailed remedial scheme for the enforcement against a State of a statutorily created right, a court should hesitate before casting aside those limitations."  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 74 (1996).

**II.     The United States cannot seek or obtain relief broader than relief to which the Plaintiffs are entitled for their Equal Protection Clause sex discrimination claim.**

Section 2000h-2 limits the United States to "the same relief as if it had instituted the action."  But § 2000h-2 "does not create an independent federal claim; it merely allows the United States Attorney General to intervene."  *Sayman v. Nat'l Evaluation Sys., Inc.*, No. 02 C 2413, 2002 WL 598519, at *1 (N.D. Ill. Apr. 17, 2002).  Thus, if the United States "had initiated" this action, then it would be entitled to no relief because it has no cause of action.  Nor does the United States have authority to seek permissive intervention whenever it thinks some citizen's rights are being infringed.  Otherwise, the Government could permissively intervene in virtually every equal protection claim.  That cannot be.  Rather, the Fourteenth Amendment empowers Congress to "enforce" its requirements "by appropriate legislation."  U.S. Const. amend. XIV, § 5.

The United States' right to intervene is not its own cause of action.  "[C]ongressional policy" has been to "deny[] the federal government broad authority to initiate an action whenever a civil rights violation is alleged."  *United States v. Mattson*, 600 F.2d 1295, 1299-300 (9th Cir.

---

[3] Pincites to docket materials reference the "Page ID" numbers in the ECF file stamps.

1979).  Only in limited contexts has Congress expressly given the United States a cause of action to enforce violations of the Constitution when private individuals are "unable" to do so.  42 U.S.C. § 2000b(a) (public facilities where denial of equal protection of the laws "on account of . . . race, color, religion, or national origin"); *id.* § 2000c-6(a) (public schools where denial of admission "by reason of race, color, religion, sex or national origin").  This Court cannot "recognize a cause of action" for the United States "that Congress has denied" it by allowing only intervention in § 2000h-2.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014); *see also Alexander v. Sandoval*, 532 U.S. 275, 290 (2001) ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.").

Even if § 2000h-2 were ambiguous on this point, Congress must "mak[e] its intention unmistakably clear in the language of the statute" before granting the federal government a cause of action against the States or state officials.  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).  Because Congress did not authorize the United States to alter the relief sought and has not provided a general cause of action for the United States to sue Defendants in these circumstances, the federal government cannot seek relief broader than what the Plaintiffs have requested and are entitled to.

Further, "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests."  *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017).  The United States lacks standing to seek additional relief and has made no attempt to argue otherwise.  In its briefing, the United States has described its "sovereign interest" in this case solely as "ensuring that all persons, including transgender youth, are afforded equal protection of the laws in accordance with the Fourteenth Amendment to the United States." (D.E. 39, U.S. Memo. for Mot. to Intervene at 496.)  But a sovereign cannot "litigat[e] as a volunteer the personal claims of its citizens."  *Pennsylvania v. New Jersey*, 426 U.S. 660, 665

(1976). Nor may a sovereign "step[] in to represent the interests of particular citizens who, for whatever reason, cannot represent themselves." *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 600 (1982). Accordingly, the United States lacks standing to seek relief beyond what the Plaintiffs have requested and to which Plaintiffs are entitled for their Equal Protection Clause sex discrimination claim.

**III.     Briefing of the United States' proposed preliminary injunction motion should not be placed on a faster timetable than that for Plaintiffs' preliminary injunction motion.**

As this Court is aware, briefing on Defendants' motion to reset the briefing schedule for Plaintiffs' preliminary injunction motion and to consolidate the preliminary injunction hearing with the trial on the merits is ongoing. (*See* D.E. 75, Order.) Before being granted intervention and without any advance notice to Defendants, *supra* n.1, the United States also filed a proposed motion for a preliminary injunction. (D.E. 40, U.S. Proposed Mot. for Preliminary Injunction.) The United States has since suggested that there is some sort of existing "briefing schedule" and "hearing date" for its own preliminary injunction motion. (D.E. 80, United States' Memo. in Opposition to Defendants' Mot. to Reset Briefing Schedule at 717.) But, at this point, the United States is not yet even a party to the case; its preliminary injunction motion is not a live motion.

Defendants respect that within the next week this Court will likely clarify the briefing schedule for the preliminary injunction motions. Defendants request that, if the Court grants the United States' motion to intervene, briefing for the United States' motion for preliminary injunction should be on no tighter schedule than briefing for Plaintiffs' motion for preliminary injunction and, in any circumstance, should give Defendants at least two weeks to respond after this Court grants intervention. The United States has pointed to no injury distinct from those of Plaintiffs or other individuals who could have filed their own lawsuit but chose not to. And Defendants' arguments might be impacted by whether this Court limits the scope of the United

States' intervention to the contours of § 2000h-2. If the Court does not clarify the briefing schedule after granting intervention and setting the briefing schedule for Plaintiffs' equivalent preliminary injunction motion, Defendants will request clarification at that time.

