EXHIBIT A

| | |
|---|---|
| **From:** | Stella Yarbrough |
| **To:** | Adam Mortara |
| **Cc:** | Steven J. Griffin; Clark Hildabrand; Trenton Meriwether; Sruti Swaminathan; Maia Zelkind; Lucas Cameron-Vaughn; Chapman, Dean; Tamica.Daniel@usdoj.gov; alyssa.lareau@usdoj.gov; Gloria.Yi@usdoj.gov; Coty.Montag@usdoj.gov; Ryan N. Henry; Brooke Huppenthal; Cameron T. Norris; Joshua Block |
| **Subject:** | RE: Call Tomorrow Morning to Discuss Schedule |
| **Date:** | Wednesday, May 3, 2023 12:14:51 PM |
| **Attachments:** | image001.png<br>Proposed_Order_for_Pseudonym.pdf<br>L.W. v. Skrmetti Proposed Protective Order .docx |

Adam,

We are aware of Sixth Circuit precedent requiring a hearing when there are disputed questions of fact. That is a separate question from whether there should be pre-hearing discovery. Under the federal rules, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "The decision to authorize early discovery lies within the sound discretion of the trial court, and, ultimately, depends on the specific justifications offered in support of the application. Accordingly, the party requesting the expedited discovery bears the burden of establishing the need for the request." *Change Healthcare Operations, LLC v. Feeney*, No. 3:22-0305, 2022 WL 18640593, at *1 (M.D. Tenn. Aug. 4, 2022) (internal quotation marks and citations omitted). Discovery sought in connection with a
preliminary injunction hearing should "be limited to the factual issues raised in the preliminary injunction motion" and not broad "merits discovery." *Id.* at *2.

We are not "unprepared" to sign HIPAA waivers for appropriate medical records. We are attempting to meet and confer with you over the scope of any court order or stipulation to authorize discovery for them. And we are trying to do so as part of an orderly process instead of in response to ad hoc demands. For example, to the extent that you are seeking information from medical providers other than Vanderbilt, we think that the requests are not appropriately tailored to the limited nature of the preliminary injunction proceeding and can be addressed during the regular discovery process.

Before any medical records can be produced, there also needs to be a protective order in place. We have sent you a proposal for that. We also need to resolve an outstanding issue with respect to our plaintiffs proceeding by pseudonym. As part of that motion, we included the attached proposed order, which places restrictions on the further disclosure of our clients' names. In your response to the motion, you stated that your consent was conditional on the Court also ordering that "During this litigation, Defendants shall not publicly or privately disclose or identify for any purpose that these movant-plaintiffs are parties to this case, except 'to the full extent necessary to defend the law being challenged.'" Our initial proposed order outlined a specific procedure for any further disclosures, and we do not agree to your additional language to the extent that it is inconsistent with the terms of our proposed order. We will need to resolve this issue and have an appropriate order in place before our clients' names are disclosed. If you consent to the language we originally proposed, then the Court can enter that order without additional delay.

We also think it is entirely appropriate to begin discussions now about your proposal for what discovery is necessary in the event that the Court denies your motion to delay a hearing until January. If the court grants your motion, then there is no need for accelerated discovery, and we can just proceed according to the federal rules. By discussing the scope and schedule of pre-hearing discovery now we can ensure that we have a schedule in place in the event that your motion is denied. During our earlier call, you referenced the discovery schedule in Indiana. Are you proposing a similar one here? Do you think fact or expert depositions are necessary or is document discovery sufficient? Do you think it is necessary to conduct discovery beyond medical records? Given your concerns about having adequate time to prepare, we think it is in everyone's interest to resolve these issues now so an appropriate scheduling order can be entered if your motion is denied.

Please find attached the proposed pseudonym order, previously filed as an attachment to our motion, and a clean version of the proposed protective order.

-Stella

**Stella Yarbrough**
(she/her) Legal Director
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
615-320-7142
615-645-5070
(Direct line)
www.aclu-tn.org



This email was sent by an attorney or her agent, is intended only for the addressee's use, and may contain confidential and privileged information. If you are not the intended recipient, you are hereby notified that any retention, dissemination, reproduction or use of the information contained in this email is strictly prohibited. If you have received this email in error, please delete it and immediately notify the sender by reply email. Nothing in this email should be construed as a commitment by the sender or ACLU-TN to represent the addressee in any matter. Thank you for your cooperation.