EXHIBIT B

| | |
|---|---|
| From: | Joshua Block |
| To: | Steven J. Griffin; Stella Yarbrough; Adam Mortara; External - Tara Borelli; External - A Smith Carrington |
| Cc: | Clark Hildabrand; Trenton Meriwether; External - Sruti Swaminathan; External - Maia Zelkind; Lucas Cameron-Vaughn; Chapman, Dean; Tamica.Daniel@usdoj.gov; alyssa.lareau@usdoj.gov; Gloria.Yi@usdoj.gov; Coty.Montag@usdoj.gov; Ryan N. Henry; Brooke Huppenthal; Cameron T. Norris |
| Subject: | Follow up on discovery meet and confer for LW v Skrmetti |
| Date: | Thursday, May 4, 2023 4:04:59 PM |
| Attachments: | image001.png |
| | image002.png |
| | Protective_Order_draft 5-4.docx |
| | TN SB 1 - proposed order Motion to Proceed Under Pseudonym 5-4.docx |

Steven,

Thanks for your response. I believe we continue to make great progress. Please see below:

Protective order

Attached is an updated version with track changes from your proposal. We deleted the text you inserted about designating only portions of documents confidential. We agree that is an appropriate goal for deposition transcripts, but we do not believe it is feasible for many the medical records at issue in this case. We have accepted all your other edits, without necessarily agreeing with all the statements made in your explanatory comments. If you have no further edits, we can get this on file.

Pseudonym order

Attached is a proposed pseudonym order. Since you have indicated that you only anticipate disclosing identifying information for the purposes of serving third-party subpoenas we have added in a paragraph specifically authorizing disclosure for third-party subpoenas instead of using more general phrasing. If you have no further edits, we can get this on file.

Response to written discovery

We will provide formal written answers to your discovery requests by early next week or when the protective order and pseudonym orders are entered, whichever is later.

We will produce VUMC documents to you once the protective order and pseudonym orders are entered. When we produce those documents, we intend to redact the patient plaintiffs' former names, the names of the anonymous plaintiffs, and the clients' contact information. You will not be prejudiced by these redactions because we will disclose the same information to you in response to your interrogatory. Even with the protective order in place, we think it is appropriate for us to take these steps to minimize the number of documents containing this sensitive information.

We are in the process of collecting documents from mental health providers who have treated the plaintiffs for gender dysphoria. These are highly sensitive documents that are not typically released by mental health providers for any reason. Once we have the documents, we will promptly review them to determine whether we object to producing portions of the documents. To be clear, we are not at this time categorically objecting to producing these records. Under the normal discovery rules, we would have had several weeks to thoroughly review the documents before responding to your discovery request. We are working diligently to dramatically accelerate our review with the goal of responding next week, but cannot preemptively waive our right to assert potential objections.

We object to your request for information about all medical providers for the past 10 years. Without waiving our ability to state additional objections in our formal responses, we think the requests are not reasonably tailored to the issues in this case or to the specific issues in the preliminary injunction motions. We will provide you information for medical providers within the past 5 years who have treated the patients for gender dysphoria. To the extent that the patient's pediatricians have been consulted regarding gender dysphoria, the pediatricians' information will be included in that response.

We object to the requests for information about the plaintiffs' schools. We do not think the plaintiffs' educational records have any relevance to the issue in this case, which concerns plaintiffs' medical care. If you have a specific reason why you think these records are relevant to the case—and necessary for accelerated discover—please let us know.

We do not agree to execute HIPAA waivers. Although some courts have compelled parties to sign waivers, the majority of courts to consider the issue have recognized that they do not have the power to do so. We are working diligently and in good faith to provide you a lot of medical records on an accelerated timeline. We believe that if you wish to obtain HIPAA-protected records directly from providers, the proper mechanism is to obtain an order from the court. *See, e.g.*, Berry v. Specialized Loan Servicing, LLC, No. 218CV02721SHLDKV, 2019 WL 9103421, at *4 (W.D. Tenn. June 24, 2019) (stating that because "HIPAA provides specific procedures that outline how the Defendants may receive the medical records they request via the issuance of a subpoena, the court is unwilling at this juncture to compel Berry to sign a broad medical release authorizing discovery of all her medical records"). If you seek a court order, we reserve the right to object to particular requests as overbroad or for any other valid reason.

