IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| L.W., by and through her parents and next friends, Samantha Williams and Brian Williams, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter, et al., <br><br> *Defendants*. | **Civil No. 3:23-cv-00376** <br><br> **Judge Richardson** <br><br> **Judge Newbern** |

**AGREED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

The Parties agree that during the course of discovery it may be necessary to disclose certain confidential information ("Confidential Information") relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of Confidential Information.

Based on the Parties' agreement, and in order to preserve the confidentiality of certain records and information and to facilitate discovery, the Court finds that good cause exists for the issuance of this Protective Order. The Motion is hereby **GRANTED**.

Therefore, this Court **ORDERS** that:

1. Any documents, information, testimony, interrogatories, correspondence, or other materials that are in the custody or possession of the Parties and/or which are provided by a third party to a Party may in good faith and for good cause be designated as "CONFIDENTIAL – Subject to Protective Order" by any Party or third party producing the documents or information in discovery. Such designation may be made by (a) stamping "CONFIDENTIAL – Subject to Protective Order" on a document, (b) including the legend "CONFIDENTIAL – Subject to Protective Order" next to responses to interrogatories, or (c) counsel's written designation of documents, portions of documents, or responses to interrogatories as "CONFIDENTIAL – Subject to Protective Order" made within ten (10) days of service of such document or information. The term "document," in the singular or the plural, shall have the same meaning in this Protective Order as under Federal Rule of Civil Procedure 34(a).

2. Confidential Information may include, but is not limited to:

   a. Information pertaining to Plaintiffs, Plaintiffs' families, Plaintiffs' physicians, other patients, and school staff, including, but not limited to, personal identifying information, financial information, medical information, demographic information, the identities of persons associated with Plaintiffs who have not already been made public in this action, and any information that may jeopardize safety or privacy.

   b. Documents made confidential pursuant to federal law, including, but not limited to, the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.

   c. Documents made confidential pursuant to Tennessee law, including, but not limited to, T.C.A. § 10-7-504;

d. Any other confidential or legally protected documents or information.

3. Unless otherwise stated herein, agreed to in writing by the Parties, or ordered by this Court, all such discovery material shall be used solely for the preparation and prosecution of claims or defenses in the above-captioned case, including any appeal thereof, and for no other purpose.

4. It shall be the obligation of the Parties or third parties to mark as "CONFIDENTIAL – Subject to Protective Order" any documents, interrogatory responses, or other materials provided in discovery that are believed to contain Confidential Information. However, the failure to designate correctly any Confidential Information produced does not waive the protection otherwise attaching to the Confidential Information. Upon a Party's or third party's realization that particular information was incorrectly designated, or not designated, as Confidential Information, that Party or third party shall promptly provide notice to counsel for the appropriate Parties. Counsel shall then have ten (10) calendar days in which to designate or redesignate Confidential Information. In the interim, the information may not be used in a manner inconsistent with this Order. Once a Party designates information received from a third party as "CONFIDENTIAL – Subject to Protective Order," that Party may re-produce those documents to the other parties with that designation marked on the document as specified in Paragraph 1. In any event, once a Party has designated a document "CONFIDENTIAL – Subject to Protective Order" no Party may use a copy of that document that has not been stamped "CONFIDENTIAL – Subject to Protective Order" as provided in Paragraph 1.

5. If the receiving Party wishes to challenge the designation of a document, thing, or other discovery as "CONFIDENTIAL – Subject to Protective Order," the receiving Party shall notify the producing Party or third party in writing. The Parties or third party will meet and

confer in a good faith effort to resolve any disputes that may arise. If the Parties fail to reach agreement on any such disputes, the Party challenging any designation of Confidential Information may file a motion challenging the designation with the Court.

6. Except as provided in one or more of the paragraphs below, all such discovery material may not be shown or otherwise disclosed to any person other than the following:

  a. Legal counsel for the Parties, and the necessary paralegal, secretarial, clerical, and investigatory personnel, and other assistants employed by such counsel, as necessary to aid counsel in the preparation of prosecution of claims and defenses in this action except as herein set out;

  b. The Parties to this action, as well as employees of the Parties, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, but only after each person to whom Confidential Information is disclosed pursuant to this paragraph has read this Protective Order and signed a copy of the Declaration in the form of "Attachment A" to this Order;

  c. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, but only after each person to whom Confidential Information is disclosed pursuant to this paragraph has read this Protective Order and signed a copy of the Declaration in the form of "Attachment A" to this Order; and

  d. The Court, stenographic reporters, and any clerical or administrative staff who are engaged in proceedings necessarily incident to the conduct of the

action, provided that stenographic reporters have read this Protective Order and signed a copy of the Declaration in the form of "Attachment A" to this Order.

