IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W. et al.,<br>*by and through her parents and next friends, Samantha Williams and Brian Williams*<br><br>    Plaintiffs,<br><br>v.<br><br>JONATHON SKRMETTI et al.,<br><br>    Defendants. | NO. 3:23-cv-00376<br>JUDGE RICHARDSON |

# ORDER

Pending before the Court is Defendants' motion (Doc. No. 74, "Motion") to reset the briefing schedule and to consolidate a preliminary injunction hearing with a trial on the merits. Plaintiffs filed a response. (Doc. No. 79). The United States, which has filed both a motion to intervene (Doc. No. 38) and its own motion for a preliminary injunction (Doc. No. 40) upon the heels of Plaintiffs' motion for a preliminary injunction (Doc. No. 21), also filed a response.[1] (Doc. No. 80). Defendants then filed a reply. (Doc. No. 84).[2] For the reasons stated herein, Defendants' Motion will be denied.

---

[1] The Court has not yet ruled on the United States' motion to intervene at Doc. No. 38.

[2] Although Defendants' reply predominantly rehashes the arguments they raise in the Motion, it does raise two new issues. The first is whether Plaintiff Dr. Lacy has standing, and the second concerns the scope of the United States' putative intervention. The Court need not resolve these issues in the resolution of this Motion, because the Court's analysis relies neither on arguments that Plaintiffs make in their response as to Dr. Lacy, nor does the Court rely on the United States' ability to intervene or the potential scope of its intervention. Moreover, the Court does not perceive the resolution of the present Motion to be an appropriate forum in which to address questions of standing and the merits of the United States' motion to intervene.

Defendants seek consolidation of a preliminary injunction hearing and the trial under Federal Rule of Civil Procedure 65(a)(2). Rule 65(a)(2) reads in full:

> Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

Fed. R. Civ. P. 65(a)(2). As an initial matter, the Court has not determined whether it will hold a hearing on the pending motions for preliminary injunctions. (Doc. Nos. 21, 40). At present, the Court is not of the view that a preliminary injunction hearing is necessary, although the Court may change its view following the completion of briefing on the pending motions for preliminary injunctions. The text of Rule 65(a)(2) evidently permits consolidation only when a preliminary hearing is held. Fed. R. Civ. P. 65(a)(2) ("*Before or after* beginning the hearing on a motion for a preliminary injunction. . . the court may advance trial on the merits. . .") (emphasis added). Because the Court has yet to determine whether a preliminary injunction hearing will occur, Defendants' Motion is procedurally premature (and would never become ripe, if no preliminary injunction hearing is held).

Moreover, even if the Court were to decide at a later point to hold a preliminary injunction hearing, however, the Court finds that consolidation in this case is not appropriate. The decision whether to consolidate a preliminary injunction hearing with a trial on the merits is within the sound discretion of the trial court. *See e.g.*, *Paris v. U.S. Dept. of Housing and Urban Development*, 713 F.2d 1341, 1346 (7th Cir. 1983). Defendants advance two primary theories as to why consolidation is appropriate in this case. Neither are persuasive.

First, Defendants argue that the Court should consolidate the preliminary injunction hearing with the trial because Plaintiffs have failed to allege imminent irreparable harm. (Doc. No.

74 at 5). Defendants contend that there is no imminency to resolve the preliminary injunction motions because the law permits those who are currently receiving medical treatments described in the statute to continue do so until March 31, 2024. (*Id.* at 5).

Under the statute in question, individuals who began medical treatments to which the statute is applicable before July 1, 2023 lawfully may continue these treatments until March 31, 2024. Tenn. Code § 68-33-103(b)(1)(B). These individuals must have their treating physicians certify in writing that "in the physician's good-faith medical judgment, based upon the facts known to the physician at the time, ending the medical procedure would be harmful to the minor." *See id.* § 68-33-103(b)(3). The statute further states that the exception permitting continued medical treatment to individuals who began treatment prior to July 1, 2023, does not permit "a healthcare provider to perform or administer a medical procedure that is different from the medical procedure performed prior to the effective date of this statute" when the sole purpose of the procedure is to "(A) Enable the minor to identify with, or live as, a purported identity inconsistent with the minor's sex" or "(B) Treat purported discomfort or distress from a discordance between the minor's sex and asserted identity." *See id.* at § 68-33-103(4).

The plain text of the statute is inconsistent with Defendants' suggestion that Plaintiffs' allegations of imminency are refuted by the statute's allowance of an eight-month period for medical treatments to continue for some individuals who are subject to the statute (hereinafter referred to as "affected individuals"). After July 1, 2023, no affected individual who seeks the medical treatments described in the statute can receive such treatments if such affected individual had not begun the treatment prior to July 1, 2023. Therefore, after July 1, 2023, the absolute prohibition on treatments covered by the statute will become effective for an entire group of affected individuals. Furthermore, after July 1, 2023, affected individuals who are able to continue

