IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

L.W., by and through her parents and next friends, Samantha Williams and Brian Williams, et al.,

    *Plaintiffs,*

    v.

JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter, et al.,

    *Defendants.*

**Civil No. 3:23-cv-00376**

**Judge Richardson**

**Judge Newbern**

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO PROCEED PSEUDONYMOUSLY

Plaintiffs John Doe, by and through his parents and next friends, Jane Doe and James Doe; Jane Doe; James Doe; Ryan Roe, by and through his parent and next friend, Rebecca Roe; and Rebecca Roe (collectively, "Movants") hereby submit their reply to *Defendants' Response to Plaintiffs' Motion for Leave to Proceed Pseudonymously*, dated May 2, 2023 [ECF No. 76] (the "Response"). Through this reply, Movants seek to underscore the importance of proceeding under pseudonym and oppose one of the Defendants' proposed three conditions to consenting to the *Plaintiffs' Motion to Proceed Pseudonymously*, dated April 21, 2023 [ECF No. 19] (the "Motion").

## ARGUMENT

As explained in the Motion, courts in this Circuit have repeatedly permitted transgender individuals to proceed pseudonymously in recognition of the intimate nature of the information required to be disclosed, as well as the risks of "retaliation, harassment, and social stigma" associated with their gender identity. *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-cv-272, 2018 WL 8804858, at *1 (S.D. Ohio Apr. 5, 2018); *see also, e.g., Bd. of Educ. of Highland Loc. Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015).

In their Response, Defendants ask the Court to place three conditions on Movants' right to proceed pseudonymously. The first and third are acceptable to Movants; the second is not. Specifically, Defendants' second proposed condition is that "during this litigation, Defendants shall not publicly or privately disclose or identify for any purpose that these movant-plaintiffs are parties to the case, **except 'to the full extent necessary to defend the law being challenged**.'" Response at 689 (emphasis added).[1] Defendants offer no support for demanding the unbounded

---

[1] Pincites to record materials reference the "Page ID" numbers in the ECF file stamps.

right to disclose "publicly" Plaintiffs' identities as they see fit and fail to explain how Movants would be protected by an order that cedes to the opposing party the authority to determine whether and when to reveal their identities.

The Amended Proposed Order, attached as Exhibit 1, incorporates the first and third conditions requested by Defendants and otherwise sets forth the specific procedures and protections that Movants believe are appropriate to protecting their identity, while still giving Defendants sufficient room to defend the Ban.[2]  Among other things, the Amended Proposed Order (i) permits Defendants' counsel to disclose Identifying Information to Defendants, Defendants' employees, and experts retained in this action "to the minimum extent necessary to litigate this action," provided such persons have been provided with and read the Amended Proposed Order, (ii) permits Defendants' counsel to disclose Identifying Information on third-party subpoenas "to the minimum extent necessary to litigate this action," provided such third-party has been provided with and read the Amended Proposed Order, and (iii) provides a mechanism for the parties to meet-and-confer if future issues arise and seek Court intervention as needed.  To require any less would endanger Movants, particularly given the reality that involuntary disclosure of a person's transgender status "exposes transgender individuals to a substantial risk of stigma, discrimination, intimidation, violence, and danger." *See Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018).

For the foregoing reasons, and those identified in the Motion, the Court should grant the Motion and order the relief set forth in the Amended Proposed Order.

---

[2] Plaintiffs provided a copy of the Amended Proposed Order to Defendants in an effort to resolve this dispute without the Court's involvement, but Defendants rejected Plaintiffs' offer and continue to insist upon the inclusion of all three conditions.

3

Dated: May 9, 2023

s/ *Stella Yarbrough*
Stella Yarbrough, BPR No. 033637
Lucas Cameron-Vaughn, BPR No. 036284
Jeff Preptit, BPR No. 038451
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org
*Attorneys for the Plaintiffs*

Joshua A. Block*
Chase Strangio*
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel.: 212-549-2593
jblock@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Sruti J. Swaminathan*
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
Tel.: 212-809-8585
sswaminathan@lambdalegal.org
*Attorney for the Plaintiffs*

Avatara A. Smith-Carrington*
Lambda Legal Defense and Education Fund, Inc.
1776 K Street N.W., 8th Floor
Washington DC 20006
Tel.: 202-804-6245
asmithcarrington@lambdalegal.org
*Attorney for the Plaintiffs*

*admitted pro hac vice*

Respectfully submitted,

Tara Borelli*
Lambda Legal Defense and Education Fund, Inc.
1 West Court Square, Ste. 105
Decatur, GA 30030
Tel.: 404-897-1880
tborelli@lambdalegal.org
*Attorney for the Plaintiffs*

Joseph L. Sorkin*
Dean L. Chapman, Jr.*
Kristen W. Chin*
Richard J. D'Amato*
Theodore J. Salwen*
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: 212-872-1000
jsorkin@akingump.com
dchapman@akingump.com
kristen.chin@akingump.com
rdamato@akingump.com
jsalwen@akingump.com
*Attorneys for the Plaintiffs*

Elizabeth D. Scott*
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Tel.: 214-969-2800
edscott@akingump.com
*Attorney for the Plaintiffs*

Christopher J. Gessner*
David Bethea*
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street N.W.
Washington, DC 20006
Tel.: 202-887-4000
cgessner@akingump.com
dbethea@akingump.com
*Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

      I hereby certify that on May 9, 2023, the undersigned filed the foregoing Plaintiffs' Reply in Support of Motion to Proceed Pseudonymously via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| | |
|---|---|
| Steven J. Griffin<br>Clark L. Hildabrand<br>Trenton Meriwether<br>Ryan N. Henry<br>Brooke A. Huppenthal<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 3720<br>(615) 741-959<br>steven.griffin@ag.tn.gov<br>clark.hildabrand@ag.tn.gov<br>trenton.meriwether@ag.tn.gov<br>ryan.henry@ag.tn.gov<br>brooke.huppenthal@ag.tn.gov | Tamica Daniel<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 598-9636<br>Tamica.Daniel@usdoj.gov |
| Adam K. Mortara<br>Lawfair LLC<br>40 Burton Hills Blvd., Suite 200<br>Nashville, TN 37215<br>(773) 750-7154<br>mortara@lawfairllc.com | Alyssa C. Lareau<br>Coty Montag<br>Gloria Yi<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 305-2994<br>Alyssa.Lareau@usdoj.gov<br>Coty.Montag@usdoj.gov<br>Gloria.Yi@usdoj.gov |

| | |
|---|---|
| Cameron T. Norris<br>Consovoy McCarthy PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com | Ellen Bowden McIntyre<br>U.S. Attorney's Office (Nashville)<br>719 Church Street<br>Suite 3300<br>Nashville, TN 37203<br>(615) 736-2125<br>(615) 401-6626 (fax)<br>ellen.bowden2@usdoj.gov |

s/ *Stella Yarbrough*
Stella Yarbrough, BPR No. 033637
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-320-7142
syarbrough@aclu-tn.org