**Exhibit 1**

**Amended Proposed Order**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| L.W., by and through her parents and next friends, Samantha Williams and Brian Williams, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter, et al.,<br><br>*Defendants.* | Civil No. 3:23-cv-00376<br><br>**Judge Richardson**<br><br>**Judge Newbern** |

### AMENDED PROPOSED ORDER AUTHORIZING PLAINTIFFS TO PROCEED PSEUDONYMOUSLY

THIS MATTER came before the Court on Plaintiffs' Motion For Leave To Proceed Pseudonymously and Brief In Support, whereby Plaintiffs move this Court for leave to proceed under the pseudonyms "John Doe," "Jane Doe," "James Doe," "Ryan Roe," and "Rebecca Roe."

The Court, having considered Movants' motion, Movants' supporting memorandum, Defendants' Response to Plaintiff's Motion for Leave to Proceed Pseudonymously, Movants' reply, and the entire record in this case, finds there is good cause to grant Movants' motion and hereby **ORDERS:**

1. Movants may proceed in this action under the pseudonyms "John Doe," "Jane Doe," "James Doe," "Ryan Roe," and "Rebecca Roe."

2. Movants' counsel shall disclose Movants' true names and, to the extent otherwise discoverable under the Federal Rules of Civil Procedure, other information that identifies Movants

or Movants' family members, directly or indirectly ("Identifying Information"), upon request to Defendants' counsel and the Court.

3. All publicly-filed documents shall identify Movants only by Movants' pseudonyms.

4. All documents filed with the Court that contain Movants' names or Identifying Information shall be redacted or filed under seal.

5. Defendants' counsel may disclose Identifying Information to Defendants, Defendants' employees, and experts retained in this action, but only to the minimum extent necessary to litigate this action.

6. Defendants' counsel may disclose Identifying Information on a third-party subpoena pursuant to Federal Rule of Civil Procedure 45 and Local Rule 45, but only to the minimum extent necessary to litigate this action.

7. Individuals to whom Identifying Information is disclosed shall not further disclose that information to any other person without first obtaining written confirmation from Movants' counsel that such disclosure is necessary to litigate this action.

8. Under no circumstances shall any person disclose Identifying Information to the media.

9. Before disclosing Identifying Information to any person for purposes of litigating this action, Defendants' counsel shall give that person a copy of this order, require that person to read this order, specifically point out to that person the provisions of section 7 and 8 of this order, and specifically warn that person that violation of this order may result in sanctions for contempt of court.

10. If any specific issues related to non-disclosure of Identifying Information arise during the course of litigation, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

IT IS SO ORDERED.

---

JUDGE ALISTAIR NEWBERN