IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNEESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W., by and through her parents and next friends, Samantha Williams and Brian Williams; SAMANTHA WILLIAMS; BRIAN WILLIAMS; JOHN DOE, by and through his parents and next friends, Jane Doe and James Doe; JANE DOE; JAMES DOE; RYAN ROE, by and through his parent and next friend, Rebecca Roe; REBECCA ROE; and SUSAN N. LACY, on behalf of herself and her patients,<br><br>     Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>     Plaintiff-Intervenor,<br><br>  v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter; TENNESSEE DEPARTMENT OF HEALTH; RALPH ALVARADO, in his official capacity as the Commissioner of the Tennessee Department of Health; TENNESSEE BOARD OF MEDICAL EXAMINERS; MELANIE BLAKE, in her official capacity as the President of the Tennessee Board of Medical Examiners; STEPHEN LOYD, in his official capacity as Vice President of the Tennessee Board of Medical Examiners; RANDALL E. PEARSON, PHYLLIS E. MILLER, SAMANTHA MCLERRAN, KEITH G. ANDERSON, DEBORAH CHRISTIANSEN, JOHN W. HALE, JOHN J. MCGRAW, ROBERT ELLIS, JAMES DIAZ-BARRIGA, and JENNIFER CLAXTON, in their official capacities as members of the Tennessee Board of Medical Examiners; and LOGAN GRANT, in his official capacity as the Executive Director of the Tennessee Health Facilities Commission,<br><br>     Defendants. | Case No. 3:23-cv-00376<br><br>District Judge Richardson<br><br>Magistrate Judge Newbern |

# REPLY IN SUPPORT OF UNITED STATES' MOTION TO INTERVENE

The United States is entitled to intervene as of right in this lawsuit pursuant to Section 902 of the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2 ("Section 902").[1] Defendants do not oppose intervention, and they do not contest that the United States has met the requirements for intervention under Federal Rule of Civil Procedure ("Rule") 24(a)(1). Instead they seek to (1) preemptively strike the United States' equal protection claim to the extent it is based on transgender status-based discrimination, and (2) circumscribe the relief to which the United States may be entitled. ECF 81. The Court need not address these two arguments, which would be more aptly raised—if at all—at some later stage. In any event, the first argument fails because the Sixth Circuit has held that discrimination on the basis of transgender status is a form of sex discrimination; the second argument is inapplicable because the United States seeks the same relief as Private Plaintiffs, which Defendants do not contest. The Court should grant the United States' motion to intervene.[2]

## ARGUMENT

**A. The United States May Bring an Equal Protection Claim that Alleges Discrimination Based on both Sex and Transgender Status.**

---

[1] Defendants imply that the United States did not satisfy Local Rule 7.01(a)(1) by failing to contact Defendants' counsel in a timely manner. This is unwarranted. When the United States filed its motion, no counsel had yet made an appearance on behalf of Defendants and the United States was not aware of Defendants' counsels' schedules. The United States made efforts, in compliance with Local Rule 7.01(a)(1) and as described in its motion to intervene, to contact Defendants' counsel prior to filing its motion, but was told by the Attorney General's office that Counselor Griffin was the only person the United States could speak to concerning this case and that he was not available. Counsel for Defendants filed notices of appearance the following day.
[2] In the event that intervention is granted, the United States agrees that Defendants' deadline for responding to Private Plaintiffs' and United States' preliminary injunction motions should be the same. *See* ECF 81; *see also* ECF 94 (granting Defendants until May 19, 2023 to respond to Private Plaintiffs' motion for a preliminary injunction).

1

Case 3:23-cv-00376   Document 101   Filed 05/11/23   Page 2 of 9 PageID #: 854

Discrimination on the basis of transgender status is a form of sex discrimination. *See Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1746 (2020) ("By discriminating against transgender persons, the employer unavoidably discriminates against persons with one sex identified at birth and another today."). Defendants attempt to create an artificial wedge between the two, asserting that transgender status-based discrimination is "not necessarily" the same as sex-based discrimination under the Equal Protection Clause. ECF 81 at Page ID 724 n.2. Defendants' position is not only inconsistent with *Bostock* but also ignores that the Sixth Circuit has found discrimination based on transgender status constitutes a viable sex discrimination claim under the Equal Protection Clause. *Smith v. City of Salem*, 378 F.3d 566, 571, 576-77 (6th Cir. 2004) (holding that an employee whose employment the city sought to terminate because of transgender status stated a sex-discrimination claim under the Equal Protection Clause); *see also Dodds v. United States Dep't of Educ.*, 845 F.3d 217, 220-22 (6th Cir. 2016) (stating that discrimination based on gender nonconformity of transgender individuals is sex discrimination based on "settled law in this Circuit," including *Smith*); *Barnes v. City of Cincinnati*, 401 F.3d 729, 739 (6th Cir. 2005); *D.H. by A.H. v. Williamson Cnty. Bd. of Educ.*, 2022 WL 16639994, at *10 (M.D. Tenn. Nov. 2, 2022) (stating that "[t]he Court does not disagree that discriminating against a person for being transgender constitutes discrimination on the basis of sex."). Other circuit courts agree with this principle. *See Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 608-10 (4th Cir. 2020) (concluding that discrimination against transgender persons is a sex-based classification and stating that "[m]any courts, including the Seventh and Eleventh Circuits, have held that various forms of discrimination against transgender people constitute sex-based discrimination for purposes of the Equal Protection Clause . . . .") (collecting cases); *see also*

*Brandt by & through Brandt v. Rutledge*, 47 F.4th 661, 670 (8th Cir. 2022) (affirming that a law banning gender-affirming care for transgender minors is a sex-based classification).[3]

B.     **There is No Reason to Circumscribe the Scope of the Relief the United States May Seek at this Stage of the Litigation.**

The Court should decline Defendants' invitation to debilitate Section 902 by limiting the United States' ability to intervene in equal protection cases and effectuate the relief necessary to remedy a constitutional violation. Section 902 confers upon the United States the right to independently obtain complete relief in cases where the criteria for intervention have been satisfied. Defendants' argument to the contrary contravenes Congress's clear intention to allow the United States to obtain full and necessary relief in cases like this one.[4]

The United States is entitled to intervene and seek the statewide relief sought in its Complaint-in-Intervention under Section 902:[5]

> The underlying policy of Sec. 902 is to promote the strong public interest in obtaining compliance with the equal protection clause of the constitution. . . . Any interpretation of the last sentence of Sec. 902 [that the United States shall be entitled to the same relief as if it had instituted the action] which would restrict the right of the United States to seek full and complete relief would not protect the public interest in achieving full compliance with the constitution.

---

[3] The United States also satisfies the requirements for permissive intervention as to all aspects of its equal protection claim because the motion to intervene is timely, it shares a common claim, and intervention will not delay the case or prejudice Defendants. *See* Fed. R. Civ. P. 24(b).

[4] For example, Senator Hubert Humphrey, the sponsor of the bill to codify Section 902, stated the purpose and highlighted the function of this section in setting up a "responsible officer or instrumentality of Government to seek out the areas of difficulty, and to propose remedies, solutions or adjustments . . . if you really want to get at the problem you have got to have that kind of authority." *Hearings Before the Subcomm. on Emp. & Manpower, Comm. on Lab. & Pub. Welfare*, 88th Cong. 144 (1963), https://congressional.proquest.com/congressional/docview/t29.d30.hrg-1963-lpw-0024?accountid=14740 (statement of Sen. Humphrey).

[5] For this same reason, Defendants' standing arguments fail. Moreover, Defendants' reliance on *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017), fares no better. *Town of Chester* involved standing requirements for a private individual seeking to intervene pursuant to Rule 24(a)(2) who may have been seeking distinct relief from the original plaintiff. *Id.* at 435-36, 438, 440-42. Those vastly different circumstances have no bearing here.

*Spangler v. United States*, 415 F.2d 1242, 1246 (9th Cir. 1969). In *Spangler*, the court specifically rejected the argument that the United States is limited to the relief asked for by the private plaintiff. *Id.* at 1244. The court further concluded that Section 902 empowers the United States to independently obtain all relief necessary to address the alleged constitutional violation once it has intervened. *Id.* (concluding that the text of Section 902 "certainly does not limit the United States . . . to the relief asked for by the plaintiff").[6]

*Sanders v. Ellington*, 288 F. Supp. 937 (M.D. Tenn. 1968), supports the conclusion that the United States may obtain all of the relief it seeks even if the Court grants narrower relief to Private Plaintiffs. In *Sanders*, private plaintiffs sought to enjoin the University of Tennessee from constructing a new building and expanding a particular educational program. The United States intervened pursuant to Section 902, seeking to stop the construction of the new building, but also seeking a court order directing the state defendants to develop a plan to desegregate the public universities throughout Tennessee. *Id.* at 939. The court ultimately did not enjoin the construction of the building but nonetheless ordered the defendants to submit a statewide desegregation plan. *Id.* at 942-43. Other courts have similarly allowed the United States to intervene pursuant to Section 902 and seek statewide relief. *See, e.g.*, *Battle v. Anderson*, 376 F. Supp. 402, 407, 428-29 (E.D. Okla. 1974) (ordering plan to eradicate segregation at state penitentiary and for review processes within the Department of Corrections).

The United States would thus be entitled under Section 902 to the statewide relief sought in its Complaint-in-Intervention even if the Court were to decide later to limit the scope of the

---

[6] It is well-established that the United States has a profound sovereign interest in ensuring enforcement of the Constitution, *see In re Debs*, 158 U.S. 564, 583-86 (1895), and its ability to seek injunctive and declaratory relief "to restrain violations of constitutional rights . . . has long been recognized." *United States v. City of Jackson*, 318 F.2d 1, 11 (5th Cir. 1963) (collecting cases).

relief it grants to Private Plaintiffs.[7] But, of course, there is no guarantee that circumstance will come to pass. The United States seeks a statewide injunction to prevent SB 1 from taking effect—the exact same relief that Private Plaintiffs seek. *Compare* ECF 1 at Page ID 41-42 *with* ECF 38.2 at Page ID 561. Consequently, the Court need not address Defendants' arguments about the scope of the relief to which the United States might ultimately be entitled.

In any event, Defendants have not identified any on-point legal authority supporting their argument seeking to restrict the relief available to the United States. None of the cases relied on by Defendants involve intervention pursuant to Section 902. And several of the cases do not involve intervention at all. *See*, *e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014); *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001); *United States v. Mattson*, 600 F.2d 1295 (9th Cir. 1979). For example, Defendants rely on *Sayman v. Nat'l Evaluation Sys., Inc.*, 2002 WL 598519, at *1 (N.D. Ill. Apr. 17, 2002) even though that case does not involve the United States or its interests, but rather a single *pro se* plaintiff's attempt to challenge his teacher certification examination score. Nothing in *Sayman* imposes any limitation on any claim by the United States brought under the statute. *Id.*

Consequently, none of the cases Defendants cite support their argument to limit the federal government's authority to participate in this case, and there is no reason to limit the United States' intervention.

## CONCLUSION

For the foregoing reasons, the Court should grant, without any limitation, the United States' motion to intervene in this matter.

---

[7] Notably, Defendants do not contest the United States' ability to seek statewide relief specifically, only "additional" relief. *See* ECF 81 at Page ID 725-27.

Dated: May 11, 2023

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

s/ *Ellen Bowden McIntyre*
ELLEN BOWDEN MCINTYRE
B.P.R. #023133
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
Facsimile: (615) 401-6626
Email: Ellen.Bowden2@usdoj.gov

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

CHRISTINE STONEMAN
Chief, Federal Coordination and
Compliance Section

COTY MONTAG (DC Bar No. 498357)
Deputy Chief, Federal Coordination and
Compliance Section

s/ *Gloria Yi*
TAMICA DANIEL (DC Bar No. 995891)
Trial Attorney
Housing and Civil Enforcement Section
GLORIA YI (NY Bar No. 4873824)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
Federal Coordination and Compliance Section
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 514-4721
Tamica.Daniel@usdoj.gov
Gloria.Yi@usdoj.gov
Alyssa.Lareau@usdoj.gov

*Attorneys for Plaintiff-Intervenor United States of America*

**CERTIFICATE OF SERVICE**

I certify that on May 11, 2023, a true and correct copy of the foregoing was served via the Court's CM/ECF system, if registered.

| | |
|---|---|
| Avatara A. Smith-Carrington, Esq.<br>Lambda Legal Defense and Education Fund, Inc.<br>1776 K Street NW, Suite 722<br>Washington, DC 20006<br>Email: asmithcarrington@lambdalegal.org | Tara L. Borelli, Esq.<br>Lambda Legal Defense and Education Fund, Inc.<br>1 West Court Square, Suite 105<br>Decatur, GA 30030<br>Email: tborelli@lambdalegal.org |
| Sruti J. Swaminathan, Esq.<br>Lambda Legal Defense and Education Fund, Inc.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Email: sswaminathan@lambdalegal.org | Chase Strangio, Esq.<br>Joshua A. Block, Esq.<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, New York 10004<br>Email: cstrangio@aclu.org<br>Email: jblock@aclu.org |
| Stella Yarbrough<br>American Civil Liberties Union of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>Email: syarbrough@aclu-tn.org | Jeff Preptit, Esq.<br>Lucas Cameron-Vaughn, Esq.<br>ACLU (Nashville Office)<br>P.O. Box 120160<br>Nashville, TN 37212<br>Email: jpreptit@aclu-tn.org<br>Email: lucas@aclu-tn.org |
| Elizabeth D. Scott<br>Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Email: edscott@akingump.com | Christopher J. Gessner, Esq.<br>David Bethea, Esq.<br>Akin, Gump, Strauss, Hauer & Feld LLC<br>(DC Office)<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: cgessner@akingump.com<br>Email: dbethea@akingump.com |
| Dean L. Chapman Jr.<br>Joseph L. Sorkin, Esq.<br>Kristen W. Chin, Esq.<br>Richard J. D'Amato, Esq.<br>Theodore James Salwen, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036 | Steven J. Griffin, Esq.<br>Trenton M. Meriwether, Esq.<br>Clark L. Hildabrand, Esq.<br>Ryan N. Henry, Esq.<br>Brooke A. Huppenthal, Esq.<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207 |

| | |
|---|---|
| Email: dchapman@akingump.com<br>Email: jsorkin@akingump.com<br>Email: Kristen.chin@akingump.com<br>Email: rdamato@akingump.com<br>Email: jsalwen@akingump.com | Email: steven.griffin@ag.tn.gov<br>Email: Trenton.meriweather@ag.tn.gov<br>Email: clark.hildabrand@ag.tn.gov<br>Email: ryan.henry@ag.tn.gov<br>Email: brooke.huppenthal@ag.tn.gov |
| Cameron T. Norris, Esq.<br>Consovoy McCarthy PLLC<br>1600 Wilson Blvd., Ste 700<br>Arlington, VA 22209<br>Email: cam@consovoymccarthy.com | Adam Karl Mortara, Esq.<br>Lawfair LLC<br>40 Burton Hills Blvd., Suite 200<br>Nashville, TN 37215<br>Email: mortara@lawfairllc.com |

       s/ *Gloria Yi*
       Gloria Yi
       Trial Attorney