IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W., *by and through her parents and next friends, Samantha Williams and Brian Williams*, et al.<br><br>    *Plaintiffs,*<br><br>v.<br><br>JONATHAN SKRMETTI, *in his official capacity as the Tennessee Attorney General and Reporter*, et al.,<br><br>    *Defendants.* | No. 3:23-cv-00376<br><br>JUDGE RICHARDSON<br><br>JUDGE NEWBERN |

## JOINT STATEMENT OF DISCOVERY DISPUTE

Defendants served Plaintiffs L.W., Ryan Roe, and John Doe, by and through their parents and next friends ("Minor Plaintiffs") with Interrogatories and Requests for Production of Documents ("Discovery Requests"). Minor Plaintiffs, by and through counsel, have objected to production of certain information requested. Defendants request that this Court compel Minor Plaintiffs to produce educational information relevant to, *inter alia*, their standing to maintain this suit and the irreparable harm alleged in Plaintiffs' Motion for Preliminary Injunction (the "Motion") and in the Declarations submitted by Minor Plaintiffs and their parents in support thereof.

## PARTIES' GOOD FAITH DISCUSSIONS

Plaintiffs filed the Complaint that instigated this action on April 20, 2023, and, the next day, sought preliminary injunctive relief from enforcement of the Act. ECF Nos. 1 and 21. Defendants were served on April 24, 2023. Defendants served Discovery Requests to each Minor Plaintiff on May 2, 2023, and they requested expedited responses due to the pending Motion. Counsel for all parties attended a telephonic conference on May 3, 2023, to discuss scheduling and discovery issues related to the Motion. The parties agreed to limited, pre-hearing discovery tailored to the relief

sought in Plaintiffs' Motion. However, the parties disagreed as to whether certain of Defendants' Discovery Requests fit within the agreed upon scope. Defendants asserted these initial Discovery Requests, which include four interrogatories and two requests for production, were appropriate for the preliminary injunction phase. Plaintiffs agreed to provide some documents and interrogatory responses but asserted that the discovery requests were overbroad. Plaintiffs also stated they could not provide documents and responses until after the Court entered a protective order and entered an order allowing two of the Minor Plaintiffs and their parents to proceed by a pseudonym. Thereafter, the parties exchanged several emails attempting to resolve the dispute. A compromise could not be reached.

On May 8, 2023, the Court entered a protective order. *Agreed Protective Order Regarding Confidential Information* [ECF No. 87]. On May 9, 2023, Plaintiff L.W., who is not proceeding by a pseudonym, served formal responses to Defendants' initial Discovery Requests and produced 92 pages of responsive documents. Plaintiffs have stated they continue to collect responsive documents from medical providers and that production remains ongoing. However, the Minor Plaintiffs have objected to providing any information in response to Defendants' Interrogatory No. 4—which states: "Identify each public or private school in which Plaintiff [ ] has been enrolled from 2013 to the present"—asserting that this request is irrelevant to the relief sought in the Motion.

**PARTIES' POSITIONS**

I.     **Defendants' Position**

Plaintiffs moved this Court for extraordinary, injunctive relief based in part on their argument that Minor Plaintiffs will face irreparable harm if the Act goes into effect on July 1, 2023. ECF No. 33 at 23 – 24. The alleged harm, which broadly includes "loss of care" and "emotional distress" and specifically addresses potential injuries unique to each Plaintiff, necessitates fact discovery

2

Case 3:23-cv-00376  Document 103-1  Filed 05/11/23  Page 2 of 11 PageID #: 882

related to each Minor Plaintiffs' diagnoses, recommendations for continued treatment, and overall mental and medical health. *Id*.

Defendants directed their First Set of Interrogatories and Requests for Production of Documents to each Minor Plaintiff. While several requests sought information regarding the Minor Plaintiffs' medical history,[1] Defendants' Interrogatory No. 4 requests each Minor Plaintiff to "[i]dentify each public or private school in which Plaintiff [] has been enrolled from 2013 to present." (Exhibit A.) Minor Plaintiffs have objected to this interrogatory and refuse to provide any information in response to the same.

Schools, teachers, and classmates are prominently featured in the declarations submitted by Minor Plaintiffs and their parents regarding the Minor Plaintiffs' alleged experience with gender dysphoria, mental distress, and related treatment. ECF No. 22 at ¶ 6 ("did not feel comfortable using the boy's bathroom at school"), ("[L.W.'s] school was super supportive" after L.W. requested use of preferred name and pronouns in eighth grade); ECF No. 23 at ¶¶ 5 ("at the end of [L.W.'s] third grade, [L.W.'s] teacher in the Gifted & Talented Section at her school encouraged me and Brian to take L. for an evaluation at Vanderbilt Children's Hospital"), 6 (L.W. "started getting sick at school" and "was not using the restroom at school"), 21 (L.W.'s "school was extremely supportive" in use of L.W.'s preferred pronouns and L.W.'s "teachers and administrators supported her"); ECF No. 24 at ¶ 6 ("When I came back to school as myself (a boy), [in second grade] after Thanksgiving break, all my teachers were supportive …"), 11 (without medication John Doe "would have an incredibly difficult time wanting to be around other people and go to school, which would have a terrible effect on my grades"); ECF No. 25 at ¶¶ 11 (Jane Doe "spoke with the principal of [John Doe's] school"

---

[1] Patient Plaintiffs have objected to providing certain relevant information regarding their medical history requested by Defendants through Interrogatory Nos. 2 and 3 and Request for Production No. 1. However, the parties continue to confer as it pertains to these requests in an effort to resolve their dispute in that regard.

prior to second grade year about fear of needing to transfer to more affirming environment), 12 ("principal met with the staff to facilitate" John Doe's social transition in second grade); ECF No. 26 at ¶¶ 15 (Ryan would "throw-up before school every morning because I was so anxious"), 16 (Ryan in seventh grade had an "amazing science teacher who made me feel safe to come out to more people; "decided that year to fully come out to the whole school"; "thought maybe if I was out to more of the staff they could help me manage the bullying"), 18 "never wanted to participate in class").

The events that occur in school, and Minor Plaintiffs' emotional and physical reaction to those events, is one of the factual cornerstones upon which Minor Plaintiffs base the assertion that they will "experience [irreparable] anxiety, distress" should the Act be enforced starting July 1, 2023. *See* ECF No. 33 at 1. Minor Plaintiffs' school teachers, counselors, advisors, and social workers, including those referred to in Minor Plaintiffs' declarations, are likely to have relevant information regarding the Minor Plaintiffs' experiences, behavior, and mental health. Plaintiffs should not be permitted to curtail Defendants' ability to test the veracity of Plaintiffs' assertions as to irreparable harm—and have their preliminary injunction motion considered on as thin of a factual record as possible—by withholding the name of the educational institutions in which Plaintiffs have been enrolled. Accordingly, Defendants move this Court to compel each Minor Plaintiff to provide a full and complete response to Interrogatory No. 4.

## II. Minor Plaintiffs' Position

As Plaintiffs have communicated to Defendants, Plaintiffs are working diligently to collect, review, and produce information and documents in response to the Discovery Requests—which, in addition to the education information discussed in this Statement, seek information and documents

with respect to all of the Minor Plaintiffs' medical providers[2] for the past 10 years—on the expedited schedule that Defendants have requested.

In each Discovery Request issued to a Minor Plaintiff, Interrogatory No. 4 states the following:

> **INTERROGATORY NO. 4:** Identify each public or private school in which Plaintiff L.W. has been enrolled from 2013 to the present.

Defendants take the position that mere mention of the Minor Plaintiffs' personal feelings, perceptions, and experiences at school in the Complaint and declarations supporting the pending Motion is enough to justify third-party discovery from their "school teachers, counselors, advisors, and social workers." Defendants are mistaken. The information that Defendants seek (the names of the Minor Plaintiffs' schools) is irrelevant to the relief sought in the Motion. The Act bans the provision of gender-affirming care to minors suffering from gender dysphoria; it has nothing to do with education.

The statements Defendants reference to support their request do not advance their argument. These statements are about the Minor Plaintiffs' personally experienced emotions and perceptions, such as the anxiety they experienced before accessing gender-affirming care, coming out to certain of their friends and teachers as transgender, and/or their fears about what life (to include school, naturally) will be like if they are proscribed by law from continuing treatment for gender dysphoria. Defendants seek discovery to test the veracity of Minor Plaintiffs' statements about their personal emotional processes and perceptions, or (potentially) to evaluate Defendants' assessment of how Minor Plaintiffs' *should* have experienced their emotions at school beyond what they have testified

---

[2] Plaintiffs disagree with Defendants' claim in footnote 1 that the Minor Plaintiffs' medical history as "requested by Defendants through Interrogatory Nos. 2 and 3 and Request for Production No. 1" are relevant. Defendants' Discovery Requests are exceedingly broad and the information and documents they seek are irrelevant to their need to respond to the Motion. Nevertheless, Plaintiffs agree that the parties continue to confer regarding the scope of these requests to avoid the need for this Court's intervention.

to in their declarations. But such an exercise will not further Defendants' response to the pending Motion. Nevertheless, to the extent that Defendants seek discovery regarding specific statements made in Plaintiffs' declarations, Plaintiffs remain willing to discuss narrower discovery requests specifically tailored to those statements.

Defendants' Discovery Requests also raise significant privacy concerns. Plaintiffs stated in the Record and have explained to Defendants that, for some Minor Plaintiffs, their status as transgender is not universally known at school. Plaintiffs communicated that they were concerned that Defendants' discovery requests to third parties could result in the Minor Plaintiffs' transgender status being revealed, leaving them vulnerable to harassment, discrimination, mistreatment, or worse. Indeed, Defendants have started issuing third-party subpoenas to the Minor Plaintiffs' medical providers using the Minor Plaintiffs' former names, and plan to serve similar subpoenas to all of the Minor Plaintiffs' "school teachers, counselors, advisors, and social workers." Defendants have not offered any rationale for their requests sufficient to justify exposing the Minor Plaintiffs to the potential harm that might follow revelation of their transgender status to those at their schools with whom the Minor Plaintiffs have not shared the information.

## Certification

Counsels for Plaintiffs and Defendants met and conferred and made a good faith effort to resolve each discovery dispute presented in the statement.

Dated: May 11, 2023

*/s/ Stella Yarbrough (w/permission)*
Stella Yarbrough, BPR No. 033637
Lucas Cameron-Vaughn, BPR No. 036284
Jeff Preptit, BPR No. 038451
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org
Attorneys for the Plaintiffs

Joshua A. Block*
Chase Strangio*
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel.: 212-549-2593
jblock@aclu.org
cstrangio@aclu.org
Attorneys for the Plaintiffs

Sruti J. Swaminathan*
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
Tel.: 212-809-8585
sswaminathan@lambdalegal.org
Attorney for the Plaintiffs

Avatara A. Smith-Carrington*
Lambda Legal Defense and Education Fund, Inc.
1776 K Street N.W., 8th Floor
Washington DC 20006
Tel.: 202-804-6245
asmithcarrington@lambdalegal.org
Attorney for the Plaintiffs

Respectfully submitted,

Tara Borelli*
Lambda Legal Defense and Education Fund, Inc.
1 West Court Square, Ste. 105
Decatur, GA 30030
Tel.: 404-897-1880
tborelli@lambdalegal.org
Attorney for the Plaintiffs

Joseph L. Sorkin*
Dean L. Chapman, Jr.*
Kristen W. Chin*
Richard J. D'Amato*
Theodore J. Salwen*
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: 212-872-1000
jsorkin@akingump.com
dchapman@akingump.com
kristen.chin@akingump.com
rdamato@akingump.com
jsalwen@akingup.com
Attorneys for the Plaintiffs

Elizabeth D. Scott*
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Tel.: 214-969-2800
edscott@akingump.com
Attorney for the Plaintiffs

Christopher J. Gessner*
David Bethea*
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street N.W.
Washington, DC 20006
Tel.: 202-887-4000
cgessner@akingump.com
dbethea@akingump.com
***Attorneys for the Plaintiffs***

| | |
|---|---|
| Adam K. Mortara (BPR# 40089)<br>Lawfair LLC<br>40 Burton Hills Blvd., Suite 200<br>Nashville, TN 37215<br>(773) 750-7154<br>mortara@lawfairllc.com<br>*Counsel for Defendants*<br><br>Cameron T. Norris (BPR# 33467)<br>Tiffany H. Bates*<br>Consovoy McCarthy PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com<br>tiffany@consovoymccarthy.com<br>*Counsel for Defendants* | */s/ Steven Griffin*<br>STEVEN J. GRIFFIN (BPR# 40708)<br>Assistant Attorney General<br>RYAN N. HENRY (BPR# 40028)<br>Assistant Attorney General<br>CLARK L. HILDABRAND (BPR# 38199)<br>Deputy Chief of Staff & Senior Counsel<br>TRENTON MERIWETHER (BPR# 38577)<br>Assistant Attorney General<br>BROOKE A. HUPPENTHAL (BPR# 40276)<br>Assistant Attorney General<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>(615) 741-959<br>steven.griffin@ag.tn.gov<br>clark.hildabrand@ag.tn.gov<br>trenton.meriwether@ag.tn.gov<br>ryan.henry@ag.tn.gov<br>brooke.huppenthal@ag.tn.gov<br>*Counsel for Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2023, the undersigned filed the foregoing document via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Stella Yarbrough<br>Lucas Cameron-Vaughn<br>Jeff Preptit<br>ACLU Foundation of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>Tel.: 615-320-7142<br>syarbrough@aclu-tn.org<br>lucas@aclu-tn.org<br>jpreptit@aclu-tn.org<br><br>Joshua A. Block<br>Chase Strangio<br>American Civil Liberties Union Foundation<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>Tel.: 212-549-2593<br>jblock@aclu.org<br>cstrangio@aclu.org<br><br>Sruti J. Swaminathan<br>Lambda Legal Defense and Education Fund, Inc.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Tel.: 212-809-8585<br>sswaminathan@lambdalegal.org<br><br>Avatara A. Smith-Carrington<br>Lambda Legal Defense and Education Fund, Inc.<br>1776 K Street N.W., 8th Floor<br>Washington DC 20006<br>Tel.: 202-804-6245<br>asmithcarrington@lambdalegal.org<br><br>Tara Borelli<br>Lambda Legal Defense and Education Fund, Inc.<br>1 West Court Square, Ste. 105<br>Decatur, GA 30030 | Plaintiffs L.W., Samantha Williams, Brian Williams, John Doe, Jane Doe, James Doe, Ryan Doe, Rebecca Doe, and Susan N. Lacy |

| | |
|---|---|
| Tel.: 404-897-1880<br>tborelli@lambdalegal.org<br><br>Joseph L. Sorkin<br>Dean L. Chapman, Jr.<br>Kristen W. Chin<br>Richard J. D'Amato<br>Theodore James Salwen<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Tel.: 212-872-1000<br>jsorkin@akingump.com<br>dchapman@akingump.com<br>kristen.chin@akingump.com<br>rdamato@akingump.com<br>jsalwen@akingump.com<br><br>Elizabeth D. Scott<br>Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Tel.: 214-969-2800<br>edscott@akingump.com<br><br>Christopher J. Gessner<br>David Bethea<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Tower<br>2001 K Street N.W.<br>Washington, DC 20006<br>Tel.: 202-887-4000<br>cgessner@akingump.com<br>dbethea@akingump.com | |
| Ellen B. McIntyre<br>U.S. Attorney's Office for the Middle District of Tennessee<br>719 Church Street, Suite 300<br>Nashville, TN 37203<br>ellen.bowden2@usdoj.gov<br><br>Alyssa C. Lareau<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530 | Proposed Intervenor-Plaintiff United States of America |

| | |
|---|---|
| (202) 305-2994<br>Alyssa.Lareau@usdoj.gov<br><br>Coty Montag<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 305-2222<br>Coty.Montag@usdoj.gov<br><br>Gloria Yi<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 616-3975<br>Gloria.Yi@usdoj.gov<br><br>Tamica Daniel<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 598-9636<br>Tamica.Daniel@usdoj.gov | |

*/s/ Steven J. Griffin*_____
STEVEN J. GRIFFIN (BPR# 40708)
Assistant Attorney General

*Counsel for Defendants*