IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| L.W., by and through her parents and next friends, Samantha Williams and Brian Williams, et al., <br><br> *Plaintiffs*, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> *Plaintiff-Intervenor*, <br><br> v. <br><br> JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter, et al., <br><br> *Defendants*. | Civil No. 3:23-cv-00376 <br><br> Judge Richardson <br><br> Judge Newbern |

## JOINT STATEMENT OF PROPOSED DISCOVERY PROCEDURES

Pursuant to the Court's order, issued on May 17, 2023 [ECF No. 109], the Private Plaintiffs, Plaintiff-Intervenor the United States,[1] and Defendants (the "Parties") hereby submit this joint statement, summarizing outstanding discovery disputes and identifying anticipated discovery for which implementing guidelines and procedures may be appropriate.

### INTRODUCTION

On May 2, 2023, Defendants served Interrogatories and Requests for Production of Documents to each Minor Plaintiff ("Defendants' Discovery Requests"). Private Plaintiffs and Defendants met and conferred regarding the scope of these requests but disagreed as to whether

---

[1] The Parties agree that Plaintiff-Intervenor United States shall receive any materials produced by either party or received through discovery from third parties and participate in depositions, and will be subject to the terms in the Protective Order.

certain of Defendants' Discovery Requests were relevant to the relief sought in Plaintiffs' Motion for Preliminary Injunction (the "Motion"). The Private Plaintiffs and Defendants filed a motion seeking a discovery conference and a joint statement outlining the discovery disputes on May 11, 2013 [ECF No. 103], and on May 17, 2023, the Parties had a discovery conference with Magistrate Judge Newbern (the "Discovery Conference") during which, and by an order issued after the Discovery Conference, the Court instructed the Parties to meet and confer to "identify categories of anticipated discovery for which implementing guidelines or procedures may be appropriate and the nature and scope of such guidelines or procedures." The Parties conferred on May 22, 2023. The Parties have been able to reach an agreement on the procedures related to the Minor Plaintiffs' educational records, third party document requests, and redactions (except for one remaining dispute regarding redactions to the Minor Plaintiffs' names).[2]

## PARTIES' PROPOSED DISCOVERY PROCEDURES

### I. Minor Plaintiffs' Educational Records

In each of Discovery Requests issued to a Minor Plaintiff, Interrogatory No. 4 states the following:

> **INTERROGATORY NO. 4**: Identify each public or private school in which Plaintiff [] has been enrolled from 2013 to the present.

After meeting and conferring, the Parties agree that school records are within Private Plaintiffs' custody and control. Private Plaintiffs have agreed to collect school counseling records going back five years from the date of the Complaint, and will produce documents relevant to the

---

[2] Private Plaintiffs served on Defendants on May 9, 2023, requests for the production of documents ("Plaintiffs' Requests"). As of the date of this filing, Defendants have not yet produced documents responsive to Plaintiffs' Requests, but the Parties have been meeting and conferring regarding the requests and believe, at this time, that intervention by the Court is not necessary. The Parties reserve their rights to request a discovery conference regarding the Plaintiffs' Requests if it becomes apparent in the future that there are disputes that cannot be resolved without the Court's intervention.

merits of this case in response to any future discovery request for these documents. If Defendants have further discovery requests related to school records, they will serve requests for production on Private Plaintiffs. Defendants reserve the right to petition this Court for the ability to issue third-party subpoenas on Minor Plaintiffs' schools should the records produced by Plaintiffs appear to exclude information relevant to the merits of this case.

## II.     Discovery Procedures

### a. Third-party document requests

As Judge Newbern recognized during the Discovery Conference, this case involves highly-confidential, sensitive information involving medical and mental health records, minors, and the minors' status as transgender individuals. The Parties agree that the following procedures strike the appropriate balance between protecting the Minor Plaintiffs' privacy and the Defendants' right to seek documents relevant to the merits of the case:

- If Defendants wish to seek documents from a third party relating to a Minor Plaintiff, Defendants will give 48-hours' notice to the Plaintiffs of the documents Defendants are seeking in the subpoena, in accordance with Local Rule 45.01.

- Within the 48-hour period, if Plaintiffs object to Defendants' serving the subpoena because doing so would compromise Plaintiffs' privacy, they will make the objection known to Defendants. If Defendants and Plaintiffs cannot come to an agreement on an alternate mechanism for obtaining the requested records after conferring in good faith, they will seek a discovery conference with the Court. The meet and confer period shall be no longer than five days.

- Third-party document requests unrelated to Minor Plaintiffs can be sought as otherwise allowed by the Federal Rules of Civil Procedure.

- Within 48 hours of obtaining any documents concerning Minor Plaintiffs, Defendants will provide copies of the documents to Plaintiffs marked as confidential in accordance with the Protective Order in this case. Any disputes related to such designations will be resolved in accordance with the terms of the Protective Order.

### b. Redactions

As evidenced by the documents Plaintiffs already produced in this matter, this litigation will involve providing highly confidential and sensitive information about Plaintiffs and their families. To protect the Plaintiffs' confidential information, maintain the privacy of those Plaintiffs seeking to proceed under pseudonym, shield disclosure of private information of individuals not party to this action, and ensure Plaintiffs are not subjected to threats, discrimination, or worse, the Parties agree that the below redactions should be applied to any documents Plaintiffs produce to Defendants or any documents publicly filed on the docket:

- Plaintiffs' contact information, including street addresses, email addresses, and phone numbers;

- Mental health information about non-Minor Plaintiffs, including, but not limited to, any information regarding the mental health of Parent Plaintiffs and individuals not party to this litigation; and

- Information related to Minor Plaintiffs' romantic relationships; and

- For documents filed publicly, the names of Minor Plaintiffs' schools.

### DISPUTES REGARDING DISCOVERY PROCEDURES

### I. Plaintiffs' Position that Plaintiffs' Names Should be Redacted

In addition to the redactions agreed to above, Plaintiffs assert that the Minor Plaintiffs' dead names (i.e., their former first and middle names that do not conform to their gender identity) and the full names of the Plaintiffs seeking to proceed pseudonymously (the "Pseudonym Plaintiffs") should also be redacted. In responding to Defendants' discovery requests, Plaintiffs have produced documents with minimal redactions of the Minor Plaintiffs' dead names and the Pseudonym Plaintiffs' full names given the harm to Minor Plaintiffs should those documents be revealed, intentionally or unintentionally, during the course of this litigation, including for all the reasons set forth in the Pseudonym Plaintiffs' motion to proceed under pseudonym. As the Court

Case 3:23-cv-00376   Document 121   Filed 05/24/23   Page 4 of 11 PageID #: 2198

has recognized, the documents that Defendants have sought in this litigation are highly sensitive, including medical and mental health records of transgender minors. Indeed, Plaintiffs have already produced over 800 pages of medical records, therapy records, and communications between Plaintiffs and their doctors and therapists. Documents that Plaintiffs have already produced in response to Defendants' Discovery Requests contain Plaintiff L.W.'s name, who is not seeking to proceed pseudonymously, and, in response to Defendants' Interrogatory No. 3, Plaintiffs Ryan Roe and John Doe have agreed to provide Defendants with their legal and dead names (along with their parents' names) once the pseudonym motion is decided.

Defendants assert that "[t]he time at which others, such as medical practitioners and school administrators, adopted Plaintiffs' chosen name corroborates (or does not) that testimony and helps to illustrate how long Plaintiffs have exhibited symptoms of gender dysphoria." Regardless of whether this is actually relevant to the issues in the case, leaving the Minor Plaintiffs' dead names unredacted will likely harm the Minor Plaintiffs by, among other things, disclosing their status as transgender and by subjecting them to emotional and psychological harm associated with using names and pronouns inconsistent with their gender identity. Indeed, the documents that Plaintiffs already produced to Defendants indicate that the Minor Plaintiffs have experienced harm when they were misgendered by teachers and classmates at school. Defendants can just as easily determine "the time at which others . . . adopted Plaintiffs' chosen name" by requesting Plaintiffs provide responses to an Interrogatory on this subject. In contrast to the potential harm the Minor Plaintiffs will face, there is no harm to Defendants, who will have responses from Plaintiffs that provide their dead names and legal names.

For the same reason as described above, the Pseudonym Plaintiffs' names should be redacted. Plaintiffs assert that this is reasonable in light of the multiple privacy issues in this case,

the extraordinary effect an inadvertent disclosure would have on the Pseudonym Plaintiffs, and because Defendants will not be harmed since Plaintiffs have averred that they are willing, upon the Court deciding the Pseudonym Motion, to provide Defendants with the Pseudonym Plaintiffs' full names. Notwithstanding the Protective Order, reducing the instances in which the Pseudonym Plaintiffs' names are circulated in this matter will protect these Plaintiffs' identity without any harm to Defendants.

The Parties are at an impasse with respect to this dispute and wish to raise this issue at the discovery conference scheduled for Tuesday, May 30, 2023.

## II. Defendants' Position that Plaintiffs' Names Should Not be Redacted

Plaintiffs' say that including the Minor Plaintiffs' birth names in records produced to Defendants would be harmful to them. The claimed harm is vague and entirely avoidable. All of the documents produced by Plaintiffs in this matter will be shielded from public view and misuse by the Protective Order. The opportunities Minor Plaintiffs will have to view records containing their birth names are few and preventable. Counsel are free to redact any names from the documents they show their own clients. Defendants have no intention of showing Minor Plaintiffs the records produced by their counsel; and, if the occasion arises, Defendants agree to redact the respective Plaintiff's birth name.

The use of Minor Plaintiffs' given and new names is highly relevant to the matter at hand. The Complaint includes allegations about when L.W. and John Doe asked classmates and teachers not to use their birth names. (Compl. ¶¶ 99 (L.W.), 126 (John Doe).) Each of Plaintiffs' declarations specify when they stopped using their birth names. The time at which others, such as medical practitioners and school administrators, adopted Plaintiffs' chosen name corroborates (or does not) that testimony and helps to illustrate how long Plaintiffs have exhibited symptoms of gender dysphoria. Defendants should not be forced to merely rely on Plaintiffs' declarations and

interrogatory responses for this topic and be foreclosed from fact checking that ordinarily accompanies document discovery.

Plaintiffs have already proven themselves to be irresponsible stewards of the redaction tool. Many of the medical records produced in early discovery are heavily redacted and difficult to decipher as a result. Allowing redaction of Plaintiffs' names makes the discovery process unnecessarily cumbersome for no appreciable gain and handicaps Defendants' ability to glean highly relevant information from the records.

Plaintiffs have put their medical and educational information at issue by bringing this lawsuit. The Protective Order and its restrictions protect Plaintiffs' privacy by prohibiting disclosure or use outside of this litigation. No further redactions are needed.

Dated: May 24, 2023

Respectfully submitted,

/s/ Stella Yarbrough
Stella Yarbrough, BPR No. 033637
Lucas Cameron-Vaughn, BPR No. 036284
Jeff Preptit, BPR No. 038451
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
jpreptit@aclu-tn.org
*Attorneys for the Plaintiffs*

Joshua A. Block*
Chase Strangio*
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel.: 212-549-2593
jblock@aclu.org
cstrangio@aclu.org
*Attorneys for the Plaintiffs*

Sruti J. Swaminathan*
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
Tel.: 212-809-8585
sswaminathan@lambdalegal.org
*Attorney for the Plaintiffs*

Tara Borelli*
Lambda Legal Defense and Education Fund, Inc.
1 West Court Square, Ste. 105
Decatur, GA 30030
Tel.: 404-897-1880
tborelli@lambdalegal.org
*Attorney for the Plaintiffs*

*admitted pro hac vice

Joseph L. Sorkin*
Dean L. Chapman, Jr.*
Kristen W. Chin*
Richard J. D'Amato*
Theodore J. Salwen*
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel.: 212-872-1000
jsorkin@akingump.com
dchapman@akingump.com
kristen.chin@akingump.com
rdamato@akingump.com
jsalwen@akingup.com
*Attorneys for the Plaintiffs*

Elizabeth D. Scott*
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
Tel.: 214-969-2800
edscott@akingump.com
*Attorney for the Plaintiffs*

Christopher J. Gessner*
David Bethea*
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street N.W.
Washington, DC 20006
Tel.: 202-887-4000
cgessner@akingump.com
dbethea@akingump.com
*Attorneys for the Plaintiffs*

| | |
|---|---|
| Adam K. Mortara (BPR# 40089)<br>Lawfair LLC<br>40 Burton Hills Blvd., Suite 200<br>Nashville, TN 37215<br>(773) 750-7154<br>mortara@lawfairllc.com<br>*Counsel for Defendants* | */s/ Steven J. Griffin*<br>STEVEN J. GRIFFIN (BPR# 40708)<br>Assistant Attorney General<br>RYAN N. HENRY (BPR# 40028)<br>Assistant Attorney General<br>CLARK L. HILDABRAND (BPR# 38199)<br>Deputy Chief of Staff & Senior Counsel<br>TRENTON MERIWETHER (BPR# 38577)<br>Assistant Attorney General<br>BROOKE A. HUPPENTHAL (BPR# 40276)<br>Assistant Attorney General<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>(615) 741-959<br>steven.griffin@ag.tn.gov<br>clark.hildabrand@ag.tn.gov<br>trenton.meriwether@ag.tn.gov<br>ryan.henry@ag.tn.gov<br>brooke.huppenthal@ag.tn.gov<br>*Counsel for Defendants* |
| Cameron T. Norris (BPR# 33467)<br>Consovoy McCarthy PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com<br>*Counsel for Defendants* | |
| HENRY C. LEVENTIS<br>United States Attorney<br>Middle District of Tennessee<br><br>s/ *Rascoe Dean*<br>ELLEN BOWDEN MCINTYRE<br>RASCOE DEAN<br>Assistant United States Attorney<br>719 Church Street, Suite 33<br>Nashville, TN 37203<br>Telephone: (615) 736-5151<br>Facsimile: (615) 401-6626<br>Email: Rascoe.Dean@usdoj.gov | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>CHRISTINE STONEMAN<br>Chief, Federal Coordination and<br>Compliance Section<br><br>COTY MONTAG (DC Bar No. 498357)<br>Deputy Chief, Federal Coordination and<br>Compliance Section<br><br>s/ *Tamica Daniel*<br>TAMICA DANIEL (DC Bar No. 995891)<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>GLORIA YI (NY Bar No. 4873824)<br>ALYSSA C. LAREAU (DC Bar No. 494881)<br>Trial Attorneys<br>Federal Coordination and Compliance Section |

United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 598-9636
Tamica.Daniel@usdoj.gov
Gloria.Yi@usdoj.gov
Alyssa.Lareau@usdoj.gov

*Attorneys for Plaintiff-Intervenor United States of America*

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, the undersigned filed the foregoing Joint Statement of Proposed Discovery Procedures via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| | |
|---|---|
| Steven J. Griffin<br>Clark L. Hildabrand<br>Trenton Meriwether<br>Ryan N. Henry<br>Brooke A. Huppenthal<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 3720<br>(615) 741-959<br>steven.griffin@ag.tn.gov<br>clark.hildabrand@ag.tn.gov<br>trenton.meriwether@ag.tn.gov<br>ryan.henry@ag.tn.gov<br>brooke.huppenthal@ag.tn.gov | Adam K. Mortara<br>Lawfair LLC<br>40 Burton Hills Blvd., Suite 200<br>Nashville, TN 37215<br>(773) 750-7154<br>mortara@lawfairllc.com<br><br>Cameron T. Norris (BPR# 33467)<br>Consovoy McCarthy PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com |
| Coty Montag<br>Tamica Daniel<br>Gloria Yi<br>Alyssa C. Lareau<br>United States Department of Justice<br>Civil Rights Division<br>950 Pennsylvania Ave., NW – 4CON<br>Washington, DC 20530<br>Tel.: 202-598-9636<br>Coty.Montag@usdoj.gov<br>Tamica.Daniel@usdoj.gov<br>Gloria.Yi@usdoj.gov<br>Alyssa.Lareau@usdoj.gov | Ellen Bowden McIntyre<br>Rascoe Dean<br>U.S. Attorney's Office for the Middle District of Tennessee<br>719 Church Street, Suite 300<br>Nashville, TN 37203<br>Ellen.Bowden2@usdoj.gov<br>Rascoe.Dean@usdoj.gov |

                                           s/ *Stella Yarbrough*
                                           Stella Yarbrough, BPR No. 033637
                                           ACLU Foundation of Tennessee
                                           P.O. Box 120160
                                           Nashville, TN 37212
                                           Tel.: 615-320-7142
                                           syarbrough@aclu-tn.org