IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| L.W., by and through her parents and next friends, Samantha Williams and Brian Williams, *et al.*,<br><br>*Plaintiffs*,<br><br>and<br>UNITED STATES OF AMERICA,<br>*Plaintiff-Intervenor*,<br>v.<br><br>JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter, et al.,<br><br>*Defendants*. | **Civil No. 3:23-cv-00376**<br><br>**Judge Richardson**<br><br>**Judge Newbern** |

### DECLARATION OF SAMANTHA WILLIAMS IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

I, Samantha Williams, pursuant to 28 U.S.C §1746, declare as follows:

1. I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to those facts if called as a witness.

2. On July 1, 2023, the law prohibiting access to gender affirming health care for transgender adolescents like my daughter L.W. is set to go into effect.

3. On March 14, 2023, we were informed by L.W.'s medical providers at Vanderbilt University that they will be discontinuing treatment beginning on July 1, 2023 because of the law. Although the law allows for providers to treat existing patients with a titrated form of care between July 1, 2023 and March 31, 2024, this will not be an option for L.W. at Vanderbilt.

1

4. When I first found out that Vanderbilt is cutting off care starting July 1st as a result of the law, I was terrified. Receiving that message from Vanderbilt made clear to me that we had to move a lot faster to find a provider out of state given how important it is to our family to secure continuity of care for L.W. It takes L.W. time to adjust to and feel comfortable with new providers, and she has finally built that rapport with Dr. Brady at Vanderbilt. Dr. Brady encouraged us to try to find a provider out of state after July 1 but agreed to continue providing care to L.W. until then in anticipation of the difficulties of finding a new provider. Our last appointment at Vanderbilt is in June.

5. In the last few months, I have contacted eight institutions out of state to make appointments for L.W. to continue accessing gender affirming care. I reached out to a hospital in Atlanta, Georgia, and they told us that they do not accept our insurance. I contacted three hospitals in Illinois, one of which communicated that they are currently not taking out of state patients but were able to place us on a waitlist, and the other two told us that they do not accept our insurance. I reached out to a hospital in Charlottesville, Virginia but they are not able to give L.W. an appointment by the next time she will require her medication. I reached out to a clinic in Asheville, North Carolina and they have not yet given us an appointment.

6. I contacted a clinic in Cincinnati, Ohio, and they were able to give us an appointment for June. I was also able to schedule an appointment with a clinic in Charlotte for the middle of July. Although we were able to make appointments at the Cincinnati and Charlotte clinics, we are not guaranteed that L.W. will be able to access her medication at that appointment, nor are we guaranteed that the clinic will be able to continue seeing L.W. given the capacity of those clinics to see out-of-state patients.

7. We are not able to make appointments at institutions that do not accept our insurance because going out-of-network would double our deductible cost (from $3,000 to $6,000), and our out-of-pocket maximum amount would double as well (from approximately $5,000 to $10,000). Between the salaries of my husband Brian and I, we are not able to bear that financial burden.

8. Cincinnati is a 4 hour drive one-way from our home. To see a provider in Cincinnati and get her prescriptions filled, L.W. will need to miss at least two days of school, and Brian and I would have to take off two days from work. We would have to stay overnight at a hotel, given that we do not have family or friends in Ohio to host us. Should an appointment become available at the hospital in Chicago, our family would need to travel by plane given that a one-way drive is approximately 8 hours from our home. That travel would similarly require L.W. to miss at least two days of school, and Brian and me to miss two days of work.

9. Traveling out of state will come at a great personal and financial burden to our family, given the disruption to our school and work schedules, and the cost of travel and accommodation for each visit. Brian and I are very worried about how this disruption and these costs will impact our ability to take care of our family, especially both of our children, in the long-term.

10. As July 1st approaches, L.W. has been much more anxious and has been speaking to Brian and me more frequently about our back-up plan and what the future of accessing care for her will look like. This care is so important to L.W., and it is hard to describe the stress of worrying that our options for receiving care out of state might be further limited by states – like Ohio – that might pass their own healthcare bans and worrying about when we will even be able to get an appointment with a provider that accepts our insurance in a state like Illinois. We will not stop

searching for alternative means of getting our daughter the treatment that has allowed her to live authentically. There is no other option for us.

* * *

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 30, 2023

_Samantha Williams_
SAMANTHA WILLIAMS

# CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023, the undersigned filed the foregoing document via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| | |
|---|---|
| Steven J. Griffin<br>Clark L. Hildabrand<br>Trenton Meriwether<br>Ryan N. Henry<br>Brooke A. Huppenthal<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 3720<br>(615) 741-959<br>steven.griffin@ag.tn.gov<br>clark.hildabrand@ag.tn.gov<br>trenton.meriwether@ag.tn.gov<br>ryan.henry@ag.tn.gov<br>brooke.huppenthal@ag.tn.gov | Adam K. Mortara<br>Lawfair LLC<br>40 Burton Hills Blvd., Suite 200<br>Nashville, TN 37215<br>(773) 750-7154<br>mortara@lawfairllc.com |
| | Cameron T. Norris (BPR# 33467)<br>Consovoy McCarthy PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com |
| Coty Montag<br>Tamica Daniel<br>Gloria Yi<br>Alyssa C. Lareau<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>(202) 305-2994<br>Coty.Montag@usdoj.gov<br>Tamica.Daniel@usdoj.gov<br>Gloria.Yi@usdoj.gov<br>Alyssa.Lareau@usdoj.gov | Ellen Bowden McIntyre<br>Rascoe S. Dean<br>U.S. Attorney's Office (Nashville)<br>719 Church Street<br>Suite 3300<br>Nashville, TN 37203<br>(615) 736-2125<br>(615) 401-6626 (fax)<br>ellen.bowden2@usdoj.gov<br>rascoe.dean@usdoj.gov |

s/ *Stella Yarbrough*
Stella Yarbrough, BPR No. 033637
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-320-7142
syarbrough@aclu-tn.org