IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

L.W., by and through her parents and next friends, Samantha Williams and Brian Williams, *et al.*,

    *Plaintiffs*,

and
UNITED STATES OF AMERICA,
    *Plaintiff-Intervenor*,
    v.

JONATHAN SKRMETTI, in his official capacity as the Tennessee Attorney General and Reporter, et al.,

    *Defendants*.

**Civil No. 3:23-cv-00376**

**Judge Richardson**

**Judge Newbern**

## DECLARATION OF JANE DOE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

I, Jane Doe, pursuant to 28 U.S.C §1746, declare as follows:

    1.    I have personal knowledge of the facts set forth in this declaration and could and would testify competently to those facts if called as a witness.

    2.    I previously testified about the effect that the July 1, 2023 effective date of Tennessee's ban on gender-affirming care will have on my son and our family, and submit this declaration to offer additional and clarifying information.

    3.    Our last appointment with John Doe's pediatric endocrinologist, Dr. Cassandra Brady, was in February 2023. During that February 2023 appointment, she informed us that her understanding is that the law allows her to do nothing more than wean patients off their care after July 1, 2023. As a result, she encouraged us to look for out-of-state providers. This would allow

1

John to continue his current treatment regimen, which Dr. Brady believes is medically necessary for him. We discussed alternatives for finding care outside of Tennessee. We have an appointment to see Dr. Brady one final time before the law takes effect, at which point we will get updated information from her about alternatives for accessing care and work on finalizing our plans.

4. But we have done some additional research in advance and the prospects feel daunting. Dr. Brady mentioned Atlanta, Georgia as an alternative place to seek care, but Georgia has since passed its own ban on gender-affirming care for adolescents. We also discussed Cincinnati, Ohio as an option, but she reported that their wait list was already two-to-three months long because of the demand from states like Tennessee. We also discussed Minnesota since we have family there, but that requires even lengthier travel.

5. As I testified previously, having to travel to access this care would be disruptive, costly, and time-consuming. I would need to miss work, and John would need to miss school for each appointment. Based on my research, I do not believe there is any location where we could realistically access this care without needing to travel with at least one overnight stay for each trip.

6. We are frustrated and upset at the sacrifices this would require just to access this essential care for John. Both my husband and I are invested in John's medical treatment, and we prefer to attend important medical appointments together. Given the travel required to seek care out of state, that will make it extremely difficult for us both to miss the required amount of work to both attend and participate in the appointments.

7. John's father, James Doe, and I are both planners, and the lingering uncertainty, and hardship required to travel to access this care, causes us an incredible amount of stress. Even more importantly, we are profoundly upset by the need to disrupt the continuity of care that has served John so well throughout the course of this treatment.

8. Because we have been able to maintain long-term relationships with John's providers, he has been able to see the same pediatrician, therapist, and endocrinologist his entire life, and those same three providers have been involved in Jack's care for gender dysphoria at varying points since he was approximately seven years old. The same nurse at John's pediatric office who weighed him as an infant also administers John's puberty-delaying injections today. The thought of establishing care out of state, when we have network of providers here that we trust and who know John deeply, is frightening to us because the last thing we want to do is leave the longstanding safety net we have had here—especially where something as serious as medical care is concerned. One simply cannot create that kind of trust and bond with new providers overnight. Worrying about the need to start all over with new providers out of state, and the ongoing uncertainty about the disruption, cost, and difficulty of accessing this care keeps me up at night.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 29, 2023

_____
JANE DOE

# CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023, the undersigned filed the foregoing document via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| | |
|---|---|
| Steven J. Griffin<br>Clark L. Hildabrand<br>Trenton Meriwether<br>Ryan N. Henry<br>Brooke A. Huppenthal<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 3720<br>(615) 741-959<br>steven.griffin@ag.tn.gov<br>clark.hildabrand@ag.tn.gov<br>trenton.meriwether@ag.tn.gov<br>ryan.henry@ag.tn.gov<br>brooke.huppenthal@ag.tn.gov | Adam K. Mortara<br>Lawfair LLC<br>40 Burton Hills Blvd., Suite 200<br>Nashville, TN 37215<br>(773) 750-7154<br>mortara@lawfairllc.com |
| | Cameron T. Norris (BPR# 33467)<br>Consovoy McCarthy PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>cam@consovoymccarthy.com |
| Coty Montag<br>Tamica Daniel<br>Gloria Yi<br>Alyssa C. Lareau<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>(202) 305-2994<br>Coty.Montag@usdoj.gov<br>Tamica.Daniel@usdoj.gov<br>Gloria.Yi@usdoj.gov<br>Alyssa.Lareau@usdoj.gov | Ellen Bowden McIntyre<br>Rascoe S. Dean<br>U.S. Attorney's Office (Nashville)<br>719 Church Street<br>Suite 3300<br>Nashville, TN 37203<br>(615) 736-2125<br>(615) 401-6626 (fax)<br>ellen.bowden2@usdoj.gov<br>rascoe.dean@usdoj.gov |

s/ *Stella Yarbrough*
Stella Yarbrough, BPR No. 033637
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel.: 615-320-7142
syarbrough@aclu-tn.org

1