UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W., et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>JONATHAN SKRMETTI, et al.,<br><br>　　Defendants. | Case No. 3:23-cv-00376<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

### ORDER

The Magistrate Judge held a hearing with counsel for the parties on May 30, 2023, to address Plaintiffs' motion for leave to proceed pseudonymously (Doc. No. 19) and issues raised in the parties' joint statement of discovery procedures (Doc. No. 121). Based on the parties' filings (Doc. Nos. 19, 20, 76, 90) and argument made in the hearing, the Court ORDERS as follows:

Plaintiffs' motion for leave to proceed pseudonymously (Doc. No. 19) is GRANTED. The following provisions shall apply:

1. The moving plaintiffs may proceed in this action under the pseudonyms John Doe, Jane Doe, James Doe, Ryan Roe, and Rebecca Roe.

2. Plaintiffs' counsel shall disclose the true current and former names of the plaintiffs proceeding by pseudonym to Defendants' counsel upon entry of this Order. Plaintiffs shall also disclose other information that identifies these plaintiffs or their family members, directly or indirectly, to the extent discoverable under the Federal Rules of Civil Procedure upon request.

3. All publicly filed documents shall identify the plaintiffs proceeding by pseudonym only by their pseudonyms and not by their true former names or current names.

4. All documents filed with the Court that contain the names or identifying information of the plaintiffs proceeding by pseudonym shall be redacted to preserve pseudonymity or the filing party shall move to file the documents under seal.

5. Defendants' counsel may disclose identifying information to Defendants, Defendants' employees, and retained experts as provided in the parties' Agreed Protective Order (Doc. No. 87).

6. Defendants may disclose identifying information as needed to execute a third-party subpoena pursuant to Federal Rule of Civil Procedure 45, including disclosure to records custodians, as provided in the parties' Agreed Protective Order (Doc. No. 87).

7. Individuals to whom identifying information is disclosed shall execute and be bound by the terms of the parties' Agreed Protective Order (Doc. No. 87) and shall not further disclose that information to any other person without first obtaining written confirmation from Plaintiffs' counsel that such disclosure is necessary for purposes of this action. Defendants' counsel shall provide a copy of this Order to all individuals to whom identifying information is disclosed and notify the person that violation of the Agreed Protective Order (Doc. No. 87) or this Order may result in sanctions.

8. No person shall disclose identifying information to the media for any reason.

9. The parties shall attempt to resolve any issues related to the disclosure of identifying information through good-faith resolution efforts. If those efforts are not successful, the parties shall file a motion for a dispute resolution conference with the Magistrate Judge and a joint statement of the dispute.

The parties' agreements regarding the minor plaintiffs' educational records, third-party document requests, and redactions reflected in their joint statement of proposed discovery procedures (Doc. No. 121) are adopted and will be enforced by the Court should disputes implicating those agreements arise.

The parties disagree as to the redaction of the minor plaintiffs' former names and present names from documents produced in discovery. For the reasons stated in the hearing—primarily the minimal burden articulated by Defendants and Plaintiffs' agreement to adopt a redaction procedure that further minimizes any such burden—the Court ORDERS as follows:

Plaintiffs may redact the former names of all minor plaintiffs and the current names of all plaintiffs proceeding by pseudonym from any documents Plaintiffs produce to Defendants in discovery. Plaintiffs shall adopt a redaction procedure that differentiates between the minor plaintiffs' former names and current names and makes it readily apparent to a reviewer who has been provided with an identifying key what name has been redacted. Plaintiffs shall provide an identifying key to Defendants with their document production. Disclosure of the identifying key shall be governed by the terms of the parties' Agreed Protective Order (Doc. No. 87).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge