IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W. et al.,<br>*by and through her parents and next friends, Samantha Williams and Brian Williams*<br><br>    Plaintiffs,<br><br>v.<br><br>JONATHAN SKRMETTI et al.,<br><br>    Defendants. | NO. 3:23-cv-00376<br>JUDGE RICHARDSON |

**<u>ORDER</u>**

Pending before the Court is Plaintiffs' unopposed motion to strike the documents filed at Doc. Nos. 145, 145-1, 145-2, and 145-3 and to refile them either in redacted form or with their contents entirely under seal. (Doc. No. 154, "Motion"). As Plaintiffs explain, Doc. No. 145 is the declaration of David Bethea, an attorney at Akin Gump Strauss Hauer & Feld LLP. (Doc. No. 145, "Declaration"). The Declaration is accompanied by four exhibits: Exhibit A (145-1), Exhibit B (145-2), Exhibit C (Doc. No. 145-3), and Exhibit D (Doc. No. 145-4). In their Motion, Plaintiffs contend that the Declaration at Doc. No. 145 should be struck, and that they should be permitted to publicly re-file a redacted version of the Declaration as well as an unredacted version under seal. (Doc. No. 154). Plaintiffs further contend that Exhibits A, B, and C also should also be struck, and that Plaintiffs should be permitted to file the content of these exhibits entirely under seal (*i.e.* with no redactions). (*Id.*).

There is a strong presumption for court records to be open to the public, and thus, there is a heavy burden to show why any records should be sealed. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). "To meet this burden, the party seeking a

seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." *Durbin v. C&L Tiling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409, at *14 (W.D. Ky. Sept. 23, 2019) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016)).

By itself, documents' designation as confidential under a protective order agreed to by the parties does not suffice to meet this burden. *See, e.g.*, *Hughes v. Core Civic, Inc.*, No. 3:19-CV-924, 2021 WL 5827136, at *1 (M.D. Tenn. Dec. 8, 2021) (noting that a document being "designated 'confidential' pursuant to a protective order is insufficient basis to support sealing"), *report and recommendation adopted*, 2021 WL 2411342 (M.D. Tenn. June 11, 2021). *Cf. Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (noting that a "confidentiality agreement between the parties does not bind the court in any way" in deciding whether to seal documents).

And Plaintiffs provide no other bases for their requests. Plaintiffs therefore SHALL file a supplemental memorandum containing further support for their request. The Court urges Plaintiffs to consult this Court's Local Rule 5.03 in the process of preparing any filings related to sealing.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE