IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W. et al., *by and through her parents and next friends, Samantha Williams and Brian Williams* | ) ) ) ) |
| Plaintiffs, | ) NO. 3:23-cv-00376 ) JUDGE RICHARDSON ) ) |
| v. | ) ) |
| JONATHAN SKRMETTI et al., | ) |
| Defendants. | |

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

Pending before the Court is Plaintiffs' Motion for a Preliminary Injunction (Doc. No. 21, "Motion"). As set forth herein, and for the reasons set forth in the accompanying Memorandum Opinion, the Motion is GRANTED IN PART AND DENIED IN PART.

Via the Motion, Plaintiffs ask this Court to issue a preliminary injunction enjoining the State of Tennessee from enforcing most of the provisions of Senate Bill 1 (hereinafter "SB1" or "the law"), codified at Tenn. Code Ann. 68-33-101 *et seq*. Plaintiffs do not seek a preliminary injunction as to the private right of action contained in SB1 and codified at Tenn. Code Ann. § 68-33-105. This order therefore does not affect the enforcement of the private right of action.

Furthermore, SB1 defines "medical procedure" as including "surgically removing, modifying, altering, or entering into tissues, cavities, or organs of a human being[.]" Tenn. Code Ann. § 68-33-102(5)(A). For the reasons set forth in the Court's accompanying Memorandum Opinion, Plaintiffs do not have standing to seek a preliminary injunction against SB1 to the extent that it prevents minors from receiving the surgeries that, by virtue of Tenn. Code Ann. § 68-33-102(5)(A), constitute "medical procedure[s]" that are banned under certain circumstances by Tenn.

Code Ann. § 68-33-103(a). This order therefore does not affect the enforcement of SB1 as to any such surgeries.

On the other hand, based on the Motion, pleadings, testimony, exhibits, affidavits, briefs, representations of counsel and the entire record, the Court finds:

(1) Plaintiffs have demonstrated a strong or substantial likelihood of success on the merits of both their Fourteenth Amendment Due Process claim and their Fourteenth Amendment Equal Protection claim;

(2) Plaintiffs have demonstrated that they likely would suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending trial;

(3) the balance of relative harms among the parties weighs in favor of Plaintiffs and against Defendants; and

(4) the public interest will not be harmed by injunctive relief pending trial.

It is, therefore, **ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby enjoined and restrained from enforcing all provisions of SB1 subject to the exceptions set forth by the Court above. Because this case involves "constitutional issues affecting the public[,]" the Court finds it unnecessary to require Plaintiffs to post security as a condition of obtaining injunctive relief. *See Stand Up Am. Now v. City of Dearborn*, No. 12-11471, 2012 WL 1145075, at *1 (E.D. Mich. Apr. 5, 2012). Therefore, Plaintiffs are excused from doing so.

This preliminary injunction is effective upon its issuance.

This case is referred to the assigned Magistrate Judge for further customized case management.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE