IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W., *by and through her parents and next friends, Samantha Williams and Brian Williams*, et al.<br><br>　　*Plaintiffs,*<br><br>v.<br><br>JONATHAN SKRMETTI, *in his official capacity as the Tennessee Attorney General and Reporter*, et al.,<br><br>　　*Defendants.* | No. 3:23-cv-00376<br>JUDGE RICHARDSON<br>JUDGE NEWBERN |

**EMERGENCY MOTION FOR A STAY OF**
**PRELIMINARY INJUNCTION PENDING APPEAL**

　　Before Defendants can ask the Sixth Circuit for a stay pending appeal, the Rules require them to ask this Court first. *See* Fed. R. App. P. 8(a)(1). Defendants think a stay is warranted. But they appreciate that, having just granted a preliminary injunction, this Court disagrees that Defendants are likely to succeed on appeal. So if this Court intends for its preliminary injunction to remain in full force, then Defendants respectfully ask it to deny this motion quickly, without waiting for a response from Plaintiffs, so that Defendants can proceed to the Sixth Circuit.

　　But even if this Court thinks Defendants are unlikely to succeed on the merits, it can and should enter a stay. District courts stay their own injunctions all the time. *E.g.*, *George v. Hargett*, 879 F.3d 711, 715 (6th Cir. 2018); *Texas v. United States*, No. 4:18-cv-00167-O, Doc. 221 (N.D. Tex. Dec. 31, 2018). They do so because, even though *they* rejected the movant's arguments, they recognize that those arguments present serious questions that the appellate court could see differently. This serious-questions standard is easily met here. These serious questions, coupled with the irreparable harm to Tennessee and its children, warrant a stay. They at least warrant a stay of this Court's injunction to the extent it applies beyond the individual plaintiffs. In the alternative, this Court should enter an

1

administrative stay of its injunction to the extent it applies beyond the individual plaintiffs until the Sixth Circuit has an opportunity to decide an emergency motion to stay this Court's injunction pending appeal. The Court should rule as soon as possible.[1]

**ARGUMENT**

Stays pending appeal turn on four factors: the movant's likelihood of success on appeal, irreparable harm to the movant, harm to others, and the public interest. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The last two factors merge here. *SawariMedia, LLC v. Whitmer*, 963 F.3d 595, 596 (6th Cir. 2020). All four factors, moreover, are "not prerequisites that must be met" but must be "balanced together." *Griepentrog*, 945 F.2d at 153. Movants thus can get a stay if they show "'serious questions going to the merits.'" *Antonio v. Garland*, 38 F.4th 524, 526 (6th Cir. 2022). The balance of these factors warrants a stay here.

### I. The State is likely to succeed on appeal and, at a minimum, presents serious questions on the merits.

Tennessee is likely to succeed on appeal. "States … are the traditional source of authority over safety, health, and public welfare." *In re MCP No. 165, Occupational Safety & Health Admin., Interim Final Rule: COVID-19 Vaccination & Testing*, 20 F.4th 264, 273 (6th Cir. 2021) (Sutton, J., dissenting from denial of initial hearing en banc). They "enjoy a 'general power of governing'" known "as their 'police power.'" *Id.* at 286-87 (Bush, J., dissenting from denial of initial hearing en banc) (quoting *Nat'l Fed. of Indep. Bus. v. Sebelius*, 567 U.S. 519, 536 (2012)); *see id.* ("States instead enjoy a residual authority to regulate within their borders—a power that pre-dates the Constitution and does not derive from it."). "Part and parcel" of that police power "is the power to regulate public health." *Id. at* 287. "Indeed, the [Supreme] Court has called" that fact "a 'settled principle.'" *Id.* Tennessee validly exercised that power here.

---

[1] Defendants notified Plaintiffs of Defendants' intent to seek a stay. Plaintiffs oppose this motion.

As explained, Plaintiffs' arguments regarding substantive due process and equal protection fail. First, parents have no fundamental right to have the proscribed treatments performed on their children. Plaintiffs offer only 21st-century research for the proposition that this right is "'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.'" *Dobbs v. Jackson Women's Health Organization*, 142 S.Ct. 2228, 2242 (2022) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)); *see* PI Opp. (Doc. 112) at 3-4. Second, the Act proscribes treatments equally for minors of both sexes. *See* PI Opp. 4-9. And contrary to Plaintiffs' assertions, the Act is not sex discrimination just because it relates in some way to biological sex. *See Dobbs,* 142 S.Ct. at 2245-46 (holding that States retain broad authority to regulate medical treatments, including the prohibition of treatments that apply only to patients of one sex).

At a minimum, though, this Court's injunction presents "'serious questions going to the merits.'" *Antonio v. Garland*, 38 F.4th 524, 526 (6th Cir. 2022). To name just a few:

**1.** This Court ruled that strict scrutiny applies to laws restricting parents' ability to have medical procedures performed on their children. Op. at 15. To reach this conclusion, the Court acknowledged Defendants' reading of *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396 (6th Cir. 2019)), "is certainly cognizable," Op. at 13; distinguished the Supreme Court's decision in *Glucksberg*, based on this Court's reading of subsequent Sixth Circuit caselaw; and rejected the applicability of *Dobbs*.

**2.** This Court ruled that transgender individuals constitute a quasi-suspect class under the Equal Protection Clause, Op. at 25, which neither the Supreme Court nor the Sixth Circuit have ever done, Op. at 22. This Court reached that holding despite acknowledging that "the current record in this case is not fulsome" regarding the history-of-past-discrimination requirement, Op. at 24 n.22, and by casting doubt on "whether the Sixth Circuit's reasoning in *Ondo* [*v. City of Cleveland*, 795 F.3d 597 (6th Cir. 2015)] rests on solid ground," Op. at 22 n.21.

**3.** This Court ruled that the Act discriminated on the basis of sex because it "contains a sex-based classification on its face," Op. at 29—despite the Court finding Defendants' arguments to the contrary "not frivolous," Op. at 27—and also because of this Court's expansive reading of *Bostock*'s Title VII reasoning as defining the contours of disparate treatment under the Equal Protection Clause, Op. 30-31, even though the Sixth Circuit has repeatedly turned aside efforts to apply *Bostock* to different federal laws, *see, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021); *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318 (6th Cir. 2021).

**4.** This Court repeatedly replaced the judgments of the Tennessee General Assembly with its own evaluation of various expert reports and declarations, all the while acknowledging that what this Court was doing "is not a perfect science," Op. at 48. As in the abortion context, district courts are not supposed to "second-guess a state's medical scientific judgments" or substitute their own moral and policy decisions for those of a democratically elected legislature. *Bristol Reg'l Women's Ctr., P.C. v. Slatery*, 7 F.4th 478, 483 (6th Cir. 2021) (en banc).

## II. The State and public will suffer irreparable injuries without a stay, while Plaintiffs' harms remain speculative.

Tennessee will suffer irreparable harm unless the Court issues a stay. It is "in the public interest" to enforce the State's democratically enacted laws, *Thompson v. DeWine*, 976 F.3d 610, 619 (6th Cir. 2020), and a preliminary injunction "interfer[es] with [the State's] authority" to execute those laws, *Arizona v. Biden*, 31 F.4th 469, 482 (6th Cir. 2022). Thus "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Memphis Ctr. for Repro. Health*, No. 20-5969, Doc. 33 at 5; *accord Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018); *Detroit Newspaper Publisher Ass'n v. Detroit Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972).

Though this harm is irreparable and well-established, Plaintiffs' alleged harms are not. A stay pending appeal will "not substantially injure" Plaintiffs. *Arizona,* 31 F.4th at 482. "[S]tart with the

4

Case 3:23-cv-00376   Document 170   Filed 06/28/23   Page 4 of 10 PageID #: 2736

reality that" the law does not yet "directly injure" them. *Id.* at 474. Plaintiffs' alleged harms remain "speculative," *D.T.*, 942 F.3d at 327, and the challenged portions of the Act are not causing them. *See* PI Opp. 17-22. As explained, the Act allows them to continue existing treatments until March 31, 2024—many months from now. Def's Resp. at 22. To the extent providers are cutting them off earlier than that, the Act is not driving their decision. And a mere preliminary injunction, especially one that leaves the private right of action intact, would not undo their decision. Furthermore, the Court ignored Dr. Laidlaw's testimony that all three minor Plaintiffs could stop their treatment in a matter of weeks, meaning that titration could be initiated in early 2024 and still comply with the March 31, 2024 deadline. Def's Resp. at 18. At this point, Plaintiffs' alleged injuries amount to "ifs and maybes." *Arizona*, 31 F.4th at 482. While other minors cannot begin treatment after July 1, none of those other minors are plaintiffs. Given all this, "it is hard to see how lifting the injunction pending appeal will result in substantial and distinct injuries" to Plaintiffs. *Id.*

As for others, Plaintiffs submitted no evidence about other Tennessee minors. Defendants submitted substantial evidence that these treatments risk long-term health consequences that the children who receive them often come to regret, including the statements from VUMC doctors acknowledging the lack of support for the treatment they provide and declarations from detransitioners and their parents. Def's Resp. at 9-16. "It is not the Court's role to second-guess" Tennessee's "reasoned public health decisions," especially on a truncated record in an emergency posture. *Loc. Spot, Inc. v. Cooper*, 2020 WL 7554247, at *3 (M.D. Tenn. Dec. 21).

### III. At the very least, this Court should stay the statewide nature of the injunction.

Should this Court decline to stay the preliminary injunction in full, it should at least stay the injunction insofar as it applies beyond the named individual plaintiffs. Statewide relief "exceed[s] [this Court's] authority." *Arizona*, 31 F.4th at 483 (Sutton, J., concurring). Injunctions can be "no more burdensome … than necessary to provide complete relief to the plaintiffs." *Commonwealth v. Biden*, 57

5

F.4th 545, 557 (6th Cir. 2023). Under Article III, a valid remedy "'operate[s] with respect to specific parties,'" not on "a law 'in the abstract.'" *Arizona*, 31 F.4th at 483 (6th Cir. 2022) (Sutton, J., concurring) (quoting *California v. Texas*, 141 S. Ct. 2104, 2115 (2021)). So when a district court "order[s] the government" to "refrain from acting toward nonparties," it "take[s] the judicial power beyond its traditionally understood uses." *Id.* at 483-84 (Sutton, J., concurring). Hence why "courts generally grant relief in a party-specific and injury-focused manner." *Id.* at 483 (citing *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018)). Only class actions—which this case is not—"permi[t] a district court to bind nonparties." *Id.* Even *Doe v. Ladapo*, which this Court extensively relied upon, preliminarily enjoined Florida Defendants from taking "steps to prevent the administration of GnRH agonists or cross-sex hormones to" *only* the three minor plaintiffs in that case. 2023 WL 3833848, at *17 (N.D. Fla. June 6). This Court even acknowledges that it is Defendants who are "invoking the actual words used by the Supreme Court," Op. at 67, in *United States v. Salerno*, 481 U.S. 739 (1987).

The "universal remed[y]" the Court gave Plaintiffs here is a "victor[y] they did not earn." *Arizona*, 31 F.4th at 483. Here, the relevant parties seeking protection are three minors. Staying the injunction as to treatment of all nonparty minors would not possibly harm them. And it would best honor Judge Sutton's admonition to "think twice—and perhaps twice again—before granting" such broad relief. *Id.* at 484.

## CONCLUSION

For all these reasons and more, this Court should stay its preliminary injunction pending appeal or, in the alternative, grant an administrative stay of its application beyond the individual plaintiffs until the Sixth Circuit has a chance to decide whether a stay pending appeal is appropriate.

Dated: June 28, 2023

Respectfully submitted,

*/s/ Steven J. Griffin*

| | |
|---|---|
| ADAM K. MORTARA (BPR# 40089) | STEVEN J. GRIFFIN (BPR# 40708) |
| Lawfair LLC | Assistant Attorney General |
| 40 Burton Hills Blvd., Suite 200 | CLARK L. HILDABRAND (BPR# 38199) |
| Nashville, TN 37215 | Senior Counsel |
| (773) 750-7154 | RYAN N. HENRY (BPR# 40028) |
| mortara@lawfairllc.com | Assistant Attorney General |
| | TRENTON MERIWETHER (BPR# 38577) |
| CAMERON T. NORRIS (BPR# 33467) | Assistant Attorney General |
| TIFFANY H. BATES (pro hac vice) | BROOKE A. HUPPENTHAL (BPR# 40276) |
| Consovoy McCarthy PLLC | Assistant Attorney General |
| 1600 Wilson Blvd., Suite 700 | Office of the Tennessee Attorney General |
| Arlington, VA 22209 | P.O. Box 20207 |
| (703) 243-9423 | Nashville, Tennessee 37202 |
| cam@consovoymccarthy.com | (615) 741-959 |
| tiffany@consovoymccarthy.com | steven.griffin@ag.tn.gov |
| | clark.hildabrand@ag.tn.gov |
| *Counsel for Defendants* | trenton.meriwether@ag.tn.gov |
| | ryan.henry@ag.tn.gov |
| | brooke.huppenthal@ag.tn.gov |

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2023, the undersigned filed the foregoing document via this Court's electronic filing system, which sent notice of such filing to the following counsel of record:

| COUNSEL OF RECORD | PARTY REPRESENTED |
|---|---|
| Stella Yarbrough<br>Lucas Cameron-Vaughn<br>Jeff Preptit<br>ACLU Foundation of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>Tel.: 615-320-7142<br>syarbrough@aclu-tn.org<br>lucas@aclu-tn.org<br>jpreptit@aclu-tn.org<br><br>Joshua A. Block<br>Chase Strangio<br>American Civil Liberties Union Foundation<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>Tel.: 212-549-2593<br>jblock@aclu.org<br>cstrangio@aclu.org<br><br>Sruti J. Swaminathan<br>Lambda Legal Defense and Education Fund, Inc.<br>120 Wall Street, 19th Floor<br>New York, NY 10005<br>Tel.: 212-809-8585<br>sswaminathan@lambdalegal.org<br><br>Avatara A. Smith-Carrington<br>Lambda Legal Defense and Education Fund, Inc.<br>1776 K Street N.W., 8th Floor<br>Washington DC 20006<br>Tel.: 202-804-6245<br>asmithcarrington@lambdalegal.org | Plaintiffs L.W., Samantha Williams, Brian Williams, John Doe, Jane Doe, James Doe, Ryan Doe, Rebecca Doe, and Susan N. Lacy |

| | |
|---|---|
| Tara Borelli<br>Lambda Legal Defense and Education Fund, Inc.<br>1 West Court Square, Ste. 105<br>Decatur, GA 30030<br>Tel.: 404-897-1880<br>tborelli@lambdalegal.org<br><br>Joseph L. Sorkin<br>Dean L. Chapman, Jr.<br>Kristen W. Chin<br>Richard J. D'Amato<br>Theodore James Salwen<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Tel.: 212-872-1000<br>jsorkin@akingump.com<br>dchapman@akingump.com<br>kristen.chin@akingump.com<br>rdamato@akingump.com<br>jsalwen@akingump.com<br><br>Elizabeth D. Scott<br>Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street, Suite 1800<br>Dallas, TX 75201<br>Tel.: 214-969-2800<br>edscott@akingump.com<br><br>Christopher J. Gessner<br>David Bethea<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Tower<br>2001 K Street N.W.<br>Washington, DC 20006<br>Tel.: 202-887-4000<br>cgessner@akingump.com<br>dbethea@akingump.com | |
| Ellen B. McIntyre<br>U.S. Attorney's Office for the Middle District of Tennessee | Intervenor-Plaintiff United States of America |

| | |
|---|---|
| 719 Church Street, Suite 300<br>Nashville, TN 37203<br>ellen.bowden2@usdoj.gov<br><br>Alyssa C. Lareau<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 305-2994<br>Alyssa.Lareau@usdoj.gov<br><br>Coty Montag<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 305-2222<br>Coty.Montag@usdoj.gov<br><br>Gloria Yi<br>United States Department of Justice<br>Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 616-3975<br>Gloria.Yi@usdoj.gov<br><br>Tamica Daniel<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue NW<br>4CON<br>Washington, DC 20530<br>(202) 598-9636<br>Tamica.Daniel@usdoj.gov | |

*/s/ Steven J. Griffin*
STEVEN J. GRIFFIN (BPR# 40708)
Assistant Attorney General

*Counsel for Defendants*