IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.W. et al., *by and through her parents and next friends, Samantha Williams and Brian Williams* <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN SKRMETTI et al., <br><br> Defendants. | NO. 3:23-cv-00376 <br> JUDGE RICHARDSON |

**<u>ORDER</u>**

On June 28, 2023, the Court issued a Memorandum Opinion (Doc. No. 167, "Memorandum Opinion") and entered an order (Doc. No. 168, "Order") granting in part and denying in part Plaintiffs' motion for a preliminary injunction. The Order enjoined Defendants from enforcing most of the provisions of Senate Bill 1 (hereinafter "SB1" or "the law"), codified at Tenn. Code Ann. § 68-33-101 *et seq*. Just hours later, Defendants filed a Notice of Appeal (Doc. No. 169) and an "Emergency Motion for a Stay of Preliminary Injunction Pending Appeal" (Doc. No. 170, "Motion"). In the Motion, Defendants request that if the Court is to deny the Motion, that it do so "quickly, without waiting for a response from Plaintiffs, so that Defendants can proceed to the Sixth Circuit." (Doc. No. 170). Cognizant of the time-sensitive nature of certain features of this action, and given that the Court's ruling on the instant Motion does not prejudice Plaintiffs, the Court herein exercises its discretion to rule on the instant Motion before the time period for a response from Plaintiffs has expired. For the reasons stated herein, the Motion will be denied.[1]

---

[1] Although the filing of a Notice of Appeal generally strips the district court of jurisdiction with respect to matters involved in the appeal, district courts retain jurisdiction to "grant[], continue, modif[y], refuse[],

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). "It is instead an exercise of judicial discretion, and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation marks omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–434. Four factors govern whether a stay is warranted: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [of the appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See id.* at 434. "Because the state is the moving party, its own potential harm and the public's interest merge into a single factor." *SawariMedia, LLC v. Whitmer*, 963 F.3d 595, 596 (6th Cir. 2020). "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 433. "There is substantial overlap between these and the factors governing preliminary injunctions, []; not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *See id.* (internal citation omitted).

The Court acknowledges that its Memorandum Opinion (Doc. No. 167) does not necessarily dictate the outcome of the instant Motion. Indeed, Defendants could raise (and have raised) in the Motion issues distinct from those resolved by the Court in its Memorandum Opinion.

---

dissolve[], or refuse[] to dissolve or modify an injunction. . .." See Fed. R. Civ. P. 62(d), (a); *Gutierrez v. CogScreen, LLC*, No. 17-cv-2378, 2018 WL 3006121, at *1 (W.D. Tenn. May 4, 2018) (explaining that district courts retain jurisdiction for injunctions even where a notice of appeal has been filed); *Prater v. Commerce Equities Management Co., Inc.*, Civ. Act. No. H-07-2349, 2009 WL 172826, *1 (S.D. Tex. Jan. 22, 2009) ("[A] district court retains jurisdiction to entertain a motion to stay a judgment or order being appealed."). The Court is therefore satisfied that it has jurisdiction to consider the instant Motion, despite the pending appeal overlapping with issues raised by the instant Motion.

However, as for the four-factor test that generally governs whether a stay is warranted, Defendants assert the same arguments (with one exception discussed below) in *support* of the instant Motion as they previously posed in *opposition* to Plaintiffs' motion for a preliminary injunction. Certainly, the Court does not begrudge Defendants for doing so—the issues raised by the instant Motion are substantially identical to those resolved in the Court's Memorandum Opinion. Because Defendants' arguments in support of the four factors listed above are essentially identical to those that they posed in opposition to Plaintiffs' motion for a preliminary injunction, the Court is satisfied that none of the four factors (substantial likelihood of success on the merits, irreparable harm, injury to the other parties, and the public interest) weigh in favor of a stay.

Defendants argue that even where the above-four factors do not weigh in favor of a stay, a stay is nonetheless warranted where a movant has shown that a court's ruling on an injunction poses "serious questions going to the merits." (Doc. No. 170 at 2). In other words, they argue that if there are serious questions going to the merits of Plaintiffs' motion for a preliminary injunction and this Court's ruling thereon, Defendants need not show either that those questions are likely to be resolved on appeal in their favor (*i.e.*, that they have a likelihood of success on appeal) or any of the other above-referenced three factors. Defendants' argument relies on the Sixth Circuit's fairly recent decision in *Antonio v. Garland*, 38 F.4th 524, 526 (6th Cir. 2022). But *Antonio* neither says nor suggests that a stay is warranted where a court's ruling on an injunction poses serious questions on the merits, even where none of the above-four factors favoring a stay. Instead, *Antonio* states that "*even if a movant can demonstrate irreparable harm*, he is still required to show, at a minimum, serious questions going to the merits." *See id.* (emphasis added). Contrary to Defendants' position, *Antonio* does not indicate that a movant meets his or her burden for a stay by showing only that a court's ruling on an injunction to be stayed poses serious questions on the

merits. Therefore, even if the Court's Memorandum Opinion and Order pose serious questions on the merits, Defendants have not met their burden for a stay because none of the four factors favor such a stay.[2]

For the reasons stated herein, the Court in its discretion DENIES the Motion (Doc. No. 170).

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court's finding that a stay is unwarranted should come as no surprise because, even though a stay of a preliminary injunction is never automatically out of the question at the outset, "the grant of a stay of a preliminary injunction pending appeal will almost always be logically inconsistent with a prior finding of irreparable harm that is imminent as required to sustain the same preliminary injunction." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 235 (2d Cir. 1999).