IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

L.W., et al.,                              )
                                           )
      Plaintiffs,                    )
                                           )          NO. 3:23-cv-376
and                                        )
                                           )          JUDGE RICHARDSON
UNITED STATES OF AMERICA,                  )
                                           )
      Plaintiff-Intervenor.          )
                                           )
v.                                         )
                                           )
SKRMETTI, et al.,                          )
                                           )
      Defendants,                    )
                                           )

## ORDER

      Pending is a decision on two petitions (collectively, "Petitions")[1] to the United States

Supreme Court for writs of certiorari to the Sixth Circuit with respect to the Sixth Circuit's

Opinion and Judgment[2] vacating the Court's Order (Doc. No. 168) granting Plaintiff's Motion

for a Preliminary Injunction. (Doc. No. 21). The only pending motion is Plaintiff-Intervenor

United States's Motion for a Preliminary Injunction (Doc. No. 40), the outcome of which could

depend upon the Supreme Court's decision whether to grant the Petitions. The parties have

filed two joint status updates informing the Court that there are no new developments as they

await the Supreme Court's decision. (Doc. No. 189, 190). In the earlier status update, the

---

[1] Notification of the filing of such petitions—one filed by Plaintiffs and one filed by Plaintiff-Intervenor
United States of America—has been filed on the docket of this district court case at Doc. Nos. 187 and
188, respectively.

[2] An informational copy of the Sixth Circuit's Opinion and Judgment has been filed on the docket of this
district court case at Doc. No. 181.

parties stated:

> The Parties agree that Plaintiffs' appellate remedies will be considered finally resolved upon the occurrence of: (1) an order from the Supreme Court of the United States denying the pending [Petitions]; or (2) the publication of an opinion from the Supreme Court of the United States resolving any or all questions presented in the [Petitions].

(Doc. No. 189 at 2).

The Court does not anticipate any additional filings pending resolution of Plaintiffs' appellate remedies and thus finds it appropriate to stay this case pending such resolution. This case is therefore STAYED. The Clerk is DIRECTED to administratively close the case. The parties may move the Court to reopen the case at any time for good cause but should move the Court to reopen the case no later than ten (10) days from either the resolution of such appellate remedies (as defined by the parties as noted above) or the time, if later, that the parties perceive the case to be fully returned to this Court's jurisdiction.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE