IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

L.W., by and through her parents and next          )
friends, Samantha Williams and Brian               )
Williams, ET AL.,                                  )
                                                   )
          Plaintiffs,                              )        NO. 3:23-cv-00376
                                                   )
and                                                )        JUDGE RICHARDSON
                                                   )
UNITED STATES OF AMERICA,                          )
                                                   )
          Plaintiff-Intervenor,                    )
                                                   )
v.                                                 )
                                                   )
JONATHAN SKRMETTI, in his official                 )
capacity as the Tennessee Attorney                 )
General and Reporter, ET AL.,                      )
                                                   )
          Defendants.                              )


**<u>ORDER</u>**

Plaintiffs[1] have filed a notice of voluntary dismissal (Doc. No. 205, "Notice"). The Notice

was filed prior to Defendants filing either an answer or a motion for summary judgment in this

matter. Under Fed. R. Civ. P. 41(a)(1)(A)(i), therefore, the Notice sufficed to dismiss this matter

without any action on the part of the Court.[2] *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct.

---

[1] "Plaintiffs" refers to L.W., by and through her parents and next friends, Samantha Williams and Brian
Williams; Samantha Williams; Brian Williams; John Doe, by and through his parents and next friends, Jane
Doe and James Doe; Jane Doe; James Doe; Ryan Roe, by and through his parent and next friend, Rebecca
Roe; Rebecca Roe; and Susan Lacy, on behalf of herself and her patients.

[2] The Court notes that a district court must have jurisdiction over an action in order to properly acknowledge
as effective a notice of voluntary dismissal that is filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See
McDaniel v. Fifth Third Bank*, 2014 WL 12623670, at *1 (M.D. Fla. Aug. 4, 2014). Regarding jurisdiction
in the context of appeals, the Sixth Circuit has stated that "As a general rule, an effective notice of appeal
divests the district court of jurisdiction over the matter forming the basis for the appeal." *N.L.R.B. v.
Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987). However, "an appeal from an order granting or

690, 694 (2025) ("Since Halliburton had not yet served an answer or moved for summary judgment, Waetzig's dismissal was effective without court action."). The Notice states that dismissal is without prejudice, and thus under Rule 41(a)(1)(B) the dismissal in fact is without prejudice. Accordingly, the Court acknowledges that this action has been **DISMISSED** without prejudice effective as of the time of the filing of the Notice.

The Clerk of the Court is **DIRECTED** to enter judgment pursuant to Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (quoting 9 M. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3-54 (2d ed. 1989)). The appeal in this instance (by Defendant, to the Sixth Circuit) was of the undersigned's grant in part of a motion for a preliminary injunction. (*See* Doc. Nos. 168, 169). (And Plaintiffs' petition to the Supreme Court thereafter sought reversal of the Sixth Circuit's vacatur of that order). Therefore—even if this Court lacks jurisdiction with respect to the preliminary injunction until the case returns to this Court from the higher courts with respect to the preliminary injunction—the Court need not wait to acknowledge the dismissal of this action, because this Court was never divested of its jurisdiction to proceed with this action on the merits.