## CONCLUSION

Considering the above, this Court should grant the United States' motion to intervene as of right under 42 U.S.C. § 2000h-2 while limiting the United States (1) to seeking relief for an Equal Protection Clause violation on account of sex, not on account of transgender status; and (2) to seeking relief no broader than what the Plaintiffs who initiated the case have requested and are entitled to for their Equal Protection Clause sex discrimination claim.

Dated: May 4, 2023

Respectfully submitted,

/s/ Clark L. Hildabrand

| | |
|---|---|
| Adam K. Mortara* (BPR# 40089) | STEVEN J. GRIFFIN (BPR# 40708) |
| Lawfair LLC | Assistant Attorney General |
| 40 Burton Hills Blvd., Suite 200 | CLARK L. HILDABRAND (BPR# 38199) |
| Nashville, TN 37215 | Senior Counsel |
| (773) 750-7154 | TRENTON MERIWETHER (BPR# 38577) |
| mortara@lawfairllc.com | Assistant Attorney General |
| | RYAN N. HENRY (BPR# 40028) |
| Cameron T. Norris (BPR# 33467) | Assistant Attorney General |
| Consovoy McCarthy PLLC | BROOKE A. HUPPENTHAL* (BPR# 40276) |
| 1600 Wilson Blvd., Suite 700 | Assistant Attorney General |
| Arlington, VA 22209 | Office of the Tennessee Attorney General |
| (703) 243-9423 | P.O. Box 20207 |
| cam@consovoymccarthy.com | Nashville, Tennessee 3720 |
| *Counsel for Defendants* | (615) 741-959 |
| | steven.griffin@ag.tn.gov |
| | clark.hildabrand@ag.tn.gov |
| | trenton.meriwether@ag.tn.gov |
| | ryan.henry@ag.tn.gov |
| | brooke.huppenthal@ag.tn.gov |

*Application for admission pending

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023, the undersigned filed the foregoing document via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Stella Yarbrough<br>Lucas Cameron-Vaughn<br>Jeff Preptit<br>ACLU Foundation of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>Tel.: 615-320-7142<br>syarbrough@aclu-tn.org<br>lucas@aclu-tn.org<br>jpreptit@aclu-tn.org<br><br>Joshua A. Block<br>Chase Strangio<br>American Civil Liberties Union Foundation<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>Tel.: 212-549-2593<br>jblock@aclu.org<br>cstrangio@aclu.org<br><br>Sruti J. Swaminathan<br>Lambda Legal Defense and Education Fund, Inc.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Tel.: 212-809-8585<br>sswaminathan@lambdalegal.org<br><br>Avatara A. Smith-Carrington<br>Lambda Legal Defense and Education Fund, Inc.<br>1776 K Street N.W., 8th Floor<br>Washington DC 20006<br>Tel.: 202-804-6245<br>asmithcarrington@lambdalegal.org<br><br>Tara Borelli<br>Lambda Legal Defense and Education Fund, Inc. | Plaintiffs L.W., Samantha Williams, Brian Williams, John Doe, Jane Doe, James Doe, Ryan Doe, Rebecca Doe, and Susan N. Lacy |

| | |
|---|---|
| 1 West Court Square, Ste. 105<br>Decatur, GA 30030<br>Tel.: 404-897-1880<br>tborelli@lambdalegal.org<br><br>Joseph L. Sorkin<br>Dean L. Chapman, Jr.<br>Kristen W. Chin<br>Richard J. D'Amato<br>Theodore James Salwen<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Tel.: 212-872-1000<br>jsorkin@akingump.com<br>dchapman@akingump.com<br>kristen.chin@akingump.com<br>rdamato@akingump.com<br>jsalwen@akingump.com<br><br>Elizabeth D. Scott<br>Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Tel.: 214-969-2800<br>edscott@akingump.com<br><br>Christopher J. Gessner<br>David Bethea<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Tower<br>2001 K Street N.W.<br>Washington, DC 20006<br>Tel.: 202-887-4000<br>cgessner@akingump.com<br>dbethea@akingump.com | |
| Ellen B. McIntyre<br>U.S. Attorney's Office for the Middle District of Tennessee<br>719 Church Street, Suite 300<br>Nashville, TN 37203<br>ellen.bowden2@usdoj.gov<br><br>Alyssa C. Lareau<br>United States Department of Justice<br>Federal Coordination and Compliance Section | Proposed Intervenor-Plaintiff United States of America |

| | |
|---|---|
| 950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 305-2994<br>Alyssa.Lareau@usdoj.gov<br><br>Coty Montag<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 305-2222<br>Coty.Montag@usdoj.gov<br><br>Gloria Yi<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 616-3975<br>Gloria.Yi@usdoj.gov<br><br>Tamica Daniel<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 598-9636<br>Tamica.Daniel@usdoj.gov | |
| | */s/ Clark L. Hildabrand*<br>CLARK L. HILDABRAND (BPR #38199)<br>Senior Counsel<br><br>*Counsel for Defendants* |