Deposition

Without waiving our right to object to a deposition, we will get back to regarding Dr. Lacy's availability. A deposition would have to be tailored to the specific issues at stake in the preliminary injunction, and the deposition would have to be limited in time. We think that any hours spent deposing Dr. Lacy now would be subtracted from the hours available to depose Dr. Lacy later in the case. We look forward to continuing discussions with you

on this.

Thanks again. We look forward to continuing these productive communications.

Josh

**Joshua Block**
Pronouns: he, him

Senior Staff Attorney
Jon L. Stryker and Slobodan Randjelovic
LGBTQ & HIV Project
American Civil Liberties Union
125 Broad St., New York, NY 10004
212.549.2593 | jblock@aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

---

**From:** Joshua Block
**Sent:** Thursday, May 4, 2023 9:16 AM
**To:** Steven J. Griffin <Steven.Griffin@ag.tn.gov>; Stella Yarbrough <syarbrough@aclu-tn.org>; Adam Mortara <mortara@lawfairllc.com>
**Cc:** Clark Hildabrand <Clark.Hildabrand@ag.tn.gov>; Trenton Meriwether <Trenton.Meriwether@ag.tn.gov>; Exteranl - Sruti Swaminathan <SSwaminathan@lambdalegal.org>; External - Maia Zelkind <mzelkind@lambdalegal.org>; Lucas Cameron-Vaughn <Lucas@aclu-tn.org>; Chapman, Dean <dchapman@akingump.com>; Tamica.Daniel@usdoj.gov; alyssa.lareau@usdoj.gov; Gloria.Yi@usdoj.gov; Coty.Montag@usdoj.gov; Ryan N. Henry <Ryan.Henry@ag.tn.gov>; Brooke Huppenthal <Brooke.Huppenthal@ag.tn.gov>; Cameron T. Norris <cam@consovoymccarthy.com>
**Subject:** RE: Call Tomorrow Morning to Discuss Schedule

Thanks Steven. We will discuss and respond later this afternoon.

**Joshua Block**
Pronouns: he, him

Senior Staff Attorney
Jon L. Stryker and Slobodan Randjelovic
LGBTQ & HIV Project
American Civil Liberties Union
125 Broad St., New York, NY 10004
212.549.2593 | jblock@aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

---

**From:** Steven J. Griffin <Steven.Griffin@ag.tn.gov>
**Sent:** Thursday, May 4, 2023 1:31 AM
**To:** Joshua Block <jblock@aclu.org>; Stella Yarbrough <syarbrough@aclu-tn.org>; Adam Mortara <mortara@lawfairllc.com>
**Cc:** Clark Hildabrand <Clark.Hildabrand@ag.tn.gov>; Trenton Meriwether <Trenton.Meriwether@ag.tn.gov>; Exteranl - Sruti Swaminathan <SSwaminathan@lambdalegal.org>; External - Maia Zelkind <mzelkind@lambdalegal.org>; Lucas Cameron-Vaughn <Lucas@aclu-tn.org>; Chapman, Dean <dchapman@akingump.com>; Tamica.Daniel@usdoj.gov; alyssa.lareau@usdoj.gov; Gloria.Yi@usdoj.gov; Coty.Montag@usdoj.gov; Ryan N. Henry <Ryan.Henry@ag.tn.gov>; Brooke Huppenthal <Brooke.Huppenthal@ag.tn.gov>; Cameron T. Norris <cam@consovoymccarthy.com>
**Subject:** RE: Call Tomorrow Morning to Discuss Schedule

Josh, thanks for following up on our call from earlier today.

I will address each of the issues you listed below:

Protective Order
Attached is the protective order you sent with our redline edits and comments.

Motion to Proceed Pseudonymously
The proposed order Stella sent earlier was in PDF format so I can't redline, but we can agree to entry of the same with the following edits:

6. Individuals to whom Identifying Information is disclosed shall not further disclose that information to any other person unless necessary to litigate this action and unless notice is provided to Movants' counsel at least two business days prior to disclosure. (This tracks the notice requirement under Local Rule 45.01(d) for third-party subpoenas—which is the only instance we think we might need to disclose information to someone not listed in Paragraph 5 of the order).

7. Under no circumstances shall any person disclose Identifying Information to the media. (I believe you already agree to this, but correct me if I am wrong.)

Pre-Hearing Discovery

I invite you to reevaluate your position regarding Fed. R. Civ. P. 26(f). Rule 26(d)(1) allows parties to seek discovery from any source once the parties have conferred as required by Rule 26(f), which is titled "Conference of the *Parties* (not "conference with the court"); Planning for Discovery" and directs the *parties* to discuss certain things including a plan for discovery. We did that in our call on Monday, even if we did not reach agreement—which is not surprising given that the defendants are requesting the court defer ruling on the PI motion and the plaintiffs are requesting an expedited PI ruling. Our discovery requests sent yesterday were proper, and no Rule 26(d)(1) stipulation is necessary. I am attaching here a Word version of each set of requests we sent for your convenience in responding to the same.

We reiterate that we cannot agree to a schedule for discovery until after the court decides whether to expedite the hearing on plaintiffs' PI motion or defers its ruling until after the completion of discovery. But we are not wasting any time in preparing.

Discovery Propounded to Plaintiffs

Our discovery requests at this point are certainly targeted to what we see as factual disputes relevant to the PI hearing.

Your team mentioned that you have a complete set of medical records from VUMC for each minor plaintiff dating back to their first appointment at that facility. We look forward to receiving those as quickly as possible. If you would consider producing those as "attorneys-eyes only" until the court enters the pseudonym order and protective order, that would be much appreciated.

Although you have not yet formally answered our initial discovery requests, I understand from our call earlier today that the plaintiffs object to producing a list of the plaintiffs' medical and mental health providers for the past 10 years; plaintiffs object to producing executed HIPAA releases; plaintiffs object (for now) to producing records from any provider other than VUMC, though you are going ahead and requesting counseling records (though I am not sure about the scope of your efforts on this); and plaintiffs object to providing any information regarding the schools in which the minor plaintiffs have been enrolled. Please let me know if any of this is incorrect. We plan to take these issues up with the court and would prefer you promptly provide formal responses so that we can appropriately frame the issues.

You mentioned your concern about the request for medical information being too broad because it could cover things like dentist and optometrist visits. I don't think we need anything related to dentist or optometry visits, so you can exclude those. But your clients have put their medical and mental health at issue in this case by asserting claims for irreparable harm, including their filing of declarations that discuss their medical and mental health treatment over the course of many years. We are entitled to discovery of information relevant to those claims in advance of the PI hearing. "Just trust us" is not sufficient. If you want to discuss this issue further, we are happy to do so, but we need to do so quickly given your continued push for an expedited PI ruling.

Depositions

We are still considering which depositions we will need to take and will certainly need to review the minor plaintiffs' medical records before we determine whether we need to depose any of the plaintiffs. We will likely need to depose Dr. Lacy if you want to go ahead and check with her regarding her available dates. We will also let you know about expert depositions. Again, some of this may depend on when the court decides to have the PI hearing.

If you have any questions or wish to discuss further, please do not hesitate to let me know.

Thanks,
Steven

**From:** Joshua Block <jblock@aclu.org>
**Sent:** Wednesday, May 3, 2023 9:35 PM
**To:** Stella Yarbrough <syarbrough@aclu-tn.org>; Adam Mortara <mortara@lawfairllc.com>
**Cc:** Steven J. Griffin <Steven.Griffin@ag.tn.gov>; Clark Hildabrand <Clark.Hildabrand@ag.tn.gov>; Trenton Meriwether

<<Trenton.Meriwether@ag.tn.gov>; Exteranl - Sruti Swaminathan <SSwaminathan@lambdalegal.org>; External - Maia Zelkind <mzelkind@lambdalegal.org>; Lucas Cameron-Vaughn <Lucas@aclu-tn.org>; Chapman, Dean <dchapman@akingump.com>; Tamica.Daniel@usdoj.gov; alyssa.lareau@usdoj.gov; Gloria.Yi@usdoj.gov; Coty.Montag@usdoj.gov; Ryan N. Henry <Ryan.Henry@ag.tn.gov>; Brooke Huppenthal <Brooke.Huppenthal@ag.tn.gov>; Cameron T. Norris <cam@consovoymccarthy.com>
**Subject:** RE: Call Tomorrow Morning to Discuss Schedule

Steven,

Thank you for speaking with us this afternoon about discovery in this case. We think the call was productive in amicably resolving some issues and in narrowing the scope of remaining disagreements. We would also like to reiterate our request that you notify us before filing a discovery motion with the court to give us an opportunity to determine whether we are really at an impasse on a particular issue.

Below is our summary of the issues addressed during the call. If anything is inaccurate please let us know.

Protective order

We sent you a draft protective order earlier today, which you are currently reviewing. During the call, we stated that we would also be proposing a small additional change restricting counsel from sharing medical documents with retained experts. Attached is a revised order with that addition, which also fixes a few typos. Our understanding is that Defendants will review and get back to us with comments as soon as possible.

Motion to proceed under pseudonym

Our motion to proceed under a pseudonym included a proposed order that set forth particular procedures that must be followed before the anonymous Plaintiffs' names are disclosed. As we discussed on the call, we do not object to the first and third conditions you proposed in your response to our motion, but we do object to the second condition, which we see as inconsistent with the specific procedures for disclosure set forth in our original proposed motion. You agreed to review the issue and let us know whether we can resolve this outstanding issue to avoid additional delay.

Pre-hearing discovery

During the call, we stated our position that under Rule 26(d)(1) discovery may not occur until the 26(f) conference takes place unless the parties stipulate to it or the court enters an order authorizing accelerated discovery. You stated that you had considered the phone call on Monday to be the 26(f) conference. Reviewing the federal rules since our call, we think the 26(f) conference refers to the official conference with the court, not the pre-conference meeting between the parties. We also reiterated our understanding that pre-hearing discovery must be limited specifically to information relevant to the preliminary injunction hearing, not broader merits discovery.

The parties disagree about whether all of the discovery submitted by Defendants is appropriately tailored to pre-hearing discovery. The parties did not resolve those differences during the call and recognized that Defendants may ultimately take some issues to the court. We requested that you provide us advanced notice before filing a motion to give us an opportunity to confirm we are at an impasse on a particular issue.

Specific topics we discussed are below.

Documents

We stated that we have already collected the patient plaintiffs' records from Vanderbilt and will produce them soon after a protective order and the motion to proceed under a pseudonym are entered by the court. We will follow up with a proposed stipulation authorizing the production pursuant to Rule 26(d)(1) while reserving the parties' rights with respect to whether additional pre-hearing discovery is appropriate.

In light of our willingness to produce the Vanderbilt records, we stated that we objected to Defendants serving a third-party subpoena or to Plaintiffs signing a HIPAA release. We stated our position that in light of the highly confidential information in the medical records, we do not want them to be produced directly from a third-party in unredacted form. Our understanding is that Defendants are taking this issue under advisement.

We also stated our belief that medical records from plaintiffs' mental health provides are not sufficiently tailored to the preliminary injunction. You disagreed. The parties did not reach resolution on this issue, but we agreed to begin collecting records from the mental health providers to avoid delay in the event that we reach agreement or that the court orders production. We believe the parties are not yet at an impasse and that an additional meet and confer would be productive.

We objected to your request for medical information from all of plaintiffs' doctors for the past 10 years as overbroad. We agreed to provide you with a list of providers plaintiffs have seen for gender dysphoria. You indicated you wanted to know whether plaintiffs have attempted to obtain care elsewhere. We agreed to answer an interrogatory on that topic. Our understanding is that Defendants are taking this issue under advisement.

We stated that we objected to your request for educational records as not sufficiently related to the issues at stake in the preliminary injunction. We also stated that we are concerned that sending subpoenas to plaintiffs' schools could compromise their privacy by revealing they are transgender. Our understanding is that Defendants are taking this issue under advisement.

Depositions

The parties did not come to an agreement regarding the possibility of depositions but discussed tentative plans regarding what depositions they may seek. You stated that you may wish to take depositions of the parent plaintiffs and Dr. Lacy. You also asked whether we intended to call any of our adolescent plaintiffs as witness at the hearing. We stated that we did not yet know and that we believed it is possible for the court to rule on the preliminary injunction without a hearing. You stated that if we intended to call a plaintiff as a witness you should have the opportunity to depose them. We asked you to consider deposing only one parent of one of the minor plaintiffs instead of all three.

You stated you did not know whether deposing experts would be necessary. We stated that we do not think expert depositions are necessary and stated that prior depositions of our experts are publicly available on the dockets of cases in which they have been deposed. You noted that you would consider whether expert depositions are necessary in light of the availability of their previous depositions.

We believe that additional discussions would be productive, and as stated above, request that you notify us before filing a discovery motion so that the parties can first seek to resolve any issues without involving the court.

Thanks,
Josh

**Joshua Block**
Pronouns: he, him

Senior Staff Attorney
Jon L. Stryker and Slobodan Randjelovic
LGBTQ & HIV Project
American Civil Liberties Union
125 Broad St., New York, NY 10004
212.549.2593 | jblock@aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*