7. It shall be the responsibility of counsel to bring this Protective Order to the attention of all attorneys in their respective offices, as well as paralegals, clerical staff, and other support staff or assistants actively working on this case, and all expert witnesses and outside consultants to whom they disclose protected material, and to ensure that all such persons comply with the terms of this Order. Counsel for the Parties shall make reasonable efforts to prevent the unauthorized disclosure of documents designated as "CONFIDENTIAL – Subject to Protective Order" pursuant to the terms of this Protective Order. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of five years from the date of signing.

8. Prior to production or disclosure of Confidential Information, all copies, electronic images, duplicates, extracts, summaries, or descriptions of documents or materials designated as Confidential under this Protective Order shall be affixed with the designation "CONFIDENTIAL–Subject to Protective Order" if the word "Confidential" does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. This restriction does not apply to extracts, summaries, or descriptions that do not disclose Confidential Information. Should a Party or third party believe that an extract, summary, or description discloses Confidential Information and should be subject to this Protective Order, the Party or third party may move the Court to redact that information from the public record and treat it as Confidential Information.

9. The term "copies" as used herein, means digital, photographical, electrical, mechanical, or copier reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10. There is no waiver of the attorney–client privilege or the attorney work-product doctrine should any document and/or thing be produced which the producing Party in good faith later asserts is covered by the attorney–client privilege or the attorney work-product doctrine and which was inadvertently produced. Upon prompt notice by a producing Party and upon a showing of privilege or protection together with a showing of inadvertent production, the receiving Party shall immediately return the originals and all copies of the privileged or immune document or thing.

11. Any person who receives any such designated discovery material shall not use it for any purpose other than that specified herein. With regard to persons named in Paragraph 7, they shall not disclose designated discovery material to anyone for any purpose unless solely for the purpose of preparation and prosecution of the instant lawsuit.

12. Should any person receive inquiry from another person concerning the confidential documents they received, the person who has received confidential documents from the attorneys in this case shall make no response to such inquiring person whatsoever, except to confirm that he or she has received confidential documents, and is not permitted to further disseminate them, and may refer the person so inquiring to counsel in this case.

13. If a Party learns of any unauthorized disclosure of documents or information designated as "CONFIDENTIAL – Subject to Protective Order" under this Protective Order, the Party must immediately and in writing notify the producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing Party, make

every effort to prevent further disclosure by the recipient or the person to whom the recipient disclosed such Confidential Information. In the event of such a violation, the Parties may seek enforcement of this Order, together with any other appropriate relief, by filing a motion with this Court and scheduling that motion for hearing, upon adequate notice to opposing counsel in this case. Any such motion shall state, with specificity, the identity of the person believed to have violated the terms of this Order and the evidentiary basis for the motion.

14. If any Party shall find it necessary in the preparation and prosecution of claims or defenses of this action to disclose any such discovery material to any person not described in Paragraph 7 of this Order, then counsel for that Party, at least ten (10) days before disclosure, shall first notify counsel for the producing Party in writing of the discovery material at issue, and of the name and identity of each person to whom disclosures are proposed to be made. Within ten (10) days after receipt of that notice, plus an additional three (3) days, if the notice is sent by mail, counsel may object to the disclosure to the person so identified. If any objection is made, then no disclosures shall be made until the objection has been resolved, either by agreement of the Parties or by decision of this Court on motion filed by the Party seeking to make disclosure.

15. If a deposition requires the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL – Subject to Protective Order" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party or third party may designate portions of depositions as Confidential Information after transcription, provided that written notice is promptly given to all counsel of record with thirty (30) days after notice by the court reporter of the completion of the transcript. However, the failure to designate correctly any Confidential Information produced does not waive the protection otherwise attaching to the Confidential

Information.  Upon a Party's or third party's realization that particular information was incorrectly designated, or not designated, as Confidential Information, that Party or third party shall promptly provide notice to counsel for the other Parties. Counsel shall then have ten (10) calendar days in which to designate or redesignate Confidential Information.  In the interim, the information may not be used in a manner inconsistent with this Order.  If a deposition requires the disclosure of the name of any patient who is not a named Party to this action, the Parties will agree on an anonymized designation for that individual (*e.g.*, Dr. Doe 1).

16. Pursuant to the requirements of M.D. Tenn. L.R. 5.03 and the Middle District of Tennessee's User Manual for the ECF system, and consistent with the standards set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), should a Party seek to use Confidential Information in connection with motions or any other pretrial issue brought before this Court (including any testimony related thereto or substantive references to the same in any pretrial materials), the Party shall file a motion seeking leave to file the document under seal and file the document containing the Confidential Information as a sealed document.  If the filing Party is seeking to file material it designated "CONFIDENTIAL– Subject to Protective Order," then the filing Party shall set forth the bases for maintaining the proposed sealed document under seal.  If the filing Party is seeking to file material designated "CONFIDENTIAL – Subject to Protective Order" by another Party or third party, then the filing Party shall cite this provision of this Protective Order, and the Party or third party that designated the proposed sealed document as "CONFIDENTIAL – Subject to Protective Order" shall timely respond to the motion for leave to file under seal with a brief that sets forth the bases for maintaining the proposed sealed document under seal.  If the Parties can reach an agreement in this regard, they may file a joint motion that sets forth the bases for maintaining the proposed

document under seal. No Party waives any right that it might have to object on any ground to the admission of any evidence at the hearing or trial.

17. After termination of this litigation, the provisions of this Order shall continue to be binding upon all individuals who were at any time bound hereby, unless this Order is vacated or modified, except with respect to those documents and those pieces of information which become a matter of public record. The Court hereby retains and shall have continuing jurisdiction over each and every person who receives copies of confidential documents hereunder, and their attorneys and experts, for enforcement of the provisions of this Order following termination of this litigation. Consent to the continuing personal jurisdiction of this Court for enforcement of this Order shall be deemed given by any person receiving confidential documents or information hereunder.

18. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course thereof, from referring to or relying generally upon his or her examination of discovery material. However, in rendering any such advice or otherwise communicating with his or her client, the attorney shall not disclose the contents or source of any discovery material in any manner contrary to the terms of this Order.

19. At the conclusion of this case, the Confidential Information provided by any Party or third party—except for any sealed portions or any depositions and any documents filed under seal with the Court or any appellate court—shall be destroyed or alternatively returned to the entity who produced them within sixty (60) days of the conclusion of the final proceeding in this litigation. Any Confidential Information in the custody of counsel or the Parties which is modified to reflect attorney work product or attorney-client communication shall be destroyed by

9

counsel, rather than returned to the producing Party, and counsel shall certify in written correspondence that any such documents have been destroyed.

20. By entering into this Protective Order, no Party agrees to produce any particular document or information, including but not limited to any documentation or information referenced herein. Nothing in this Protective Order shall prejudice the right of any Party, non-party, or witness to contest the alleged relevancy, admissibility, or discoverability of any information sought or to interpose any other type of objection, claim, or response to any discovery request.

21. Nothing in this Protective Order shall prevent any Party from seeking a modification of, or appropriate relief from, any provision herein. Nor does anything in this Order prevent any Party, person, or entity from seeking further protection for Confidential Information or documents containing Confidential Information, or to seek any further protective relief from the Court with respect to any document or information sought in the course of discovery.

22. The termination of this litigation shall not relieve any person or Party that has received Confidential Information of his, her, or its obligations under this Protective Order.

IT IS SO ORDERED.

_____
ALISTAIR E. NEWBERN
MAGISTRATE JUDGE

**APPROVED FOR ENTRY:**

/s/ *Stella Yarbrough*
_____
**Attorneys for Plaintiffs**


/s/ *Steven J. Griffin*
_____
**Attorneys for Defendants**

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| L.W., by and through her parents and next friends, Samantha Williams and Brian Williams, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter, et al., <br><br> *Defendants*. | **Civil No. 3:23-cv-00376** <br><br> **Judge Richardson** <br><br> **Judge Newbern** |

## ATTACHMENT A

The undersigned agrees as follows:

1. I have received a copy of the Protective Order entered by the Court in the above-captioned case (Dkt. No. _____).

2. I have reviewed the Protective Order and hereby agree to be bound by its terms and provisions and subject to the jurisdiction of this Court for enforcement of the Order.

Dated: _____

Name: _____

Signature: _____

12