treatments until March 31, 2024 will be prevented from making any alterations (*i.e.* receiving any "medical procedure that is different") to those treatments. Finally, the natural effect of the statute will be that at least some affected individuals will have to alter their respective medical treatments in order to prepare for the March 31, 2024 cut-off. Of course, this alteration would be permitted under the statute as long as such alteration is not for the purposes described in § 68-33-103(4)(A) or (B)—which would be the case whenever the alteration is implemented for the purpose of weaning the affected individual off the medical treatments in order to comply (with less abruptness to the individual) with the absolute prohibition that is to go into effect on March 31, 2024 . Though Defendants assert that the statute does not *require* medical professionals to "wean" their patients off of the patient's medical treatments during the eight-month period beginning July 1, 2023, weaning patients off of treatments would logically be the *natural consequence* of the statute becoming effective on July 1, 2023. Therefore, even though the statute does not describe the eight-month period as "weaning period," it is reasonable for the Court to infer—particularly in light of the statute's proscription on changing an affected individual's medical treatments if they are for either of the purposes described in § 68-33-103(4)(A) and (B)—that the effect of the statute becoming effective on July 1, 2023 is that many affected individuals will begin to be weaned off of their treatments around that date. Therefore, the Court does not agree with Defendants that there is no imminency as to Plaintiffs' alleged harms. As evidenced, the plain text of the statute and the natural consequences of the prohibitions contained in the statute indicate that the effects of the statute (whether they be "good" or "bad," constitutional or unconstitutional) will be felt starting on July 1, 2023.[3]

---

[3] In making these findings with respect to the present Motion, the Court does not suggest that it has made any determinations about Plaintiffs' showing of imminency or irreparability of harm in support of their *motion for a preliminary injunction*. The Court makes these findings only to the extent that they address and resolve arguments raised by Defendants in the *present Motion*.

Defendants' argument as to imminency also reveals a fundamental misunderstanding as to the operation of Rule 65(a)(2). The purpose of consolidation under Rule 65(a)(2) is not to delay a preliminary injunction hearing until such time as a trial can be held (held, that is, after the parties have had sufficient time to prepare for the trial). As Plaintiffs point out in their response, consolidation under Rule 65(a)(2) is plainly intended to foster judicial efficiency by preventing repetition of evidence. (Doc. No. 79 at 4). As stated in the Notes of the Advisory Committee for Rule 65, "[t]he fact that the proceedings have been consolidated should cause no delay in the disposition of the application for the preliminary injunction. . .." *See* Notes on Advisory Committee on Rules—1966 Amendment. The Court therefore agrees with Plaintiffs that it is not appropriate to consolidate a preliminary injunction hearing with a trial where the effect of consolidation would be to leave the "preliminary injunction motions to languish for months." (Doc. No. 79 at 4). In short, Rule 65(a)(2) contemplates in effect moving up the trial so as to coincide with the preliminary injunction hearing (if indeed such a hearing is to be held); it does not contemplate delaying the preliminary injunction hearing until the time of trial. Defendants' suggestion that the Court wait to rule on the preliminary injunction motions until January 2024 is thus inconsistent with the purpose (and intended functioning) of Rule 65(a)(2).

Second, Defendants argue that consolidation is warranted because Plaintiffs waited more than a month and a half after the statute was enacted to file this action. (Doc. No. 74 at 9). The Court does not begrudge Defendants' suggestion that under circumstances like the present, the sooner the filing the better. And Defendants might have gotten more traction on this point were there a smaller gap of time between the filing of this action (and Plaintiff's contemporaneous motion for a preliminary injunction) and the effective date of the statute. But Defendants have not identified any binding precedent on point which would cause the Court to find that Plaintiffs failed

to demonstrate reasonable diligence in filing this action seven weeks after the statute was enacted (and roughly ten weeks before it is to go into effect). Defendants' assertion that Plaintiffs' delay in filing this action is not justifiable under the circumstances is also undermined by Defendants' request that the Court set Defendants' response to Plaintiffs' preliminary injunction motion for October 16, 2023—several months after the motion was filed; it tends to reflect a recognition that litigating the preliminary injunction motion here at issue is something that takes some time, and this reality applies to Plaintiffs getting their ducks in a row before filing this action and the preliminary injunction motion in the first place. The Court therefore declines to find that Plaintiffs' delay in filing this action warrants consolidation.

The only remaining issue for the Court to address is Defendants' request in the Motion to extend the deadline for their response to June 2, 2023 in the event that the Court denies their request for consolidation under Rule 65(a)(2). On May 2, 2023, the Court entered an order extending the deadline for Defendants' response from May 8, 2023 to May 15, 2023. (Doc. No. 75). The Court has therefore afforded three weeks for Defendants to respond to Plaintiffs' motion for a preliminary injunction, which the Court considers sufficient time for Defendants to organize their response. The Court also finds that a deadline of June 2, 2023 for Defendants' response would not permit sufficient time upon the completion of briefing by both parties to fully consider the issues raised in Plaintiffs' preliminary injunction motion—and potentially hold a hearing—prior to the effective date of the statute. The Court therefore declines to extend the deadline to June 2, 2023. May 15, 2023 remains the effective deadline for Defendants' response to Plaintiffs' motion for a preliminary injunction, although for good cause shown the Court potentially could grant a slight extension beyond May 15.

For the reasons stated herein, Defendants' Motion at Doc. No. 74 is DENIED.

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE